

New Jersey Office
1 University Plaza
Suite 119
Hackensack, NJ 07601

New York Office
150 Broadway
Suite 900
New York, NY 10038

Avram E. Frisch Esq. – Admitted in NY and NJ.  Mail to NJ address.

May 29, 2025

Hon. Margaret M Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007

**<u>Via Electronic Filing</u>**

  Re: King Range v. Flemington Estates et al. 1:25-cv-02633-MMG

Dear Judge Garnett:

  Pursuant to Your Honor's Order of April 2, 2025 the positions of Plaintiff, King Range, Jr., defendant Flemington Estates, and defendant Frankie Shop, LLC (collectively the Parties) are set forth below.

1. **Settlement**.

  The Parties have not settled this action.

<u>Defendants' Position</u>.

  Defendants seek a referral to the Magistrate Judge for a settlement conference.

<u>Plaintiff's Position</u>

  Plaintiff is amenable to a referral to this District's Mediation Program provided that the mediation occur after the Parties' exchange document discovery and Plaintiff's architectural accessibility expert conducts an inspection of the subject premises. To provide for the orderly conduct of the discovery necessary for the Parties to engage in informed discussions, Plaintiff seeks an initial status conference with the Court.

2. **Motion to Dismiss.**

  Both Defendants are planning to file motions to dismiss the complaint. As such, the Defendants' request a briefing schedule for such motions.

3. **Initial Status Conference.**

  All Parties respectfully ask the Court to schedule an initial status conference.

4. **Other.**

<u>Defendants' Position</u>.

Margaret M Garnett

Counsel for all Defendants join in this position statement. This letter is being sent pursuant to the Court's order of April 2, 2025. Pursuant to that order, the parties set up a meeting to meet and confer about the issues raised in the order. Initially, the parties agreed to meet on May 6, 2025, and the Defendants were present on the call, but Plaintiff's counsel forgot about the call and did not call in. The parties rescheduled for another call on May 8, 2025 and this call went forward.

During the meet and confer, counsel for both defendants raised serious issues with the Plaintiff's case, and informed the Plaintiff that any settlement would be for small sums, as the Defendants had recently been sued for this very same store, and had just recently settled the matter. The Plaintiff's counsel indicated that he was not ready at that time to discuss any potential physical modifications to the property or financial terms. He also was unable to advise whether his client would be agreeable to scheduling a settlement conference, though both defendants indicated a willingness to participate in a settlement conference with a Magistrate Judge.

On May 14, 2025, Mr. Hanski emailed a settlement proposal that was rejected by all defendants as unreasonable. The Defendants also notified Mr. Hanski that video evidence existed proving that Mr. Range never visited the store on the date alleged in the complaint and demanded that he withdraw the complaint. Mr. Hanski, failed to respond in a timely manner in regard to scheduling a settlement conference in this matter.

The Defendants followed up with Mr. Hanski on May 22 and May 26, noting that at that point, this letter was late and that the parties needed to inform the Court of the status of the matter. This morning, Mr. Hanski finally responded that the Plaintiff would not be interested in mediating the dispute prior to conducting discovery.

<u>Plaintiff's Position</u>

Defendants' statements as to the Parties' meet and confer and the timing of this letter are untrue. Defendants' attacks on Plaintiff and his counsel are unprofessional and sad to say, childish.

Plaintiff complied with each item in this Court's April 2, 2025, including the requirement to notify opposing parties of the Order and providing them with a copy of this Court's Individual Rules and Practices and filing proof of such service to the docket for this case. *See* Affirmation of Service dated April 18, 2025, Dkt No. 9.

Plaintiff requested that Defendants meet and confer as required, and ultimately a conference call was scheduled for May 6, 2025 at 2pm. Due to an issue with the Plaintiff counsel for Plaintiff, Adam Hanski's reminder set for the call, Plaintiff did not call in at 2:00 pm. Thirty minutes later, at 2:30 pm, Plaintiff realized the call was missed and immediately contacted Defendants as follows: "Apologies – my tickler/alarm for this did not go off. I can meet at a different time that is convenient for defendants -- anytime today or tomorrow after 12pm".

On May 8, 2025 the Parties conferred as required by the April 2, 2025 Order. During the call Plaintiff advised Defendants that he required them to remediate their retail premises to comply with the ADA Standards for Accessible Design; specifically advising that they needed to install a permanent ramp. Defendants would not agree to remediate their retail premises.



Margaret M Garnett

      Thereafter, Plaintiff transmitted a settlement demand to Defendants. Defendants, however, refused to engage in good faith settlement discussions. On May 22, 2025 Defendant Flemington Estates sent an email rabidly attacking Plaintiff and his counsel, and without any substance as to the requirements of this case or the Court's April 2 Order. On Memorial Day, May 26, 2025 Defendants emailed Plaintiff for his position on a settlement conference. On May 28, 2025 at 10:18 a.m. Plaintiff advised Defendants that he was agreeable to mediation after document discovery and an inspection of the premises by his accessibility expert.  At 3:16 pm Defendants provided a draft letter containing their attacks on Plaintiff and his counsel. Plaintiff revised Defendants letter to comply with the requirements of the Court's April 2 Order .

****

      Very truly yours,

      *Avram E. Frisch*

      Avram E. Frisch