**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KING RANGE, JR.,
Plaintiff,
v.
FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC,
Defendants.

Civil Action No.
1:25-cv-02633-MMG

---

**MEMORANDUM OF LAW OF DEFENDANT FLEMINGTON ESTATES LLC**

---

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**
*Attorneys for Defendant, Flemington Estates LLC*

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com

# Table of Contents

Preliminary Statement .................................................... 1

Facts ....................................................................... 2

Allegations of Accessibility Issues ................................. 3

Claims of Renovations and Modifications .................... 4

Standing and Specific Claims ....................................... 5

Video Evidence Disproving Claims ................................ 6

Legal Argument .......................................................... 7

Lack of Specificity in Plaintiff's Allegations .................... 8

Failure to Establish Standing ....................................... 9

Economic Feasibility and Readily Achievable Modifications .............. 10

Conclusion ................................................................ 11

## Table of Authorities

**Table of Authorities**

**Cases**

- Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .................................................. 3
- Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................. 3
- Sookul v. Fresh Clean Threads, Inc., 754 F. Supp. 3d 395 (S.D.N.Y. 2024) .................................................. 4
- Cortlandt St. Recovery Corp. v. Hellas Telecomms., 790 F.3d 411 (2d Cir. 2015) .................................................. 4
- Lujan v. Defs. of Wildlife, 504 U.S. 555 (1992) .................................................. 4
- Shain v. Ellison, 356 F.3d 211 (2d Cir. 2004) .................................................. 4
- City of Los Angeles v. Lyons, 461 U.S. 95 (1983) .................................................. 4
- ACLU v. Clapper, 785 F.3d 787 (2d Cir. 2015) .................................................. 4
- Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013) .................................................. 4
- Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68 (2d Cir. 2022) .................................................. 4
- Kreisler v. Second Ave. Diner Corp., 731 F.3d 184 (2d Cir. 2013) .................................................. 4
- Mendez v. Apple Inc., 2019 U.S. Dist. LEXIS 110640 (S.D.N.Y. Mar. 28, 2019) .................................................. 5
- Hashimi v. CLMO, LLC, No. 20-CV-1073 (DG), 2021 U.S. Dist. LEXIS 134540 (E.D.N.Y. July 19, 2021) .................................................. 6
- Harty v. Spring Valley Marketplace LLC, No. 15-CV-8190 (NSR), 2017 U.S. Dist. LEXIS 3418 (S.D.N.Y. Jan. 9, 2017) .................................................. 6
- Taylor v. Sturgell, 553 U.S. 880 (2008) .................................................. 7
- Richards v. Jefferson Cty., 517 U.S. 793 (1996) .................................................. 7

**Statutes**

- Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. .................................................. 6
- 42 U.S.C. § 12181(9) .................................................. 6

**Rules**

- Federal Rule of Civil Procedure 12(b)(6) .................................................. 3

**PRELIMINARY STATEMENT**

The Plaintiff is a serial filer of claims alleging discrimination against individuals with disabilities. Shortly after a prior action against these defendants was settled with minor improvements promised, the Plaintiff decided to file a virtually identical claim as that alleged in the prior action. The Plaintiff alleges that he was present at the Frankie Shop clothing store on one occasion, and seeing that it had no ramp, he made no effort to obtain access to the store, and instead brought this suit. Furthermore, the Plaintiff's formulaic complaint provides almost no detail about his desire to shop at the store and mimics similar complaints that he has filed over the past several years in this District.

Moreover, the Plaintiff sets forth no basis for his claim that there is a workable physical solution to adding a ramp to the store, or that the store was ever renovated in such a way as to require any ADA requirements.

Finally, Co-Defendant Frankie Shop has video of its entrance from the day Mr. Range allegedly sought access. After review of that tape, it is clear that no one who appeared to be in a wheelchair or otherwise unable to climb the single step into the store approached the entrance.

**FACTS**

Plaintiff alleges that he is a wheelchair bound individual. Compl. ¶1. Without any basis, he alleges that the Defendants jointly "created, and now maintain, a wheelchair inaccessible place of public accommodation." Id. ¶2. Plaintiff sets forth no basis for how he concluded that the store is wheelchair inaccessible. He does not allege that he attempted to get access, determine if he could get the attention of anyone in the store to deploy a temporary ramp, which the Frankie Shop possessed on the day of his alleged visit. Similarly, the Plaintiff sets forth no basis for his assertion that the Defendants "created" the current setup or that any significant renovations to the location

1

have ever been made.

The Plaintiff generally alleges that changes have been made since January 23, 1992, but fail to set forth any such changes with any specificity. See id. at ¶30-32. While the Plaintiff alleges a laundry list of violations, id. at ¶38, it fails to set forth any factual basis for the allegation that any such modification is feasible or otherwise required under the applicable regulations.

