UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )
KING RANGE, JR., )
                    Plaintiff, )
                 -against- )  Civil Action No. 1:25-cv-02633-MMG
FLEMINGTON ESTATES LLC, and FRANKIE SHOP, LLC, )
)  **DECLARATION OF JONATHAN HONG**
                  Defendants. )
)
)
)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

I, Jonathan S. Hong, hereby declare and state:

1. I am an attorney licensed to practice in the State of New York and in this District and am an Attorney at Dentons US LLP, counsel in this action for Defendant Frankie Shop, LLC ("Movant"). I submit this declaration to place certain information before the Court.

2. Plaintiff claims to be an individual with a disability that requires a wheelchair for mobility. Compl. ¶ 1. In their Complaint, Plaintiff claims violations of the Americans with Disabilities Act, the New York Human Rights Law, the New York City Civil Rights Law, and the New York City Human Rights law based on their desire to visit The Frankie Shop's store located at 100 Stanton Street, New York, NY ("Store"). Compl. ¶ 5.

3. Plaintiff alleges that numerous architectural barriers exist at the Store that prevent and restrict Plaintiff's from accessing the Store as a person with a disability. Compl, ¶ 28. Plaintiff

allegedly has desired to enter the Store multiple times in the last few years, "including on February 10, 2025". Compl. ¶ 45.

4. My client has advised that on February 10, 2025 no individual in a wheelchair approached or passed by the Store.

5. I personally reviewed over eight hours of the Store's video footage from February 10, 2025.

6. The eight hours of video footage I reviewed, captured the entire period that the Store was open on February 10, 2025.

7. At no point during the eight hours of footage, was Plaintiff or anyone in a wheelchair seen at, or anywhere near, the Store.

8. The video footage captured the Store's door, adjoining sidewalk, street, and opposite sidewalk.

9. The video footage showed multiple staff members working throughout the eight hours, who assisted customers and monitored the Store.

10. Defendant has a temporary ramp available to assist individuals in wheelchairs with accessing the Store, and it was available during the time Plaintiff claims to have desired to visit the Store.

11. At no point, did Plaintiff attempt to contact Movant, or any of its representatives, including Store employees, regarding wheelchair access to the Store.

12. Defendant has sent the video to the court and opposing counsel via secure transfer as Exhibit A to this Declaration.

> I declare under penalty of perjury that the foregoing is true and correct. Executed on June 20, 2025.

                                          *Jonathan Hong*
                                          Jonathan S. Hong