UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
KING RANGE, JR.,

                                    Plaintiff,                                    1:25-cv-2633

          v.
                                                                FIRST AMENDED
FLEMINGTON ESTATES LLC and FRANKIE                              COMPLAINT
SHOP, LLC,
                                                                JURY TRIAL REQUESTED
                                    Defendants.
--------------------------------------------------------x

## **COMPLAINT**

Pursuant to Rule 15 of the Federal Rules Civil Procedure, King Range, Jr.

("Plaintiff"), by counsel, Hanski Partners LLC, as and for the First Amended Complaint

("Complaint") in this action against Flemington Estates LLC ("Landlord Defendant") and

Frankie Shop, LLC (also referred to as "("Tenant Defendant" and together with Landlord

Defendant, "Defendants") hereby alleges upon information and belief as follows:

## **INTRODUCTION**

1.       Plaintiff, an individual with a disability who requires a wheelchair for

mobility, filedfiles this actionComplaint to stop Defendants' ongoingDefendants from

continuing their disability discrimination against him and other disabled individuals..

2.       Defendants created, and now maintain, a wheelchair inaccessible place of

public accommodation: the clothing store known as The Frankie Shop located at on the

ground floor of 100 Stanton Street, New York, NY.New York known as The Frankie

Shop ("The Frankie Shop").

3.       As The Frankie Shop is not wheelchair accessible, Defendants deny

Plaintiff the opportunity to patronize their place of public accommodation due to

disability.

3.    ~~For example, the~~ architectural features which function as physical barriers ~~Defendants maintain at the~~ to individuals that use wheelchairs for mobility ("architectural access barriers").

4.    The architectural access barriers Defendants created and maintain at The Frankie Shop denied, and continue to deny, Plaintiff, based on disability, full and equal enjoyment of The Frankie Shop's goods, services, facilities, privileges, advantages, and accommodations ("equivalent access").

5.    There is a step at The Frankie Shop's public entrance:



The Frankie Shop, 100 Stanton Street NY, NY 10003

6.    The step at the public entrance ~~include a step which~~ is one of the architectural access barriers at The Frankie Shop.

7.    The step represents a change in level of approximately 5 inches between the public sidewalk and the floor of The Frankie Shop

4.8.    The step Defendants maintain at the public entrance is an architectural access barrier that denies Plaintiff ~~entry~~the the opportunity to even enter The Frankie Shop due to his use of a wheelchair for mobility~~.~~.



9.      By maintaining the step at The Frankie Shop's public entrance Defendants denied and continue to deny Plaintff equivalent access to The Frankie Shop.

10.     Defendants maintained and continue to maintain architectural access barriers at The Frankie Shop, in addition to the step at the public entrance, which deny Plaintiff equivalent access to The Frankie Shop.

~~5.~~11.    By maintaining architectural access barriers to wheelchair access at The Frankie Shop, Defendants discriminate against Plaintiff in violation of the laws that prohibit discrimination due to disability; specifically, Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law; the New York Civil Rights Law ("CRL"), § 40 *et seq;* and the New York City

Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York. ("Administrative Code").

12.     As Defendants maintain the architectural access barriers fully aware that by doing so they violate Plaintiff's rights under the ADA, NYSHLR NYSHRL, CRL, and NYCHRL (collectively, the "Human Rights Laws"). ").

13.     Defendants' decision stems from their discriminatory belief that that the disabled do not deserve any access (let alone equivalent access) to The Frankie Shop.

14.     The step Defendants maintain at The Frankie Shop's public entrance evidences their purposeful violation of the Human Rights Laws, and their utter disregard of Plaintiff's rights, as an individual protected by these laws.

15.     After all a step at an entrance is an obvious architectural access barrier.

16.     As courts have acknowledged, that certain architectural access barriers deny individuals with disabilities equivalent access is a fact "basically so intuitive and obvious … it would be hard to believe that noncompliance with [the legal requirements that prohibit such architectural access barriers] … could be other than intentional" *See Gunther v. Lin*, 144 Cal. App. 4th 223, 228, 50 Cal. Rptr. 3d 317, 321 (2006), *overruled on other grounds by Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 208 P.3d 623 (2009).

17.     By this action Plaintiff acts to have Defendants enjoined to make The Frankie Shop, a place of public accommodation, readily accessible to and usable by Plaintiff, as a disabled individual that uses a wheelchair, so that Plaintiff can finally equivalent access to The Frankie Shop

6.18.    Plaintiff therefore seeks declaratory, injunctive, and equitable relief to redress Defendants' unlawful disability discrimination against him in violation of ~~these laws~~the Human Rights Laws.

7.    Plaintiff also seeks monetary damages under the NYSHRL and NYCHRL, and statutory civil penalties under the CRL due to Defendants' unlawful disability discrimination against him. ~~Plaintiff seeks also seeks attorney's~~, as well as attorneys' fees, costs, and expenses under the ADA and NYCHRL.

