UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR.,<br>Plaintiff,<br>v.<br>FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC,<br>Defendants. | Civil Action No.<br>1:25-cv-02633-MMG |

**MEMORANDUM OF LAW OF DEFENDANT FLEMINGTON ESTATES LLC IN SUPPORT OF THE SUPPLEMENTAL MOTION TO DISMISS**

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**
*Attorneys for Defendant, Flemington Estates LLC*

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com

1

## PRELIMINARY STATEMENT

Defendant Flemington Estates LLC renews its prior motion to dismiss and incorporates same by reference in regard to the Amended Complaint. As will be clear, the boilerplate changes contained in the amended complaint fail to address numerous issues raised by the Defendants in regard to the initial complaint. Flemington also incorporates the prior and upcoming motions of co-defendant Frankie Shop LLC to dismiss.

## THE AMENDED COMPLAINT FAILS TO CORRECT THE DEFICIENCIES OF THE INITIAL COMPLAINT

Plaintiff reiterates in the amended complaint that he attempted to visit the store on February 10, 2025, despite clear video evidence presented in the Defendant had not visited the store on that date. Rather than remove that patently false allegation, the Plaintiff now alleges that he also attempted to visit the store sometime in May 2024. Am. Compl. At ¶63. As Frankie Shop maintains extensive video surveillance data, the Plaintiff is obscuring the date of his alleged visit to avoid proof that he has never actually attempted to visit the shop.

Furthermore, the Amended Complaint fails to provide any information as to where Mr. Range resides, why he claims to be in the neighborhood or any other basis to conclude that he has standing to bring this action, as set forth in the original motion. Simply alleging that he has passed the store in the past is insufficient to demonstrate that he will be visiting again in the future.

While Plaintiff now alleges some specific renovations that have occurred in the store, it still fails to establish any basis for the claim that a permanent ramp or lift is feasible or readily achievable. The renovation that it alleges, combining two rental units and renovating the interior, Am. Compl. At ¶44-47 do not change this. The renovation was to combine two units that were both above the level of the street by the same 5 inches, and the interior renovations were to brighten

the space, and did not involve any apparent structural renovation to the floor.

Similarly, the Plaintiff asserts that a ramp or lift is a feasible modification, but fails to allege how such modifications would be permitted or readily achievable within the context of the store, the existing sidewalk, and compliance with applicable New York City building and land use requirements. The allegation that no application was made to the City does not mean that the Defendants failed to consider a ramp, just that they determined it was not feasible within the context of the shop at a building on the Lower East Side that is over 100 years old and abuts a public sidewalk.

Much of the Amended Complaint attempts to smear the Defendants as attempting to intentionally discriminate against the Defendant and others like him, due to the failure to include Plaintiff's counsel's preferred mechanism to give the wheelchair bound access to the store. As set forth in the initial motion, the Defendants have significant concern with access, but are not dealing with a simple situation, and also recently settled an identical lawsuit and have been further studying the issue. Plaintiff cannot show that its scandalous allegations have any basis in fact, and those allegations should be stricken pursuant to Fed R. Civ. P . R. 12(f). The Defendants have not refused anything and have not intentionally discriminated. Mr. Range never made any request to the Defendants and never spoke to anyone until filing this lawsuit. There is no way to justify the Plaintiff's outrageous allegations in light of the facts alleged.

Plaintiff also now alleges that while there is a sign with a picture of a wheelchair that says to ring the bell for assistance is insufficient to put the Plaintiff on notice that there was a mechanism to ask for assistance. Am. Compl. At ¶36-39. This is a ludicrous attempt to claim that the Plaintiff cannot understand the meaning of a sign with the universal symbol for access and a statement to ring the bell for assistance.

**CONCLUSION**

For all of the above-mentioned reasons and those set forth in the initial motion to dismiss, Landlord Defendant respectfully request that the Court grant its motion to dismiss the Complaint.

Dated: Hackensack, New Jersey
July 13, 2025

                                        **THE LAW OFFICE OF AVRAM E. FRISCH LLC**
                                        *Attorneys for Defendant Flemington Estates, LLC*

By: _____
                                        Avram E. Frisch, Esq.
                                        1 University Plaza, Suite 119
                                        Hackensack, NJ 07601
                                        201-289-5352
                                        frischa@avifrischlaw.com