**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KING RANGE, JR.,<br>Plaintiff,<br>v.<br>FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC,<br>Defendants | Civil Action No. 1:25-cv-02633-MMG |

**MEMORANDUM OF LAW OF DEFENDANT FRANKIE SHOP LLC IN SUPPORT OF SUPPLEMENTAL MOTION TO DISMISS**

DENTONS US, LLP
Jonathan S. Hong
1221 Avenue of the Americas
New York, New York 10020
(212) 398-8797
Jonathan.hong@dentons.com

## PRELIMINARY STATEMENT

Defendant Frankie Shop LLC renews its prior motion to dismiss and incorporates same by reference in regard to the Amended Complaint. As will be clear, the boilerplate changes contained in the amended complaint fail to address numerous issues raised by the Defendants in regard to the initial complaint. Frankie Shop also incorporates the prior and upcoming motions to dismiss of co-defendant Flemington Estates LLC.

## THE AMENDED COMPLAINT FAILS TO CORRECT THE DEFICIENCIES OF THE INITIAL COMPLAINT

Plaintiff's amended complaint fails to adequately allege standing or a cause of action under the ADA. Instead of identifying the date that plaintiff allegedly visited the store, the amended complaint further obfuscates the visit by stating plaintiff's "desire" to enter the store in May 2024. Rather than providing clear information relating to plaintiff's visit, plaintiff is attempting to bypass their obligation to prove standing under the ADA.

To satisfy constitutional standing requirements, plaintiff must show it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022). "The central inquiry is not whether a complaint pleads the magic words that a plaintiff "intends to return," but if, "examined under the 'totality of all relevant facts,' " the plaintiff plausibly alleges "a real and immediate threat of future injury." *Id*.

Under the totality of the relevant facts, plaintiff has failed to plausibly allege a real and immediate injury. Plaintiff has not provided any specificity to show that the frequency of visits

2

supports a finding of standing. Courts have held that "a lack of specificity with regard to past patronage or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses an intent to return to the Property in the imminent future but for the alleged violations." *Feltzin v. Stone Equities, LLC*, No. CV166457SJFAKT, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018). The amended complaint states plaintiff desired to visit the store on February 10, where video footage clearly shows plaintiff did not visit the shop. *See* Hong Decl. in Support of Frankie Shop. Plaintiff then broadly alleges that they desired to visit the store in May, 2024. ¶63. Without specifying a date, plaintiff's lack of specificity with regard to their past visit should weigh against an inference that plaintiff possesses an intent to return.

Plaintiff fails to adequately allege standing as the past frequency of their alleged visits weighs against a plausible intent to return to the store. In the ADA context, "the past frequency of h[is] visits" to Defendant's stores is highly relevant to this analysis". *Tucker v. Whole Foods Mkt. Grp.*, Inc., No. 19-CV-9842 (RA), 2020 WL 3504728, at *4 (S.D.N.Y. June 29, 2020). The Amended Complaint fails to adequately identify one instance where plaintiff visited the store. Assuming arguendo that the plaintiff visited the store in May 2024 and on February 10, plaintiff only visited the store twice in the last 14 months. ¶63. The low frequency of any alleged visit should weigh against a finding that any future patronage is plausible.

The amended complaint fails to adequately provide any sufficient rationale for why he would return to the Lower East Side. Courts have rejected standing when plaintiff cannot "describe any particular and ongoing interest or association with the neighborhood to support the allegation that she would return to the neighborhood, let alone the subject facilities". *Frimpong v. Punjab Wine & Liquor LLC*, No. 22 CIV. 4406 (BMC) (VMS), 2024 WL 5718804, at *3 (E.D.N.Y. Mar. 15, 2024). In the amended complaint, plaintiff merely claims that they "enjoy

going to the Lower East Side". ¶83. As in *Frimpong v. Punjab Wine & Liquor LLC*, generally stating that you enjoy a neighborhood is not sufficient to satisfy the specificity requirements for standing. *Id*. at 3.

The amended complaint also fails as it has not adequately identified plaintiff's plans for visiting the location. Intent to return must be comprised of more than just "some day' intentions — without any description of concrete plans, or indeed even any specification of when the some day will be — do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 2138, 119 L. Ed. 2d 351 (1992). Courts have directly held that plans to return to the [P]roperty once the barriers to access are corrected.... is tantamount to an intent to return "some day". *Feltzin v. Stone Equities, LLC*, 2018 WL 1115135, at *11 . Plaintiff has failed to provide any description of concrete plans to visit Frankie Shop. Instead, plaintiff has only alleged an intent to return after the property becomes accessible. ¶94. As in *Feltzin*, the amended complaint has merely alleged "some day" intentions that are not sufficient for standing.

## CONCLUSION

For all of the above-mentioned reasons and those set forth in the initial motion to dismiss, Defendant respectfully request that the Court grant its motion to dismiss the Complaint.

Dated: New York, NY
July 25, 2025

/s/ Jonathan Hong
**DENTONS US LLP**
Jonathan S. Hong
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 398-8797
Jonathan.hong@dentons.com
*Counsel for Defendant Frankie Shop LLC*

4