As to the allegations that allegedly establish the Plaintiff's standing, he claims to have visited the shop on February 10, 2025 along with alleging generally that he "desired to enter the Frankie Shop and shop for clothing multiple times in the last few years." Id. at ¶45. The claim as to February 10, 2025 is simply false and disproven by 8 hours of video footage that the Frankie Shop maintained during its entire operating day on February 10, 2025. *See Hong Decl. in Support of Frankie Shop.* He claims to have had his interest piqued by the clothing displayed in window displays. Compl. At ¶49-53. He further claims that he cannot purchase clothing online without seeing it in person, and that he visits the lower east side of Manhattan approximately 3 times a year to shop in various stores. Id. at ¶55-63.

Plaintiff does not allege that he has ever contacted the Frankie Shop or taken any step to determine if they could provide him access to their storefront. He simply alleges that because he saw a step, he could not access the store. Id. at ¶61-66. Plaintiff fails to allege any factual basis for its assertions that the Defendants are intentionally discriminating, or that its desire for a ramp is economically feasible or readily achievable. The Plaintiff simply asserts that renovations were performed and that some readily achievable modification was not performed. Id. at ¶81-89.

## ARGUMENT

A. STANDARD ON MOTION TO DISMISS

### a. Failure to State a Claim

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

In applying this standard, the Court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 555). Although the Court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

Under these standards, Plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff also lacks standing and the complaint must be dismissed under R. 12(b)(1).

### b. Standing

"A district court must dismiss a claim under Rule 12(b)(1) if a plaintiff fails to allege facts sufficient to establish standing under Article III of the Constitution." *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 400 (S.D.N.Y. 2024) citing *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife, 504 U.S. 555, 561,*

3

112 S. Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992). "In order to meet the constitutional minimum of standing to seek injunctive relief, Shain must carry the burden of establishing that 'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983). The Supreme Court has 'repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient.'" ACLU v. Clapper, 785 F.3d 787, 800 (2d Cir. 2015) quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147, 185 L.Ed.2d 264, 275 (2013).

"In the ADA context, we have held that a plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location.'" Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022) quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187 (2d Cir. 2013).

As set forth in the accompanying Declaration of Avram E. Frisch, the Plaintiff cannot factually meet its standing burden under the case law as he cannot demonstrate that he was ever at the store. The one time he claimed to have sought to enter the store is simply false and defeated by a review of lengthy video footage of the doorway of the Frankie Shop maintained by Frankie Shop's security system. Similarly, the Plaintiff fails to set forth any details about where he lives, why he would be shopping specifically at the Frankie Shop, or the likelihood of future visits to the store. It is simply a boilerplate assertion that he visits the neighborhood several times a year

4

(without any information as to his home residence, means of transportation, or true likelihood of purchasing from the store), it is simply insufficient to carry his burden in this action, especially in light of the substantial injunctive relief being sought. *See Calcano, supra*, at 76-78.

The Plaintiff fails to set forth any basis on which to conclude that the store in fact was not able to accommodate him. He never attempted to enter, never made a phone call or otherwise tried to communicate with store personnel to determine if they could in fact accommodate his disability, which they would have been prepared to do by means of a portable temporary ramp. Finally, Mr. Range fails to set forth any basis for his claim that a renovation occurred or that the Defendants failed to implement a readily achievable solution, as will be discussed in the next section.

"Plaintiff's New York State and City claims are governed by the same standing requirements as the ADA." Mendez v. Apple Inc., 2019 U.S. Dist. LEXIS 110640, at *9 (S.D.N.Y. Mar. 28, 2019). Therefore, the entire complaint must be dismissed on standing grounds.

B. **Plaintiff's Complaint Fails to Set Forth a Cause of Action**

Plaintiff fails to set forth facts to justify two elements of the cause of action under the ADA and the related state law causes of action. As set forth above, it is Plaintiff's obligation to set forth the facts that if proven would justify judgment being entered in Plaintiff's favor. As an initial matter, the Defendants had been sued by another serial ADA plaintiff for the same single step in the fall of 2024 and were working to resolve the matter by the time the Plaintiff allegedly visited the store. *See Frisch Decl. Exh. A* – Redacted Settlement Agreement. Plaintiff cannot demonstrate that the Defendants were avoiding their responsibilities or were intentionally discriminating against the disabled when they were working closely with another experienced Plaintiff's counsel to fashion an appropriate remedy.

This Plaintiff cannot demonstrate that it is "it was reasonable to infer that the

5

discriminatory treatment would continue." *Calcano* at 74.  Simply put, the Defendants entered into a binding settlement agreement prior to the commencement of the action that required them to evaluate the feasibility of a permanent ramp, provide a temporary ramp and adequate signage and a bell to allow disabled customers know that they can obtain assistance in entering the store.