~~8.    Defendants own, lease, lease to, operate, and control The Frankie Shop, a place of public accommodation through which they violate the Human Rights Laws.~~

~~9.~~1.    ~~Defendants are directly liable to Plaintiff for their acts and omissions alleged herein.~~

~~10.    Defendants are vicariously liable to Plaintiff to the extent the acts and omissions alleged herein are those of Defendants' employees and agents~~

~~11.    Defendants chose to ignore the explicit legal requirements which obligated them to make their place of public accommodation, The Frankie Shop, physically accessible to individuals with disabilities, including those that require wheelchairs for mobility.~~

~~12.    Defendants' decision stemmed from their discriminatory belief that that the disabled do not deserve to be patrons of their place of public accommodation.~~

~~13.~~19.  ~~By this action Plaintiff seeks to correct Defendants' discriminatory harm. Plaintiff acts to have Defendants enjoined to make their place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to nondisabled customers.~~

**JURISDICTION AND VENUE**

~~14.~~1.   This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

~~15.~~2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

~~PARTIES~~

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

*The Parties*

~~16.~~3.   Plaintiff is a resident of the State and City of New York.

~~17.~~4.   Plaintiff suffers from a congenital condition that inhibits his ability to walk and restricts his range of motion and movement.

~~18.~~5.   Due to his medical condition, Plaintiff uses a wheelchair for mobility.

~~19.~~6.   Landlord Defendant does business in New York, including at 100 Stanton Street in New York County.

~~20.~~7.   Pursuant to a deed dated October 27, 1995, Landlord Defendant owns the parcel of real property ~~located at~~in the borough of Manhattan and the building thereon with a street address of 100 - 104 Stanton Street, New York, NY, 10002 ("100 Stanton Street").

6

21.    On or about December 1, 2008, Landlord Defendant leased space on the ground floor of 100 Stanton Street (the "Demised Premises") to Tenant Defendant's predecessor in interest pursuant to a written lease agreement.

22.    During the 2015 calendar year, Tenant Defendant's predecessor in interest assigned all of its right, title and interest as lessee of the Demised Premises to Tenant Defendant, and Tenant Defendant assumed all of the obligations of its predecessor in interest under the lease agreement for the Demised Premises.

23.    Pursuant to the lease agreement, the Demised Premises were let for use and occupancy as a retail clothing store.

24.8.    Tenant Defendant does business in New York, including at 100 Stanton Street in New York County.

9.    Landlord Defendant and Tenant Defendant have a written lease agreement which provides for the use and occupancy of the leased space as a clothing store.

25.    Tenant Defendant owns and operates a clothing store known as The Frankie Shop at the Demised Premises ("The Frankie Shop").

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26.10.    Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, The Frankie Shopin the space it leases from Landlord Defendant at 100 Stanton Street, within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; the NYSHRL, Executive Law § 292(9); and the NYCHRL, Administrative Code § 8-102..

27.11.    The Frankie Shop,As a clothing store, operated by private entities whose operations affect commerce, The Frankie Shop is a place of public accommodation

7

within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R. § 36.104); the

NYSHRL, Executive Law § 292(9); and the NYCHRL, Administrative Code § 8-102 ~~as~~

~~it is a clothing store operated by private entities whose operations affect commerce~~.

12.    Each of the Defendants is a public accommodation as they own, lease,

lease to, control, or operate a place of public accommodation, The Frankie Shop located

at 100 Stanton Street, within the meaning of the ADA, 42 U.S.C. § 12181 and 28 C.F.R.

§ 36.104; the NYSHRL, Executive Law § 292(9); and the NYCHRL, Administrative

Code § 8-102.

13.    Defendants, through their ownership, operations, control, and lease of The

Frankie Shop, violate Plaintiff's rights under the Human Rights Laws to equivalent

access.

14.    Defendants are directly liable to Plaintiff for their acts and omissions

alleged herein.

15.    Defendants are vicariously liable to Plaintiff to the extent the acts and

omissions alleged herein are those of Defendants' employees and agents.

***The Frankie Shop***

16.    On or about December 1, 2008, Landlord Defendant leased space on the

ground floor of 100 Stanton Street (known as Store #2) to Tenant Defendant's

predecessor in interest pursuant to a written lease agreement ("the Original Premises").

17.    Pursuant to the December 1, 2008 lease agreement, the Original Premises

was let for use and occupancy as a retail clothing store.

18.    During the 2015 calendar year, Tenant Defendant's predecessor-in-interest

assigned all of its right, title and interest in the Original Premises to Tenant Defendant,

and Tenant Defendant assumed all of the obligations of its predecessor in interest under the lease agreement for the Original Premises.

19.    In or around the 2023 calendar year, Landlord Defendant leased additional space on the ground floor of 100 Stanton Street (known as Store #3) to Tenant Defendant (the "Expansion Premises").