The ADA also only requires removal of barriers where such removal is "readily achievable." 42 U.S.C.S. § 12182.  "Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." Hashimi v. CLMO, LLC, No. 20-CV-1073 (DG), 2021 U.S. Dist. LEXIS 134540, at *6 (E.D.N.Y. July 19, 2021) quoting  42 U.S.C. § 12181(9).  Plaintiff fails to set forth any factual bases for the allegation that the Defendants failed to make any readily achievable modification to the store.  In fact, they allege that a permanent ramp is a solution to the stair, but have provided no factual basis to conclude that such a ramp is in any way achievable, let alone readily.  Plaintiff has not apparently done any work to determine whether a ramp can be fit into the space, the cost of such a ramp, and whether the City of New York would permit a ramp to jut into a public sidewalk (or any harms from such a ramp to the flow of pedestrian traffic).

Plaintiff also fails to allege any concrete facts that the entrance of the store has been modified in any respect since the passage of the ADA.  This is an existing building that has not had any modifications to its entryway.  Plaintiff only alleges broadly that modifications have occurred, but fails to set forth any factual basis for this claim.

### C. PERMITTING SUCCESSIVE ADA SUITS FOR THE SAME CLAIMS IN SUCH A SHORT PERIOD OF TIME VIOLATES THE DEFENDANTS' DUE PROCESS RIGHTS

This action was filed shortly after the dismissal of a case by another Plaintiff for the same essential claimed violations.  The fact is that the Defendants were in the process of implementing

the agreed modifications with the prior Plaintiff, Altuane Brown, when this suit was filed and served. The fact that a second Plaintiff can review PACER dockets and look for settled cases to bring a copycat case is both unfair, but raises significant due process issues. Congress has chosen to make "private enforcement suits are the primary method of obtaining compliance with the Act." Harty v. Spring Valley Marketplace LLC, No. 15-CV-8190 (NSR), 2017 U.S. Dist. LEXIS 3418, at *15 (S.D.N.Y. Jan. 9, 2017) (internal quotation marks omitted).

ADA suits are already fraught with abuse. Permitting serial Plaintiffs to simply scour the online court dockets to find cases that have recently been settled to bring identical suits simply does not comport with notions of ordered liberty that underlie the due process clause. The Court should be mindful that the prior action was in the process of being settled by the time Mr. Range allegedly visited Frankie Shop on February 10, 2025. The parties reported to the Court in that action that they had reached a settlement in principal on January 31, 2025 and correspondence to that effect was posted on the docket. *See Brown v. Frankie Shop et al. 1:24-cv-05688* at ECF #23-24. There seems to be little doubt that Plaintiff or its counsel sought a case that had just been settled so that they could make a claim before any modifications were made to the store and that the timing of Mr. Range's visit does not justify any claim of a new violation as it is literally at the same time that the parties were finalizing their settlement.

Public policy also counsels against permitting this sort of successive action. Defendants will be afraid to settle as it will indicate to the vultures that they are willing to capitulate in these cases. This will delay reasonable resolution of ADA cases while enriching the Plaintiff's bar well beyond anything Congress ever intended (as is the request here of the Plaintiff).

### D. RANGE IS IN PRIVITY WITH ALTUANE BROWN

Plaintiff does not appear to be working with Altuane Brown, the Plaintiff in the prior

7

action. Yet, there is a basis to bind Plaintiff to the results of the prior litigation. "[I]n certain limited circumstances," a nonparty may be bound by a judgment because she was "adequately represented by someone with the same interests who [wa]s a party" to the suit. Taylor v. Sturgell, 553 U.S. 880, 894, 128 S. Ct. 2161, 2172, 171 L.Ed.2d 155, 169 (2008) quoting Richards v. Jefferson Cty., 517 U.S. 793, 798, 116 S. Ct. 1761, 1766, 135 L.Ed.2d 76, 84 (1996).  Mr. Brown brought a suit seeking injunctive relief and state law claims related to the precise step at issue in the action. The Defendants were the same parties. Mr. Brown was vindicating the rights of the disabled public to enter a place of public accommodation without discrimination. Both Plaintiffs act as testers and are serial plaintiffs in ADA cases. They are both attempting to vindicate the rights of the general public. The ADA is the type of public relief action that the Supreme Court has permitted non-parties to be bound by the outcome of other parties. *Richards, supra, 517 U.S. at 803*.

## CONCLUSION

For all of the above-mentioned reasons[1], Landlord Defendant respectfully request that the Court grant its motion to dismiss the Complaint.

Dated: Hackensack, New Jersey
June 9, 2025

                                                       **THE LAW OFFICE OF AVRAM E. FRISCH LLC**
                                                       *Attorneys for Defendant Flemington Estates, LLC*

By: _____
      Avram E. Frisch, Esq.
      1 University Plaza, Suite 119
      Hackensack, NJ 07601

---

[1] Flemington Estates also adopts by reference all arguments made by Frankie Shop in its motion to dismiss by reference.

8

                                                    201-289-5352
                                                    frischa@avifrischlaw.com

Case 1:25-cv-02633-MMG    Document 15    Filed 06/18/25    Page 12 of 12