20.    Thereafter Defendants remodeled and renovated the Original Premises and Expansion Premises combining them into one retail space.

21.    The Frankie Shop is located in the renovated retail space Defendants created by combining two separate spaces, the Original Premises and Expansion Premises.

~~28.~~22.  Numerous architectural access barriers ~~exist~~ at The Frankie Shop ~~that~~ prevent and restrict ~~Plaintiff from accessing~~Plaintiff's access to The Frankie Shop as a person with a disability~~.~~, thereby denying him equivalent access.

23.    The architectural access barriers at The Frankie Shop include ~~architectural~~ barriers at ~~its~~the public entrance which deny Plaintiff the opportunity to enter The Frankie Shop~~.~~

***100 Stanton Street***

24.    100 Stanton Street is located on the northern side of Stanton Street on the land parcel at the northwestern corner of Stanton Street and Ludlow Street.

25.    100 Stanton Street has approximately 77 feet of frontage along Stanton Street and approximately 25 feet of frontage along Ludlow Street.

26.    The public sidewalk that adjoins 100 Stanton Street along Stanton Street is approximately 13 feet wide, measured from the building line to the curb.

27.     The change in level between the public sidewalk and the floor of The Frankie Shop is approximately 5 inches.

28.     There is sufficient space on the public sidewalk adjoining 100 Stanton Street to install a permanent ramp to eliminate the step and other architectural access barriers at the public entrance to The Frankie Shop.

29.     Neither of the Defendants have applied to the City of New York for permission to install a permanent ramp at The Frankie Shop's public entrance.

30.     There is sufficient space on the public sidewalk adjoining 100 Stanton Street to install a platform lift to eliminate the step and other architectural access barriers at the public entrance to The Frankie Shop.

31.     Neither of the Defendants have applied to the City of New York for permission to install a platform lift at The Frankie Shop's public entrance.

***Defendants Offer Unequal Access to The Frankie Shop***

32.     Defendants refuse to remediate the architectural access barriers to provide equivalent access to The Frankie Shop.

33.     Instead of providing equivalent access, Defendants demand that Plaintiff, as a disabled wheelchair user, accept incomplete and inferior access (contingent on some indeterminate form of assistance) to the Frankie Shop's goods, services, facilities, privileges, advantages, and accommodations ("unequal access").

29.34.  Specifically, Defendants demand that Plaintiff, as a disabled wheelchair user, request assistance from the public sidewalk adjoining 100 Stanton Streetoutside the The Frankie Shop if he desires The Frankie Shop's products.

35.     Defendants do so by means of an approximately, 6" x 6" square sign on one of the storefront windows setback within the recessed area of The Frankie Shop's public entrance.

36.     The sign, shown below, states:



37.     The sign provides no information as to wheelchair access into The Frankie Shop.

38.     The sign does not direct Plaintiff to a wheelchair accessible entrance, nor does it indicate the availability of a ramp of any sort, or any other means of wheelchair access to The Frankie Shop.

39.     The sign merely states "PLEASE RING BELL FOR ASSISTANCE" without providing any clue as to what assistance will be offered.

40.     Defendants' signage publicizes their refusal to provide equivalent access to The Frankie Shop and boldly shows Defendants' disdain for Plaintiff's right to under the Human Rights Laws to equivalent access.

41.     Defendants' sign informs Plaintiff that in violation of the Human Rights Laws Defendants will only provide Plaintiff unequal access to The Frankie Shop.

***Defendants Performed* Alterations to ~~the~~ *The Frankie Shop* ~~and the Demised~~**

**~~Premises~~**

30.42.  Defendants made physical changes to the ~~Demised Premises~~Frankie Shop

and to adjoining areas of 100 Stanton Street ~~that adjoin the Demised Premises~~ which

affected or could have affected the usability of ~~the Demised Premises~~The Frankie Shop

or a part thereof after January 23, 1992.

31.43.  Physical changes were also made to 100 Stanton Street and areas at its

exterior which affected or could have affected the usability of ~~the Demised Premises~~The

Frankie Shop or part thereof after January 23, 1992.

44.      Tenant Defendant admits that physical changes that affected or could have

affected the usability of The Frankie Shop were performed as it states on its website that

The Frankie Shop has "been renovated to revamp & extend the space". *The Frankie*

*Shop: 100 Stanton Street 10002 New York*, https://thefrankieshop.com/pages/the-frankie-

shop-100-stanton-street-10002-new-york (last visited July 10, 2025).

45.      As The Frankie Shop did not use and occupy space at 100 Stanton Street

until around the 2015 calendar year the renovations "to revamp & extend the space"

occurred long after January 26, 1992.

46.      These physical changes Defendants performed include the physical

renovation of ~~the Demised Premises'~~The Frankie Shop's storefront, public entrance, and

areas within ~~the Demised~~The Frankie Shop.

32.47.  These physical changes also include the physical combination of the

Original Premises~~.~~ and Expansion Premises, two separately demised retail spaces, into

The Frankie Shop space, and include the renovation and remodeling of the Original

Premises and Expansion Premises' interior spaces and changes to their storefronts and their public entrances.

33.48.  The services, features, elements and spaces of the The Frankie Shop premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (the "1991 Standards" or the "1991 ADA") or the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (the "2010 Standards" or the "2010 ADA").

34.49.  Defendants failed to design, construct, or alter The Frankie Shop in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"); the 2008 New York City Building Code ("2008 BC") inclusive of the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"); the 2014 New York City Building Code ("2014 BC") inclusive of the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std"); and the 2022 New York City Building Code ("2022 BC") inclusive of the 2022 BC Reference Standard ICC/ANSI 117.1 2009 ("2022 Ref Std").

50.     By creating Due to the architectural access barriers, The Frankie Shop's services, features, elements, and spaces are not readily accessible to, or usable by, Plaintiff, as an individual with a wheelchair inaccessible place of public accommodation in violation ofdisability as required by the above-mentioned laws, including but not limited to the 1991 Standards, the 2010 Standards and the architectural access provisions of the Administrative Code.

51.      By creating and maintaining The Frankie Shop with architectural access barriers in violation of the above-mentioned laws, including but not limited to the 1991 Standards, the 2010 Standards and the architectural access provisions of the Administrative Code, Defendants have denied Plaintiff the opportunity to enter ~~and enjoy~~ The Frankie Shop, a place of public accommodation.

~~35.~~52.  Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards, the 2010 Standards and the architectural access provisions of the Administrative Code, Defendants deny Plaintiff the opportunity to enter The Frankie Shop, a place of public accommodation.

53.      As a result, Plaintiff has been unable to enjoy safe, equal, and complete access into The Frankie Shop, and to its interior areas that are open and available to the public.

~~36.~~54.  Because ~~in violation of the above-mentioned laws~~ Defendants continue to maintain The Frankie Shop in a wheelchair inaccessible state, Defendants continue to deny Plaintiff the opportunity to enter ~~and enjoy~~ The Frankie Shop, a place of public accommodation.

~~37.~~55.  Therefore, Defendants have denied and continue to deny Plaintiff the ~~opportunity to enjoy equal~~equivalent access to The Frankie Shop ~~due to~~based on disability.

***The Architectural ~~Barriers~~access barriers***

~~38.~~56.  Barriers to access Plaintiff encountered at The Frankie Shop which deterred them, and that now continue to deter them from patronizing The Frankie Shop, a place of public accommodation include the following:

I.      The public entrance to The Frankie Shop is not accessible.
        *Defendants fail to provide that at least 50% of all its public entrances are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
        *Defendants fail to provide that at least 60% of all its public entrances are accessible.  See 2010 ADA § 206.4.1.*
        *Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
        *Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

II.     No signage identifies an accessible entrance to The Frankie Shop (to the extent Defendants claim they provide an accessible public entrance).
        *Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

III.    There is no directional signage at The Frankie Shop's inaccessible public entrance that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).
        *Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
        *Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
        *Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

IV.     The door at The Frankie Shop's public entrance lacks level maneuvering clearances at the pull side of the door.
        *Defendants fail to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

V.      There is a step (change in level) at the exterior of The Frankie Shop's public entrance which are greater than ½-inch in height.
        *Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
        *Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VI.   The Frankie Shop's entrance, which also serves as its exit, is not
      accessible for the reasons described above
      *Defendants fail to provide accessible means of egress in the number
      required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968
      BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC §
      1007.1.*

~~39.~~57.  Plaintiff personally encountered the above-noted architectural access

barriers at The Frankie Shop's public entrance and doorway when he wanted to patronize

The Frankie Shop.

~~40.~~58.  The above-noted architectural access barriers at The Frankie Shop's public

entrance and doorway denied Plaintiff entry into The Frankie Shop.

~~41.~~59.  Upon information and belief, a full inspection of The Frankie Shop will

reveal the existence of other barriers to access.

~~42.~~60.  To effectuate the remedial purpose of the ADA (and avoid piecemeal, and

this additional litigation) Plaintiff requires a full inspection of The Frankie Shop to

catalogue all the architectural elements and areas at its space that do not comply with the

~~ADA.~~2010 Standards, and therefore the ADA.

~~43.~~61.  Plaintiff hereby notices Defendants that he intends to amend this

Complaint to include any accessibility violations discovered during an inspection of The

Frankie Shop that are not contained in this Complaint.

***Plaintiff's Prior and Ongoing Desire to Visit The Frankie Shop.***

~~44.~~62.  Plaintiff enjoys clothing and fashion generally and likes discovering new

styles, designers and brands.

~~45.~~63.  Plaintiff has desired to enter The Frankie Shop and shop for clothing

multiple times in the last few years, including during May, 2024 and on February 10,

2025.

46.64.  Despite wanting to patronize The Frankie Shop, Plaintiff could not do so as architectural access barriers, inclusive of a step, that Defendants maintain at the public entrance denied him the opportunity to enter.

47.65.  The step at the public entrance to The Frankie Shop is open and obvious to those who go to The Frankie Shop, as well as to those who pass by the store on its adjoining public sidewalk, including Plaintiff.

66.    The step at the public entrance to The Frankie Shop is open and obvious to persons travelling on the public sidewalks on the southern side of Stanton Street and on the corners of Ludlow Street and Stanton Street.

67.    The step at the public entrance to The Frankie Shop is open and obvious to persons travelling between Orchard Street and Ludlow Street on Stanton Street's public roadway.

68.    Plaintiff saw the step at the public entrance to The Frankie Shop while on the public sidewalk near The Frankie Shop.

69.    Because the step at the public entrance to The Frankie Shop is an open and obvious architectural access barrier, Plaintiff did not engage in the futile gesture of trying to physically surmount the step that bars him from entering The Frankie Shop. 42 U.S.C. 12188; 28 C.F.R. § 36.501.

70.    Plaintiff was deterred from patronizing The Frankie Shop upon seeing the step at public entrance.

71.    Plaintiff continues to be deterred from patronizing The Frankie Shop as he is aware that the step at the public entrance, and the other architectural access barriers detailed herein, continue to exist.

72.      Defendants refuse to remove the architectural access barriers at The Frankie Shop that deny Plaintiff equivalent access, inclusive of the architectural access barriers at the public entrance that deny Plaintiff the opportunity to enter The Frankie Shop.

73.      Plaintiff is aware that Defendants refuse to comply with the Human Rights Laws and will not remove the step at the public entrance and the other architectural access barriers detailed herein.

74.      As Plaintiff is aware that Defendants refuse to comply with their obligations under the Human Rights Laws to remove the architectural access barriers at The Frankie Shop, Plaintiff will not engage in the futile gesture of trying to physically enter The Frankie Shop. 42 U.S.C. 12188; 28 C.F.R. § 36.501.

48.75.  Tenant Defendant showcases the apparel it sells at The Frankie Shop in multiple display windows along Stanton Street.

49.76.  The apparel Tenant Defendant showcases in The Frankie Shop's display windows are prominently displayed so that the products areand visible to persons on the public sidewalk outside the store, including to those on the public sidewalks on the north side and south side of Stanton Street between Orchard Street and Ludlow Street.

50.77.  Tenant Defendant showcases its offerings in The Frankie Shop's display windows to entice passersby to enter and patronize the store.

51.78.  Plaintiff is among the passersby whose interest in visiting The Frankie Shop was piqued by the apparel he saw showcased in the window displays.

52.79.  However, despite his interest in The Frankie Shop's offerings, the architectural access barriers at The Frankie Shop's public entrance deterred Plaintiff from entering.

53.80.  The architectural access barriers at The Frankie Shop's public entrance continue to deter Plaintiff from entering The Frankie Shop.

54.81.  Since Plaintiff passed by The Frankie Shop and saw the apparel in its display windows, Plaintiff has seen The Frankie Shop' offerings online.

55.82.  As was the case with the apparel showcased in The Frankie Shop' display windows, Plaintiff likes the apparel offered online by The Frankie Shop

56.83.  Although online shopping offers Plaintiff the ability to shop from home, it denies Plaintiff the ability to see, feel and try on an item before purchase.

57.84.  Plaintiff desires to visit The Frankie Shop in real life so that he can see, feel and try on an item before making a purchase.

58.85.  Plaintiff enjoys going to the Lower East Side, the neighborhood in which The Frankie Shop is located.

59.86.  Plaintiff goes to the Lower East Side to enjoy the neighborhood three or more times a year.

1.87.   When in the Lower East Side, Plaintiff visits retail stores that do not have steps or other barriers to wheelchair entry.

60.88.  Plaintiff desired to enter The Frankie Shop because he was attracted to the clothing he saw showcased in its display windows.

61.89.  Plaintiff's desire to visit The Frankie Shop continues because he remains attracted to the clothing he saw in its display windows, and he likes The Frankie Shop

clothing he has seen - and continues to see - online since the time he desired to enter The Frankie Shop..

62.90.  Plaintiff is interested in The Frankie Shop's clothing and wants the opportunity to experience shopping there in real life.

63.91.  Plaintiff wants to patronize The Frankie Shop and have the opportunity to see, feel, and try its offerings in real life.

64.92.  Plaintiff is deterred from visiting The FrankeFrankie Shop as its public entrance is inaccessible to him as a wheelchair user. For instanceAs noted, the door to theat The Frankie Shop's public entrance is situated above a step - perhaps the most obvious barrier to wheelchair access that exists.

65.93.  Plaintiff desires the opportunity to patronize The Frankie Shop when he goes to the Lower East Side and desires to visit – an opportunity that Defendants provide to ambulatory individuals but not to Plaintiff due to his need to use a wheelchair for mobility.

66.94.  Plaintiff intends to patronize The Frankie Shop one or more times a year after it becomes wheelchair accessible in compliance with the 2010 Standards and the accessibility provisions of the 2022 BC.

***Defendants' Discriminatory Practices***

67.95.  Defendants denied Plaintiff the opportunity to participate in or benefit from their services and accommodations because of his disability.

68.96.  Defendants have not complied with their obligations under the Human Rights Laws to ensure that their policies, practices and procedures for persons with disabilities are compliant with the laws.

20

69.97.  Defendants have failed to make or provide Plaintiff ~~and other similarly situated individuals~~ with disability-related accommodations or modifications necessary to provide equivalent access.

70.98.  By maintaining barriers to wheelchair access at The Frankie Shop, Defendants deny Plaintiff ~~equal~~equivalent access on the basis of disability – in other words, full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations Defendants offer at The Frankie Shop.

71.99.  Plaintiff continues to suffer an injury due to Defendants maintenance of architectural access barriers at The Frankie Shop, as while Plaintiff desires to patronize at The Frankie Shop, Defendants' maintenance of these barriers denies him the opportunity to do so based on disability.

72.100.      Defendants discriminate against Plaintiff in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain, and have failed to remove, architectural access barriers ~~to wheelchair access~~ at The Frankie Shop.

73.101.      Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws: This is evident as the architectural access barriers ~~to access~~ at The Frankie Shop continue to exist and deter Plaintiff from entering and patronizing The Frankie Shop.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

74.102.      Plaintiff realleges and incorporates by reference all allegations previously set forth in this Complaint as if fully set forth herein.

75.103.      Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a

direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

76.104.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

77.105.    Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract, such as a lease agreement.  28 C.F.R. 36.201(b).

78.106.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

79.107.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

80.108.    Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  42 U.S.C. §12183(a)(1) and 28 C.F.R. § 36.401(A)(1).

81.109.    The Frankie Shop is not readily accessible and usable as required, and Defendants fail to provide an integrated and equal setting for the disabled at The Frankie Shop, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

***Discrimination in Violation of 42 U.S.C § 12183(a)(2)***

110.     Defendants altered The Frankie Shop "in a manner that affects or could affect the usability of the facility or part thereof". 42 U.S.C. §12183(a)(2); and 28 C.F.R. §§ 36.402 and 36.406.

111.     Defendants' alterations included, but are not limited to, construction work performed to combine the Original Premises and Expansion Premises into one retail space, and worked Defendants performed to the storefronts and public entrances of the Original Premises and Expansion Premises.

~~82.~~112.          Defendants failed to perform their alterations to The Frankie Shop ~~so~~"in such a manner that ~~the alterations are accessible,~~ to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs" in violation of 42 U.S.C. §12183(a)(2); and 28 C.F.R. §§ 36.402 and 36.406.

113.     The alterations Defendants performed to the Frankie Shop affected or could have affected the usability of or access to its areas of primary function.

114.     Defendants failed to make their alterations to the Frankie Shop so, to the maximum extent feasible, the path of travel to the altered primary function areas are readily accessible to and usable by individuals with disabilities, including those who use wheelchairs.

115.     It would not have been disproportionate to the overall alterations (in terms of cost and scope) for Defendants to have altered the path of travel to the Frankie Shop's altered areas of primary function.

116.     In other words, it would not have been disproportionate to (in terms of cost and scope) for Defendants to have provided an accessible route from the public

sidewalk into The Frankie Shop and a public entrance that complies with the 2010 Standards

117.    As the existence of the architectural access barriers demonstrate The Frankie Shop is not compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

118.    Defendants have discriminated against the Plaintiff in violation of the ADA as they altered The Frankie Shop but failed to perform their alterations so that The Frankie Shop is readily accessible to and usable by Plaintiff as a wheelchair user. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(2).

119.    Defendants failed to make alterations readily accessible to and usable by Plaintiff as a wheelchair user, to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

83.120.        The paths of travel to the altered ~~areas of~~ primary function areas were not made ~~accessible~~ readily accessible to and usable by Plaintiff as a wheelchair user, to the maximum extent feasible in violation of 28 C.F.R. § 36.403.

121.    The paths of travel to the altered areas of primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

***Discrimination in Violation of 42 U.S.C § 12182***

122.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.

123.    As of July 26, 1992 continuing through March 14, 2012, it was readily achievable for Landlord Defendant to have made the Original Premises and Expansion Premises compliant with the 1991 Standards, including but not limited by installing a

ramp affixed to 100 Stanton Street. *Id*. at 36.304(d)(1) ("[M]easures taken to comply with the barrier removal requirements of this section [36.304] shall comply with the applicable requirements for alterations in § 36.402 and §§ 36.404 through 36.406").

124.    As of March 15, 2012 it has been, and remains, readily achievable for Defendants to have removed some or all the barriers to access at The Frankie Shop.

125.    As of March 15, 2012 for Landlord Defendant, and since circa 2015 for Tenant Defendant, it has been, and remains, readily achievable for Defendants to have made The Frankie Shop compliant with the 2010 Standards, including but not limited to installing a ramp affixed to 100 Stanton Street. *Id*. at 36.304(d)(1).

126.    A public accommodation's highest priority for barrier removal should be the removal of barriers to access at the public entrance to its place of public accommodation. *Id*. at 36.304(c)(1) ("First, a public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation").

127.    Installing a ramp affixed to the realty (*i.e.*, a permanent ramp) to provide wheelchair access to a place of public accommodation from public sidewalks through the public entrance is the preeminent example of the actions that should be taken to remove barriers to access. *Id*. at §§ 36.304(b) and 36.304(c)(1)("These measures include, for example, installing an entrance ramp, [and] widening entrances").

***Defendants' Discriminatory Use of a Portable Ramp***

128.    To the extent that Defendants claim they use a portable ramp to provide wheelchair access to The Frankie Shop, there is sufficient space on the public sidewalks adjoining 100 Stanton Street for Defendants to install a permanent ramp compliant with

the 2010 Standards at The Frankie Shop's public entrance to provide equivalent access to The Frankie Shop.

129.    There is also sufficient space on the public sidewalks adjoining 100 Stanton Street for Defendants to install a wheelchair lift at The Frankie Shop's public entrance to eliminate the need to navigate a step and thereby provide wheelchair access to The Frankie Shop.

130.    A public accommodation that offers wheelchair bound patrons use of a portable ramp to "overcome" architectural access barriers at the public entrance to its place of public accommodation in circumstances where installing a permanent ramp or a wheelchair lift at the public entrance is readily achievable, violates its barrier removal obligations under the ADA.

131.    A portable ramp should only be used when installation of a permanent ramp or a wheelchair lift is not readily achievable. See 28 C.F.R. § 36.304(e).

132.    As it was and remains readily achievable to install a permanent ramp or wheelchair life at The Frankie Shop's public entrance, Defendants' use of a portable ramp to provide wheelchair access to The Frankie Shop is discrimination in violation of the ADA.

133.    As it was and remains readily achievable to install a permanent ramp or wheelchair lift at The Frankie Shop's public entrance, Defendants' refusal to install a permanent ramp or wheelchair lift to provide wheelchair access to The Frankie Shop is discrimination in violation of the ADA.

84.134.    It would have been readily achievable ~~to make their place of public accommodation~~ for Defendants to have made The Frankie Shop fully accessible prior to the initial date Plaintiff desired to visit.

85.135.    It remains readily achievable for Defendants to make their place of public accommodation fully accessible.

86.136.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA. 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

87.137.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

88.138.    Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R § 36.101 *et seq.*

89.139.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

90.140.    Plaintiff realleges and incorporates by reference all allegations previously set forth in this Complaint as if fully set forth herein.

91.141.    Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the

27

life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

92.142.    In 2019, the New York State legislature enacted legislation which amended the construction provision of the NYSHRL, Executive Law § 300, to require that the protections and provisions be liberally construed. NY Session Law 2019, ch 160.

93.143.    The amendment requires the NYSHRL's provisions and the protections it provides to be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". Executive Law § 300.

94.144.    By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005, Local Law 85 of 2005, the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

95.145.    Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

96.146.    Defendants discriminated against Plaintiff in violation of NYSHRL, Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

97.147.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL, Executive Law § 296(2)(c)(iii).

98.148.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL, Executive Law § 296(2)(c)(v).

99.149.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

100.150.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

101.151.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

102.152.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

103.153.     Plaintiff realleges and incorporates by reference all allegations previously set forth in this Complaint as if fully set forth herein.

104.154.     Plaintiff suffers from various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - therefore Plaintiff has a disability within the meaning of the NYCHRL, Administrative Code § 8-102.

29

105.155.      In 2005, the NY City Council enacted Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), which requires that the NYCHRL's provisions and protections be construed liberally, and independently from similarly worded Federal and state laws, as the NY City Council determined the NYCHRL was being construed to narrowly. Local Law 85 of 2005, § 1 ("It is the sense of the Council that New York City's Human Rights Law has been construed too narrowly to ensure protection of the civil rights of all persons covered by the law.").

106.156.      The Restoration Act clarified the scope and required interpretation of the NYCHRL, *Id.*, and amended the NYCHRL's construction provision, Administrative Code § 8-130, to confirm that any "parallelism" between the NYCHRL and federal and New York State anti-discrimination laws such as the ADA and NYSHRL is improper stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 (emphasis added).  Consequently, to the fullest extent possible, the NYCHRL must be construed broadly in favor of Plaintiff.  *See also* New York City Local Law 35 of 2016.

107.157.      Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL, Administrative Code § 8-107(4).  Each of the Defendants aided and abetted others in committing disability discrimination.

30

108.159.       Defendants have committed disability discrimination against Plaintiff, and continue to do so, in violation of the NYCHRL, inclusive of § 8-107(4), because of the violations of the ADA as alleged herein.

109.159.       Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL, Administrative Code § 8-107(4), by designing, creating and/or maintaining an inaccessible commercial facility/space.

110.160.       Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL, Administrative Code § 8-107(4).

111.161.       Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL, Administrative Code § 8-107 (4).

112.162.       Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL, Administrative Code §§ 8-107(4) and 8-107(15).

113.163.       In violation of the NYCHRL, Administrative Code § 8-107(6), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and

privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

114.164.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Landlord Defendant has continuously controlled, managed, and operated the public sidewalk abutting 100 Stanton Street, which includes the portion of the sidewalk that constitutes the both the public entrance to The Frankie Shop, Defendants' place of public accommodation, and the exterior route to the public entrance.

115.165.    Landlord Defendant's failure to construct and maintain an accessible entrance and an exterior route from the public sidewalk adjoining 100 Stanton Street to Defendants' place of public accommodation constitutes disability discrimination in a violation of the NYCHRL.

116.166.    Defendants discriminated against Plaintiff in violation of the NYCHRL, Administrative Code, § 8-107(4), by maintaining and creating an inaccessible public accommodation.

117.167.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter".

118.168.    Because Defendants' place of public accommodation is not readily accessible and usable by people with disabilities, Defendants policy or practice has a

disproportionately negative impact on ~~the~~Plaintiff as a disabled ~~(including plaintiff).~~individual.

~~119.~~169.        Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

~~120.~~170.        As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

~~121.~~171.        Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

~~122.~~172.        By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

~~123.~~173.        Defendants have engaged in the acts detailed in this Complaint with willful or wanton negligence, recklessness, and a conscious disregard of the rights of others, or conduct so reckless as to amount to such disregard, for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL, Administrative Code § 8-502.

124.174.    Defendants continue to engage in the acts detailed in this Complaint with willful or wanton negligence, recklessness, and a conscious disregard of the rights of others, or conduct so reckless as to amount to such disregard, for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL, Administrative Code § 8-502.

125.175.    By refusing to make their place of public accommodation accessible, Defendants unlawfully benefitted from their actions detailed in this Complaint as they collect revenue from a place of public accommodation that they failed to make compliant with the Human Rights Laws, pocketing the money that they should have lawfully expended to create a wheelchair accessible space in compliance with the Human Rights Laws.

126.176.    Defendants continue to unlawfully benefit from their actions detailed in this Complaint by collecting revenue from a place of public accommodation that they refuse to make compliant with the Human Rights Laws pocketing money that they should lawfully expend to create a wheelchair accessible space in compliance with the Human Rights Laws. Defendants' unlawful profits plus interest must be disgorged.

127.177.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

128.178.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

129.179.    Defendants discriminated against Plaintiff pursuant to NYSHRL, Executive Law § 296.

34

130.180.        Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

131.181.        Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

132.182.        Plaintiff will continue to suffer unlawful discrimination from Defendants' failure to comply with the Human Rights Laws.

133.183.        Injunctive relief is therefore necessary to ensure Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the Human Rights Laws.

134.184.        The necessary injunctive relief includes an order which requires Defendants to physically modify their place of public accommodation, and which obligates Defendants to change the policies, practices, and procedures pursuant to which they operate their place of public accommodation.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL;

B.   Enter declaratory judgment declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

C.   Issue a permanent injunction ordering **Defendants to cease allowing customers to patronize The Frankie Shop** ~~within the Demised Premises~~ until Defendants remove all violations of the ADA (inclusive of violations of the 2010 Standards), the NYSHRL, and the NYCHRL;

D.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

E.   Award Plaintiff compensatory damages due to Defendants' violations of the NYSHRL and the NYCHRL;

F.   Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

G.   Assess monetary penalties pursuant to New York State Civil Rights Law §§ 40-c and 40-d against Landlord Defendant and Tenant Defendant, individually, for each and every violation of the NYSHRL, and award Plaintiff the monetary penalties assessed against Defendants pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

I.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

J.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: July 11, 2025
        New York, New York

                                    Respectfully submitted,

                                    **HANSKI PARTNERS LLC**


                                    By:_____/s Adam Hanski_____
                                        Adam S. Hanski, Esq.
                                        Attorneys for Plaintiff
                                        85 Delancey Street
                                        New York, New York 10002
                                        Telephone: (212) 248-7400
                                        Email: ash@disabilityrightsny.com