UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KING RANGE, JR.,

                                        Plaintiff,

                    v.                                              1:25-cv-2633 (MMG)

FLEMINGTON ESTATES LLC AND FRANKIE
SHOP, LLC,

                                        Defendants.
-----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 4

    The Parties ..................................................................................................................... 4

    The Frankie Shop ......................................................................................................... 4

    Plaintiff's Experiences at The Frankie Shop ............................................................. 5

STANDARD OF REVIEW ................................................................................................ 6

ARGUMENT ...................................................................................................................... 8

I.      PLAINTIFF HAS ALLEGED A PROPER BASIS FOR STANDING UNDER THE ADA AND SUBSEQUENTLY THE COURT MAINTAINS SUBJECT MATTER JURISDICTION ................................................................................ 8

    A.    Plaintiff Has Established a Past Injury under the ADA ............................ 11

    B.    Plaintiff has Plausibly Alleged a Reasonable Likelihood of Continued Discrimination ......................................................................................... 16

    C.    Plaintiff Has Plausibly Alleged an Intent to Return Based on the Frequency of His Visits to The Frankie Shop's Neighborhood and His Past Deterrence ................................................................................. 17

II.    PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE VIABLE CLAIMS ............................................................................................ 21

    A.    Defendants Improperly Move to dismiss under Rule 12(b)(6) based on their contention that Plaintiff is without Standing ...................... 21

    B.    Defendants' Factual Declarations Cannot Be Considered ........................ 23

    C.    Plaintiff Has Alleged Sufficient Facts To State Viable Claims ................ 24

    D.    Triable Issues Of Fact Remain Regarding Plaintiff's State and Local Causes of Action Because They Require An Independent And More Liberal Construction Than The ADA Analysis ...................... 26

III.   IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND ............................................................................................ 27

CONCLUSION .................................................................................................................. 27

# TABLE OF AUTHORITES

<u>Cases</u> ................................................................................................................ <u>Page</u>

*Adams v. 46 N LLC*, No. 22-CV-1075-LTS, 2023 WL 2163186
(S.D.N.Y. Feb. 22, 2023) ................................................................................ 21, 22

*Allaire Corp. v. Okumus*, 433 F.3d 248 (2d Cir. 2006) ................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ..................................................... 8, 24, 26

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................ 7, 8

*Calcano v. Swarovski N. Am. Ltd*., 36 F.4th 68 (2d Cir. 2022) ..................... *passim*

*Camarillo v. Carrols Corp.*, 518 F.3d 153 (2d Cir.2008)............................... 17, 22

*Campbell v. Zerocater, Inc.*, No. 23-CV-05742 (MMG),
2025 WL 964106 (S.D.N.Y. Mar. 31, 2025) ................................................... 7

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016)...................... 7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ...................... 23

*Chapman v. Pier 1 Imports (US), Inc.*, 631 F. 3d 939 (9th Cir. 2011) .......... 17, 25

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277
(S.D.N.Y. 2013) ............................................................................................... 24

*Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006) ........................................... 8

*Cox v. Green Room WV, LLC*, No. 23-CV-01259 (MMG), 2024 WL 5056180
(S.D.N.Y. Dec. 10, 2024).................................................................................. 9

*Crown Heights Jewish Cmty. Council, Inc. v. Fischer*, 63 F. Supp. 2d 231
(E.D.N.Y. 1999), aff'd, 216 F.3d 1071 (2d Cir. 2000) .................................... 15

*DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010) ........... 23

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104 (2d Cir. 2010).................... 24

*Doeman Music Grp. Media & Photography LLC v. DistroKid, LLC*,
No. 23-CV-04776 (MMG), 2024 WL 4349480 (S.D.N.Y. Sept. 30, 2024)...... 6, 7

*Dual Groupe, LLC v. Gans-Mex LLC*, 932 F. Supp. 2d 569 (S.D.N.Y. 2013).......... 23

*E.E.O.C. v. Port Auth. of NY and NJ*, 768 F. 3d 247 (2d Cir. 2014) ............. 25

*Feltzin v. Stone Equities LLC*, No. 16-CV-6457, 2018 WL 1115135
(E.D.N.Y. Feb. 8, 2018)............................................................................................19

*Feltzin v. Triangle Properties #1, LLC,* No. 14-cv-5131 (JMA) (ARL),
2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016) ............................................................11

*Frimpong v. Punjab Wine & Liquor LLC*, No. 22-CV-4406, 2024 WL 5718804
(E.D.N.Y. Oct. 25, 2024)...........................................................................................20

*Girotto v. LXC Inc.*, 2020 WL 3318275 (S.D.N.Y. June 18, 2020) ...............................25

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001). ...........................................................6

*Harty v. Spring Valley Marketplace LLC*, No. 15-CV-8190 (NSR),
2017 WL 108062 (S.D.N.Y. Jan. 9, 2017) ....................................................................17

*Hastad v. Hippos In Tanks, LLC*, No. 17 Civ. 2518 (VEC), 2019 WL 1228076
(S.D.N.Y. Mar. 15, 2019) ...........................................................................................15

*Hirsch v. Campaniello Soho, Inc.*, No. 14-CV-5097, 2015 WL 678662
(S.D.N.Y. Feb. 17, 2015) ...........................................................................................19

*J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107 (2d Cir. 2004) .............................14

*Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006 (2d Cir. 1986) ...............................13, 24

*Katz v. Donna Karan Co.*, 872 F.3d 114 (2d Cir. 2017)................................................7

*Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221 (11th Cir. 2021) ..........................9, 18

*Kreisler v. Second Avenue Diner*, 731 F.3d 184 (2d Cir. 2013)................................*passim*

*Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) ....................26

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160
(2d Cir. 2015)............................................................................................................27

*McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51 (S.D.N.Y. 2020) ...............27

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013);.......26

*Milberg LLP v. HWB Alexandra Strategies Portfolio,* No. 19 Civ. 4058 (AT),
2020 WL 3833829 (S.D.N.Y. July 8, 2020), aff'd sub nom.
*Milberg, LLP v. Drawrah Ltd.*, 844 F. App'x 397 (2d Cir. 2021)..............................14, 24

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133 (9th Cir. 2002) .......................16

*Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79 (2d Cir. 2004) ................................. 9

*Reyes v. Cty. of Suffolk*, 995 F. Supp. 2d 215 (E.D.N.Y. 2014) .................................... 23

*Range v. Grand Greene LLC*, No. 1:24-cv-2500 (JLR),
2025 WL 1144700 (S.D.N.Y. Apr. 17, 2025)........................................... 10, 11, 17

*Roberts v. Royal Atl. Corp.*, 542 F.3d 363 (2d Cir. 2008) ............................................ 22, 25

*Rouse v. Broadway & Cooper LLC*, 753 F. Supp. 3d 153 (E.D.N.Y. 2024) ................. 17

*Shain v. Ellison*, 356 F.3d 211 (2d Cir. 2004) ................................................................ 17

*Shariff v. Kim's Rainbow Cleaners, Inc.,* No. 11-CV-1496 (DLI) (VVP),
2013 WL 5519970 (E.D.N.Y. Sept. 30, 2013) ............................................................. 11

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.,*
752 F.3d 239 (2d Cir. 2014)............................................................................................. 7

*Tolbert v. Queens College*, 242 F.3d 58 (2d Cir. 2001).................................................. 22

*Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp.*, 971 F. Supp. 2d 368
(S.D.N.Y. 2013) ............................................................................................................... 24

*Tucker v. Whole Foods Mkt. Grp., Inc.*, No. 19-CV-9842, 2020 WL 3504728
(S.D.N.Y. June 29, 2020),............................................................................................... 20

*Walsh v. McGee,* 918 F. Supp. 107 (S.D.N.Y. 1996) ...................................................... 8

*Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004) ......................................................... 25

Statutes

42 U.S.C. §§ 12181 ........................................................................................................... 1

42 U.S.C. § 12182(b)(2)(A)(iv) ...................................................................................... 24

New York State Executive Law § 290, et. seq ............................................................... 1

New York State Civil Rights Law § 40, et. seq .............................................................. 1

New York City Administrative Code § 8-101, et. seq..................................................... 1

Regulations

28 C.F.R. § 36.201(b) ...................................................................................................... 25

28 C.F.R. Part 36, Appendix D ......................................................................................... 1

28 C.F.R. Part 36, Subpart D ........................................................................................ 1

36 C.F.R. part 1191, Appendices B and D.................................................................... 1

Rules

Fed. R. Civ. P. 8 .......................................................................................................... 25

Fed. R. Civ. P. 12(b)(1)........................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6)........................................................................................ *passim*

Fed. R. Civ. P. 15(a)(2) ............................................................................................... 27

Fed. R. Civ. P. 56 ........................................................................................................ 14

Fed. R. Civ. P. 56(c)(4) ............................................................................................... 14

## PRELIMINARY STATEMENT

Plaintiff King Range, Jr. ("Plaintiff"), by and through undersigned counsel, respectfully submits this memorandum of law in opposition to Defendants Flemington Estates LLC and Frankie Shop, LLC's (together, "Defendants") motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.

Plaintiff, an individual with a disability who uses a wheelchair for mobility desires to shop at The Frankie Shop, a clothing store located at 100 Stanton Street in Manhattan, New York. Plaintiff has been unable to enter The Frankie Shop, however, due to a step he encountered at The Frankie Shop's public entrance. The step and other architectural barriers at The Frankie Shop's public entrance continue to exist and deny Plaintiff the opportunity to enter The Frankie Shop. By maintaining the architectural barriers, Defendants violate Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 *et seq.* ("ADA"), its implementing regulations, including the ADA Standards for Accessible Design ("ADA Standards"[1]), the New York State Executive Law § 290, *et seq.* (the "NYSHRL"); the New York State Civil Rights Law § 40 *et seq.* (the "NYCHRL"), and the New York City Administrative Code § 8-101, *et seq.* (the "NYCHRL").

Defendant Flemington Estates LLC ("Flemington") owns and operates the building at 100 Stanton Street ("100 Stanton"). Defendant Frankie Shop, LLC ("Frankie") owns and operates The Frankie Shop in the ground floor space at 100 Stanton

---

[1] The ADA Standards, include the 1991 ADA Standards, located at 28 C.F.R. Part 36, Appendix D; and the 2010 ADA Standards located 36 CFR part 1191, Appendices B and D and 28 C.F.R. Part 36, Subpart D.

which it leases from Defendant Flemington. Defendants were sued because they bar Plaintiff, as a disabled wheelchair user, from The Frankie Shop.

Mr. Range is passionate about fashion and shopping. He was attracted to The Frankie Shop when he saw the clothing displayed in its windows, and then by the clothing on Defendant Frankie's website. Although attracted to the clothing on the website, Mr. Range seeks the tangible experience and joy of seeing, feeling and trying on clothing in real life. However, Defendants prevent him from accessing The Frankie Shop by maintaining unlawful architectural barriers, such as a step, at its entrance. Defendants refuse to remediate the unlawful architectural barriers as required by the ADA despite prior litigation against them due to the architectural barriers. The architectural barrier continue to exist and Defendants continue to violate Mr. Range's right to equal access under the ADA.

Defendants do not dispute that the inaccessible conditions at the Frankie Shop continue to exist. Instead, they contend that Plaintiff lacks standing under the ADA, and therefore this Court is without jurisdiction to determine his claims. They also argue that Plaintiff's Complaint[2] is without sufficient factual matter to state a claim for relief that is plausible on its face. Their arguments are without merit.

Plaintiff has clearly and plausibly alleged specific facts sufficient to establish standing under the ADA. Specifically, his Complaint details the basis of his interest in patronizing the Frankie Shop, how often he visits the neighborhood in which The Frankie Shop is located, dates on which he desired to patronize The Frankie Shop, the specific

---

[2] Because the Amended Complaint (ECF No. 21) is the operative pleading, it is referenced in the text as "Complaint", and cited to, as, "Compl.".

2

barriers he encountered at its entrance that denied him independent access into The Frankie Shop, and his stated intent return to The Frankie Shop after the barriers are removed. See Point I.

Plaintiff's Complaint also contains sufficient factual matters to state a plausible claim under the ADA, and state and local disability rights laws. Plaintiff clearly alleges in his Complaint that he is an individual with disabilities, that he suffers from medical conditions that inhibit walking and restrict body range and movement, and that he uses a wheelchair to ambulate. He also clearly alleges that the Defendants own, lease to, operate and/or control the Frankie Shop and the building in which it is located, and that they are responsible for, and able to, remediate the architectural barriers at The Frankie Shop. The Complaint further identifies the architectural barriers Defendants maintain at the entrance thereby violating the ADA, and details how those violations deny Plaintiff full and equal enjoyment of the Frankie Shop. See Point II.

This Court has subject matter jurisdiction over Plaintiff claims. Moreover, Plaintiff's Complaint states valid claims upon which relief could be granted and properly pleads all of the necessary elements for the relief sought. Defendants' motion under Rule 12(b)(6) is not properly made as it seeks to have Plaintiff's Complaint dismissed based on their contention that he is without standing.

Defendants' motion should be denied in its entirety. Nevertheless, in the event the Court is inclined to grant any portion of Defendants' motion, Plaintiff respectfully requests leave to amend the Complaint to cure any identified deficiencies. Leave to amend should be freely given where, as here, amendment would not be futile or prejudicial. See Point III.

3

## STATEMENT OF FACTS

### The Parties

Plaintiff is a resident of New York City who has a congenital condition that requires him to use a wheelchair for mobility. Compl. ¶ 21. Defendant Flemington owns the building located at 100 Stanton Street, New York, New York. Compl. ¶ 7. Defendant Frankie owns and operates The Frankie Shop. Compl. ¶ 10.

### The Frankie Shop

The Frankie Shop is a retail clothing store located at the 100 Stanton Street building. in the Lower East Side neighborhood of New York County, NY. Compl. ¶¶ 2, 85. The Frankie Shop showcases the clothing they sell in their prominent display windows, visible to pedestrians on the public sidewalks. Compl. ¶¶ 75-76, 88. Multiple architectural barriers exist at public entrance to The Frankie Shop. Compl. ¶¶ 6, 56. These barriers include the prominent step at the public entrance. Compl. ¶ 56. The step at the public entrance to The Frankie Shop has a change in level of approximately five inches. Compl. ¶ 7. The step at the entrance is one of the architectural features that make The Frankie Shop inaccessible to Plaintiff, a wheelchair user. Compl. ¶ 8. The step at The Frankie Shop's entrance is an open and obvious architectural barrier plainly visible from the sidewalk adjoining the store, from the public roadway, and from the sidewalk across the roadways on Stanton Street and Ludlow Street. Compl. ¶¶ 65 - 67.

In or around 2023, Defendants significantly altered the space occupied by The Frankie Shop, combining two separate retail spaces to create a single space larger space. Compl. ¶¶ 19 - 21. There is sufficient space to install a permanent ramp at the public entrance. Compl. ¶ 28. Instead, of installing a permanent ramp, Defendants have placed a

sign in the storefront window that states "RING BELL FOR ASSISTANCE" with a wheelchair symbol. Compl. ¶ 36. The sign gives no indication as to what assistance will be offered. Compl. ¶ 37.

Plaintiff's Experiences at The Frankie Shop

Plaintiff enjoys visiting the Lower East Side neighborhood of New York County, NY. and visits it three or more times a year. Compl. ¶ 86. When in the Lower East Side, Plaintiff visits retail stores that do not have steps or other barriers to wheelchair entry. Compl. ¶ 87. Plaintiff enjoys clothing and fashion generally and likes discovering new styles, designers and brands. Compl. ¶ 62.

During one such visit Plaintiff's interest in patronizing The Frankie Shop was piqued by the apparel he saw showcased in its window displays. Compl. ¶ 78. Plaintiff's interest was further piqued when he viewed the clothing offered at The Frankie Shop online. Compl. ¶¶ 81 - 82.

On multiple visits to the Lower East Side, including in May 2024 and on February 10, 2025, Plaintiff desired to patronize The Frankie Shop. Compl. ¶ 63. Range Decl. ¶¶ 7 - 8, 12 -15, 18. However, despite his interest in shopping there, the architectural barriers at The Frankie Shop's public entrance deterred, and continue to deter, him. Compl. ¶ 56, 70-71, 79 -80, 92, 101. Range Decl. ¶¶ 8 - 11, 12 - 22. Plaintiff personally observed The Frankie Shop's stepped entrance each time he desired to visit The Frankie Shop, including on the two noted dates in May 2024 and on February 10, 2025. Compl. ¶¶ 63 - 68. Range Decl. ¶¶ 8 - 22. The step was open and obvious to Plaintiff from his vantage point on the public sidewalk. Compl. ¶ 68. Range Decl. ¶¶ 9, 16, 20. Plaintiff did not attempt to physically enter The Frankie Shop as it would be futile for him to try to

physically surmount the step in his wheelchair. Compl. ¶ 69. Plaintiff was deterred from patronizing The Frankie Shop when he saw the step. Compl. ¶ 70.  The architectural barriers deny Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations Defendants offer non-disabled customers of The Frankie Shop. Compl. ¶ 4. Defendants refuse to remove the architectural barriers. Compl. ¶ 72.

While online shopping offers Plaintiff the ability to shop from home, it denies Plaintiff the ability to see, feel and try on an item before purchase. Compl. ¶¶ 83 - 84. Plaintiff would like to visit The Frankie Shop because he likes the clothing he has viewed in The Frankie Shop's display windows. Compl. ¶ 88 - 89. And the clothes offered at The Frankie Shop that he has seen, and continues to see, online. Compl. ¶ 89. Plaintiff, however, continues to be deterred from patronizing The Frankie Shop as he is aware that the step at the public entrance continues to exist, as do other specified architectural barriers at the public entrance. Compl. ¶ 56.

## <u>STANDARD OF REVIEW</u>

Dismissal under Fed. R. Civ. P. 12(b)(1) is only proper "when the district court lacks the statutory or constitutional power to adjudicate [the case]." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Moreover, the Second Circuit cautions that courts should not hastily dismiss complaints of civil rights violations. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001).

"A plaintiff asserting subject matter jurisdiction has the burden to prove it exists by a preponderance of the evidence." *Doeman Music Grp. Media & Photography LLC v. DistroKid, LLC*, No. 23-CV-04776 (MMG), 2024 WL 4349480, at *3 (S.D.N.Y. Sept.

30, 2024) (citing *Makarova v. United States*, 201 F.3d at 113). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014).*

A Rule 12(b)(1) attack on subject matter jurisdiction may "may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016); *Doeman Music Grp.*, 2024 WL 4349480, at *3. A facial motion is "'based solely on the allegations of the complaint or the complaint and exhibits attached to it [*i.e.*, the pleadings].'" *Doeman Music Grp.*, 2024 WL 4349480, at *3 (alteration in original) (quoting *Carter*, 822 F.3d at 56). A motion "'is fact-based when the defendants "proffer[ ] evidence beyond the [pleadings].'" *Id.* (alterations in original) (quoting *Carter*, 822 F.3d at 57). A plaintiff can either "come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient." *Campbell v. Zerocater, Inc., No. 23-CV-05742 (MMG), 2025 WL 964106, at *3 (S.D.N.Y. Mar. 31, 2025)* (quoting *Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017) (alteration in original) (quoting *Carter*, 822 F.3d at 57)).

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate only if it appears that the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Motions to dismiss for

failure to state a claim are "viewed with disfavor and [] rarely granted." *Walsh v. McGee*, 918 F.Supp. 107, 112 (S.D.N.Y. 1996).

In resolving a motion to dismiss under  Fed. R. Civ. P. 12(b)(6), the Court must accept as true the factual allegations in the complaint and draw all inferences in favor of Plaintiff. *Allaire Corp. v. Okumus*, 433 F.3d 248, 249 - 50 (2d Cir. 2006).  To survive dismissal, the complaint must contain sufficient factual matter, which the Court must accept as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility consists of enough facts to raise a reasonable expectation that discovery will reveal evidence of the defendants' alleged misconduct, while asking for more than the sheer possibility that the defendants have acted unlawfully. *Bell*, 550 U.S. at 556. The Court may grant the motion only where it is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts. *Ashcroft*, 556 U.S. at 678.

When presented with a motion to dismiss under Rules 12(b)(1) and 12(b)(6), the court must determine that it has subject matter jurisdiction over Plaintiff's ADA claim before reaching the question of whether Plaintiff has pleaded a cognizable claim under the ADA. *Coan v. Kaufman*, 457 F.3d 250, 256 (2d Cir. 2006).

### ARGUMENT

### POINT I

### PLAINTIFF HAS ALLEGED A PROPER BASIS FOR STANDING UNDER THE ADA AND SUBSEQUENTLY THE COURT MAINTAINS SUBJECT MATTER JURISDICTION

Plaintiff more than satisfies his evidentiary burden to establish standing to seek an order compelling Defendants to make The Frankie Shop accessible to him as a wheelchair user. To establish Article III standing, a plaintiff must show an "(1) injury in

fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Avenue Diner*, 731 F.3d 184, 187 (2d Cir. 2013). A private plaintiff who asserts an ADA claim must additionally establish standing for prospective injunctive relief, as such relief is the only remedy available to a private plaintiff. *See Cox v. Green Room WV, LLC, No. 23-CV-01259 (MMG), 2024 WL 5056180, at *2 (S.D.N.Y. Dec. 10, 2024)* (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004)). Thus, in the ADA context, standing is established where: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer... that plaintiff intended to return to the subject location" *Kreisler,* 731 F.3d at 187-88 (2d Cir. 2013).

The Second Circuit has clarified how these factors apply at the pleading stage. . *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75-76 (2d Cir. 2022). A plaintiff cannot simply recite the *Kreisler* factors in conclusory fashion. *Id.*  Nor must a plaintiff allege the same factual categories in every case to establish intent to return. *See Id.* Rather, standing is shown when the specific, non-conclusory factual allegations in a complaint, "examined under the 'totality of all relevant facts,' " make the plaintiff's stated intent to return plausible. *See Id.* at 75 (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)). The Second Circuit emphasized this point by noting that in *Kreisler* it had "identified several categories of information that could be helpful in determining whether 'it was reasonable to infer ... that plaintiff intended to return to the subject location' ". *Id.* Proximity and past visits are examples of these

categories. *See Id*. They are not requirements. *Range v. Grand Greene LLC*, No. 1:24-CV-2500 (JLR), 2025 WL 1144700, at *5 (S.D.N.Y. Apr. 17, 2025) (Holding that a plaintiff's "frequency of past visits and proximity are not so much "requirements" for establishing standing as they are relevant considerations, among others, in the intent-to-return analysis"). Therefore, the question to be determined is whether a court can reasonably infer intent to return from the facts plead in a complaint. *See Id; Calcano* at 75; *Kreisler*, 731 F.3d at 188.

Plaintiff's allegations satisfy each of the Kreisler factors in a well-plead, non-conclusory, manner: he alleges specific past encounters with architectural barriers at The Frankie Shop that caused him injury, the ongoing existence of those barriers, and specific facts that demonstrate his desire and intent to return once The Frankie Shop is made accessible. *See Calcano* at 75; *Kreisler*, 731 F.3d at 188. These specific facts include his general interest in The Frankie Shop's neighborhood, the frequency of his visits to the area for shopping, and a particular interest in the apparel offered at The Frankie Shop based on his having viewed them in The Frankie Shop's window displays and online. *See Range* 2025 WL 1144700, at *5 (finding that a plaintiff's intent to return to a store was supported by allegations as to his interest in clothing and fashion generally, his prior attempts to enter the premises and his specific interest in the stores merchandise that he saw displayed in the windows and on its website). Therefore "'totality of all relevant facts,'" make clear that Plaintiff has established a concrete and particularized injury that is redressable by the injunctive relief sought, and thus has standing under the ADA. *Calcano,* 36 F.4th at 75.

### A.      Plaintiff Has Established a Past Injury under the ADA

Like the plaintiff in *Kreisler*, Mr. Range personally encountered an architectural barrier, steps at the Frankie Shop's entrance, which denied him entry, on multiple occasions: two of which he specifically identifies in his Complaint. Compl. ¶ 63; *Kreisler*, 731 F.3d at 186-87. The barrier Mr. Range personally encountered, Compl. ¶ 70, deterred him from even attempting to enter the store. *Kreisler*, 731 F.3d at 186-87 (finding standing where plaintiff was deterred by a step at an entrance). Precisely the scenario the Second Circuit recognized as an injury in fact. *Kreisler*, 731 F.3d at 188.

In *Kreisler*, the Second Circuit explicitly held that "deterrence constitutes an injury under the ADA." 731 F.3d at 188 ("The fact that the wheelchair-inaccessible entrance deterred Kreisler from accessing the Diner established a concrete and particularized injury; Kreisler need not attempt to overcome an obvious barrier."). For standing purposes, an injury-in-fact can arise from "'direct injury from personally encountering disability-based discrimination at Defendant's property' **or** 'deterrence from using Defendant's property because it is not ADA compliant.'" *Feltzin v. Triangle Properties #1, LLC*, No. 14-cv-5131 (JMA) (ARL), 2016 WL 11599264, at *4 (E.D.N.Y. Dec. 15, 2016) (citing *Shariff v. Kim's Rainbow Cleaners, Inc.*, No. 11-CV-1496 (DLI) (VVP), 2013 WL 5519970, at *2 (E.D.N.Y. Sept. 30, 2013)) (emphasis added).

A plaintiff that shows he was deterred by a defendant's conduct satisfies the "past injury requirement" for ADA standing. *Range*, 2025 WL 1144700, at *4. The court found that plaintiff met this standard by alleging that he "was denied full and equal access to the property due to structural barriers, principally, due to the steps at [the store's] public entrances." *Id*. Here Plaintiff specifically alleges encountering the step at the entrance to the Frankie Shop. Compl. ¶¶ 68, 70. That although he desired to patronize The Frankie

11

Shop the step prevented him from entering because he cannot travel over the step in his wheelchair. Compl. ¶¶ 1, 3, 6 and 8 - 9, 64, 69. And that he "did not engage in the futile gesture of trying to physically surmount the step". Compl. ¶ 69. Plaintiff also alleged that the step has deterred him from patronizing The Frankie Shop "multiple times in the last few years, including during May 2024 and on February 10, 2025." Compl. ¶¶ 63 -64 and 70. Range Decl. ¶¶ 8 - 22.

Plaintiff even provides context for his past injury.  He alleges that he visits the neighborhood of The Frankie Shop "three or more times a year". Compl. ¶ 86. He patronizes retail stores without barriers in the Lower East Side. Compl. ¶ 87. He was drawn to The Frankie Shop by its merchandise he saw in its windows from the sidewalks, "including …the public sidewalks on the north side and south side of Stanton Street between Orchard Street and Ludlow Street." Compl. ¶¶ 75-76. But despite "his interest in The Frankie Shop's offerings, the architectural access barriers at The Frankie Shop's public entrance deterred Plaintiff from entering." Compl. ¶ 79.

Defendants challenge one particular instance of past injury, Plaintiff's February 10, 2025 visit to The Frankie Shop. They contend that "the one time he claimed to have sought to enter the store is simply false and defeated by a review of lengthy video footage of the doorway of the Frankie Shop maintained by Frankie Shop's security system." Defs.' Mem. of Law at 4 (*emphasis added*). But this argument is flawed and unsupported by any admissible evidence.

Defendants' argument relies entirely on the declaration of Defendant Frankie's counsel, Jonathan S. Hong, dated June 20, 2025, and its attached evidence approximately eight hours of unauthenticated video footage purportedly recorded on February 10, 2025.

Hong Decl. ¶¶ 6, 8. Even if the video were admissible, Defendants' argument fails as the video shows The Frankie Shop's doorway and portions of the exterior sidewalk as viewed from inside the store. The video does not show all areas of the public sidewalks adjoining, opposite to, and kitty-corner from which The Frankie Shop's public entrance. These areas include the point of view from which a pedestrian on the exterior sidewalks would see the public entrance with its open and obvious step. Mr. Hong claims the video shows the "Store's door, adjoining sidewalk, street, and opposite sidewalk", Hong Decl. ¶ 8, but he offers no basis to conclude it covers the full field of view available to a pedestrian; specifically the vantage point from which Plaintiff viewed the public entrance. Accordingly, the video does not demonstrate Plaintiff's absence near The Frankie Shop on February 10, 2025 and is not a factual challenge the Plaintiff's allegation of past injury on February 10, 2025.

Defendants' argument is also flawed because it is totally reliant on the Hong Declaration, which offers conclusory testimony as to the video. For instance, Mr. Hong's testimony that the video proves Plaintiff never desired to enter The Frankie Shop of February 10, 2025 is by definition conclusory. As already mentioned, the video fails to show the entrance as viewed from the vantage point of a pedestrian on the surrounding and adjoining public sidewalks, such as Mr. Range.

The Hong Declaration fails from the outset: it is not based on personal knowledge, is replete with hearsay, and attaches video evidence that has not been authenticated. In a factual challenge to subject matter jurisdiction, "evidentiary matter may be presented by affidavit or otherwise," *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1010 - 11 (2d Cir. 1986), but such evidence must be "competent." Id. While a court

may consider affidavits or materials beyond the pleadings, it "may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Courts in this Circuit require that declarations submitted on a Rule 12(b) motion comply with Rule 56, "including the requirement that the contents be based upon personal knowledge." *Milberg LLP v. HWB Alexandra Strategies Portfolio*, No. 19 Civ. 4058 (AT), 2020 WL 3833829, at *3 (S.D.N.Y. July 8, 2020), aff'd sub nom. *Milberg, LLP v. Drawrah Ltd.*, 844 F. App'x 397 (2d Cir. 2021). Rule 56 itself requires that declarations "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Mr. Hong does not claim his statements are made on personal knowledge. He expressly admits that he "submit[s] this declaration to place certain information before the Court." Hong Decl. ¶ 1. To support Defendants' claim that Plaintiff was not injured, he states only that his "client has advised" that no wheelchair user approached or passed the store on February 10, 2025. Hong Decl. ¶ 4. This is inadmissible hearsay. Defendants did not submit a declaration from any representative of the store who was actually present that day. Instead, Mr. Hong offers his own hearsay repetition of what an unidentified "client" purportedly told him. Such statements must be disregarded. See *J.S. ex rel. N.S.*, 386 F.3d at 110.

The video attached to the Hong Declaration fares no better. It is unauthenticated and hearsay. Mr. Hong asserts only that he personally reviewed "over eight hours" of footage. Hong Decl. ¶ 5. But he has no personal knowledge of its source, custodian, or method of preservation; whether the equipment functioned properly; or whether the

timestamps are accurate. He does not identify who provided the video to him or how it was transferred. Defendants have submitted no affidavit from anyone with personal knowledge of the video's creation, preservation, or authenticity. These failures preclude authentication. *See Crown Heights Jewish Cmty. Council, Inc. v. Fischer*, 63 F. Supp. 2d 231, 241 (E.D.N.Y. 1999), aff'd sub nom. *Crown Heights Jewish Cmty. Council, Inc. v. Fisher*, 216 F.3d 1071 (2d Cir. 2000).

Mr. Hong is not a competent witness through whom the video "could be received in evidence." *See Id*. Because the Hong Declaration is not based on personal knowledge, relies on hearsay, and seeks to submit unauthenticated and incomplete video, it must be disregarded. See *Milberg LLP*, 2020 WL 3833829, at *3; *Hastad v. Hippos In Tanks, LLC*, No. 17 Civ. 2518 (VEC), 2019 WL 1228076, at *3 (S.D.N.Y. Mar. 15, 2019). Defendants' attempt to dispute Plaintiff's allegation of a February 10, 2025 injury fails as a matter of law.

In contrast, Plaintiff's allegations of past injury are specific, plausible, and further supported by his declaration, which is based on personal knowledge. Plaintiff testifies that on February 10, 2025, he saw the step at The Frankie Shop's entrance from the corner of Ludlow and Stanton Streets, desired to enter, but was deterred by the step. Range Decl. ¶¶ 18 - 22. The Second Circuit has squarely held that deterrence from attempting to overcome an architectural barrier is itself an injury in fact. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013). Accordingly, Plaintiff has adequately pled and substantiated a past injury under the ADA.

**B.      Plaintiff has Plausibly Alleged a Reasonable Likelihood of Continued Discrimination**

Applying the second element for ADA standing to the facts pleaded in Plaintiff's Complaint demonstrates Plaintiff's standing as it shows he has plausibly alleged that the discrimination he complained of will continue.

If a plaintiff is aware that discriminatory conditions he complained of continue, "the injury under the ADA continues." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002).

Plaintiff has standing to sue under the ADA because he has alleged that the discriminatory treatment continues and has not been remediated. The second element of ADA standing is therefore satisfied. *See Id.* at 1137 - 38 (finding standing for injunctive relief where plaintiff alleged ongoing awareness of barriers that continued to exist).  Here, Plaintiff has alleged precisely that.

As discussed in Point I, *supra*, Mr. Range encountered a structural barrier, a step at the entrance of The Frankie Shop, that prevented him from entering because he uses a wheelchair. Plaintiff further alleges that Defendants continue to maintain that step and other structural barriers, which deny him entry and full and equal access to the store. Compl. ¶¶ 9 - 10, 54 - 55. Plaintiff identifies these barriers specifically and pleads that their ongoing presence deters him from patronizing The Frankie Shop. Compl. ¶ 56.

Notably, Defendants do not actually contest this point. They do not dispute that the step and other structural barriers remain. Instead, they advance a self-serving legal conclusion, that their maintenance of the step is not unlawful discrimination because, in their view, removing it and installing a permanent ramp is not "economically feasible or readily achievable." Defs. Mem. of Law at 5.

Defendants do not dispute the architectural barriers Plaintiff complained of exist. The step which Plaintiff alleged denied him entry remains, as do the other architectural barriers at the entrance alleged in Plaintiff's Complaint. Compl. ¶ 56. Plaintiff has also alleged that these barriers continue to exist and deter him. Compl. ¶¶ 54 - 56, 71, 80. Because Defendants do not dispute the continued existence of the barriers, Plaintiff has plainly established that the discriminatory conduct continues. *See Range*, 2025 WL 1144700, at *4 (quoting *Rouse v. Broadway & Cooper LLC*, 753 F. Supp. 3d 153, 165 (E.D.N.Y. 2024)). As a result, Plaintiff satisfies the second element of ADA standing.

### C.    Plaintiff Has Plausibly Alleged an Intent to Return Based on the Frequency of His Visits to The Frankie Shop's Neighborhood and His Past Deterrence

To establish standing for injunctive relief under the ADA, a plaintiff must demonstrate a likelihood of future injury. A plaintiff that seeks injunctive relief must show there is "a likelihood of future harm." *Harty v. Spring Valley Marketplace LLC, No. 15-CV-8190 (NSR), 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)* (quoting *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)). In the ADA context, a likelihood of future harm is shown when a plaintiff demonstrates an intent to return. *Chapman v. Pier 1 Imports (US), Inc.*, 631 F. 3d 939, 949 (9th Cir. 2011) (citing *Camarillo v. Carrols Corp.,* 518 F.3d 153 (2d Cir.2008).

In Kreisler, the Second Circuit held intent to return is plausibly alleged where a Plaintiff desires to frequent the store if it were accessible. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (finding standing where plaintiff was deterred from entering a diner with a stepped entry, frequented other diners, and desired to patronize the diner at issue). Mr. Range has shown a genuine and specific intent to return to The Frankie Shop and therefore meets the third element of ADA Standing.

In *Calcano,* the Second Circuit identified "several categories of information that could be helpful in determining whether 'it was reasonable to infer ... that plaintiff intended to return to the subject location'". *Calcano*, 36 F.4th at 75. The Second Circuit held that standing is shown when the specific, non-conclusory factual allegations in a complaint, "examined under the 'totality of all relevant facts,'" make the plaintiff's stated intent to return plausible. *See Id.* at 75 (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)). The analysis is "context-specific". *Range*, 2025 WL 1144700, at *5.

In *Kreisler*, the plaintiff adequately established his standing to sue by alleging that he "lives within several blocks of the Diner," "passes by it three to four times a week," "frequents diners in his neighborhood," and "would like to frequent the Diner if he were able to access it." *Kreisler*, 731 F.3d at 186, 188.

In *Kreisler*, considerations such as proximity were important in Kreisler as the plaintiff had no specific interest in the inaccessible diner itself, other than its proximity to his residence, and that he dined at other diners. *See Id*. The situation here is quite different. Here, Mr. Range has alleged his prior repeated attempts to visit The Frankie Shop, Compl. ¶ 63; Range Decl. ¶¶ 7 - 8, 12 -15, 18. A specific interest in The Frankie Shop's merchandise. Compl. ¶ 82, 88-91. He visits The Frankie Shop's Lower East Side neighborhood three or more times a year. Compl. ¶ 86. Why he desires to shop for The Frankie Shop's apparel by visiting The Frankie Shop. Compl. ¶ 84. And his expressed interest in fashion generally, Compl. ¶ 62, and in The Frankie Shop's apparel specifically. Compl. ¶¶ 82 - 84, 88 - 91.

Considering the "totality of all relevant facts" proximity is not a critical consideration, and Plaintiff demonstrates an intent to return. *See Calcano*, 36 F.4th at 75; *Range,* 2025 WL 1144700, at *5. Nevertheless, should the Court deem proximity critical in this circumstance, Plaintiff has provided testimony that he resides "approximately 30 minutes travel time from The Frankie Shop". Range Decl. ¶ 4.

It is clear that the totality of relevant facts demonstrate Mr. Range's intent to return.

Defendants argue that Plaintiff "has not provided any specificity to show that the frequency of visits supports a finding of standing." Def Frankie Supp. Mem. at 3. They dispute, without support, that Plaintiff did not suffer injury on February 10, 2025, as alleged. Def Frankie Supp. Mem. at 3. As shown in Plaintiff's Statement of Facts, and in this Part C, *supra*, Plaintiff, has provided specificity as to his deterrence from visiting The Frankie Shop, and his ongoing desire and intent to return to The Frankie Shop.

*Kreisler* makes clear, deterrence from attempting to overcome an architectural barrier constitutes an injury in fact. 731 F.3d at 188. Defendants' reliance on *Feltzin v. Stone Equities LLC*, No. 16-CV-6457, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018), is misplaced. Unlike Mr. Range, the plaintiff in *Feltzin* "failed to allege when he visited" the property, and the absence of any dates precluded a reasonable inference that he ever suffered injury at any particular time. Here, by contrast, Plaintiff provides specific dates on which he was previously deterred, May 2024 and February 10, 2025, and specifies the frequency that he visits the neighborhood.

Defendants next contend that Plaintiff's "twice in the last 14 months" desire to visit reflects a "low frequency" insufficient to establish standing. Def. Frankie Supp.

Mem. at 3. But by Defendants' own framing, this equates to once every seven months. Defendants cite no authority suggesting that desiring to shop at a fashion retailer every seven months is too infrequent to support standing. On the contrary, this supports a plausible inference of intent to return.

Defendants' reliance on *Tucker v. Whole Foods Mkt. Grp., Inc.*, No. 19-CV-9842, 2020 WL 3504728, at *4 (S.D.N.Y. June 29, 2020), is also unavailing. *Tucker* concerned a non-architectural barrier, the unavailability of braille gift cards In *Tucker*, the plaintiff never personally encountered a barrier at the store, nor did he allege any interest in its products or services. Mr. Range, by contrast, alleges that he personally encountered the barrier at The Frankie Shop, specifies when this occurred, and explains his ongoing interest in shopping there. Indeed, the *Tucker* court underscored that plaintiffs must allege "facts that tend to show that the plaintiff will likely frequent the area where the public accommodation is located and is interested in what it has to offer." *Id.* (quoting *Hirsch v. Campaniello Soho, Inc.*, No. 14-CV-5097, 2015 WL 678662, at *3 (S.D.N.Y. Feb. 17, 2015)). Mr. Range does this as he specifies when and why he desired to shop at The Frankie Shop, supports the likelihood that he will frequent the area with allegations of multiple visits to the neighborhood each year, and demonstrates an ongoing interest in the store's unique products.

Defendants finally argue that Plaintiff "fails to adequately provide any rationale for why he would return to the Lower East Side." Def. Frankie Supp Mem. at 3. They cite *Frimpong v. Punjab Wine & Liquor LLC*, No. 22-CV-4406, 2024 WL 5718804, at *3 (E.D.N.Y. Oct. 25, 2024). But *Frimpong* is inapposite as the plaintiff provided no specifics as to why she would travel 30 miles to purchase generic "meals and beverages"

and alleged no genuine interest in the store's offerings. Mr. Range, by contrast, alleges a specific, ongoing interest in The Frankie Shop's nonfungible apparel, an interest cultivated through both in-person exposure to window displays and online browsing. Compl. ¶¶ 78 - 91. His allegations of multiple neighborhood visits each year also underscores a continuing connection to the area and support a plausible intent to return.

## POINT II

### PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE VIABLE CLAIMS

**A.    Defendants Improperly Move to dismiss under Rule 12(b)(6) based on their contention that Plaintiff is without Standing.**

"[A] motion to dismiss for lack of standing is properly pursued in accordance with Rule 12(b)(1) for dismissal based on lack of subject matter jurisdiction." *Adams v. 46 N LLC*, No. 22-CV-1075-LTS, 2023 WL 2163186, at *3 n.1 (S.D.N.Y. Feb. 22, 2023) (citing Fed. R. Civ. P. 12(b)(1)). Yet Defendants move under Rule 12(b)(6) based on their contention that Plaintiff is without standing. Defendants explicitly state that they base their motion under Rule 12(b)(6) on their belief that Plaintiff did not establish two ADA standing requirements: past injury and intent to return. Defs Mem. of Law, at 5. They argue "Plaintiff fails to set forth facts to justify two elements of the cause of action under the ADA" and thus fails "to set forth facts that if proven would justify judgment" in his favor. *Id*. Defendants do not set forth any elements of an ADA cause of action in their memoranda of law, only the elements for ADA standing.

Defendants confirm that "the elements of the cause of action" on which they base their 12(b)(6) motion are, in fact, the requirements for ADA standing. Defendants argue [t]his Plaintiff cannot demonstrate that it is "'it was reasonable to infer that the discriminatory treatment would continue.' *Calcano* at 74." *Id*. Defendants' quotation

from *Calcano* substantiate that the "elements of the cause of action" to which Defendants refer are those by which standing is determined.

Defendants expressly ask this Court dismiss Plaintiff's Complaint under 12(b)(6) based on their contention that he lacks the necessary elements for standing. However, such a motion must be made pursuant to Rule 12(b)(1). *Adams*, 2023 WL 2163186, at *3 n.1. The remainder of Defendants' arguments under Rule 12(b)(6), and the purported facts in support of their arguments address the ultimate legal issue that this Court must determine. Specifically, the third element of an ADA claim: "that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008) (citing *Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir.2008) as setting forth the three elements of a claim under the ADA).

Defendants fail to support their request that this Court dismiss Plaintiff's Complaint with any legal authority, factual analysis, or developed argument that Plaintiff's Complaint fails to state a cognizable claim. *See generally* Defs. Memo of Law. Defendants motion under Rule 12(b)(6) fails as issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Tolbert v. Queens College*, 242 F.3d 58, 75 (2d Cir. 2001) (citation omitted). Defendants improper request to have this Court dismiss Plaintiff's Complaint based on the elements of standing is not proper. *Adams*, 2023 WL 2163186, at *3 n.1 Moreover, Defendants failed to make any proper arguments under Rule 12(b)(6) and any request for relief based on such arguments must be denied.

## B.    Defendants' Factual Declarations Cannot Be Considered

Defendants base their Rule 12(b)(6) motion on unsupported factual contentions, and extrinsic evidence, including witness testimony contained in the declaration of

Defendant Flemington's counsel, Avram Frisch. However, declarations, affidavits, and documentary evidence may not be considered on a Rule 12(b)(6) motion. See e.g., *Reyes v. Cty. of Suffolk*, 995 F. Supp. 2d 215, 220 (E.D.N.Y. 2014) ("Generally, when a defendant attempts to counter a plaintiff's [c]omplaint with its own factual allegation[s] and exhibits, such allegations and exhibits are inappropriate for consideration by the Court at the motion to dismiss stage."); *Dual Groupe, LLC v. Gans-Mex LLC*, 932 F. Supp. 2d 569, 572 (S.D.N.Y. 2013) ("Defendants dispute many of the complaint's factual allegations, which the court cannot adjudicate at the motion to dismiss stage.) None of the extrinsic evidence Defendants submitted, neither Mr. Frisch's testimony, nor the documentary evidence attached to the Frisch Declaration, are incorporated within or otherwise integral to Plaintiff's Complaint. Accordingly, Defendants cannot utilize the Frisch Declaration, inclusive of its attached documentary evidence to support their Rule 12(b)(6) motion. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (on a motion to dismiss the court "may not consider documents in the record, such as affidavits, unless they are incorporated in, or otherwise integral to, the complaint.").

Defendants use of the Frisch Declaration to place 'facts' from "outside the pleadings" before this Court is impermissible on a Rule 12(b)(6) motion. Therefore this Court must exclude and disregard the Frisch Declaration in its entirety. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 61 (S.D.N.Y. 2010) (excluding affidavit and exhibits submitted in opposition to motion to dismiss). Defendants' arguments that Plaintiff's Complaint fail to state a cognizable claim are based **entirely** on the Frisch Declaration. They are therefore "facts" extrinsic to Plaintiff's Complaint. The Court must deny Defendant's 12(b)(6) motion.

It is well settled that, in deciding a motion to dismiss, a court is limited to the four

corners of the complaint. See *Tommy Lee Handbags Mfg. Ltd. v. 1948 Corp.*, 971 F.

Supp. 2d 368, 382 (S.D.N.Y. 2013) (disregarding extrinsic evidence and considering only

"the complaint and any documents incorporated therein"). Where a movant submits

extrinsic evidence in support of a motion to dismiss, courts routinely decline to consider

the extrinsic evidence. *See e.g. City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957

F. Supp. 2d 277, 289 (S.D.N.Y. 2013) (striking exhibits to a motion to dismiss when the

exhibits were relied upon for the truth of the matters asserted therein).

The testimony in the Frisch Declaration and the attached document are

inadmissible for the reasons that the Hong Declaration is inadmissible. See Point 1, Part

A, *supra.* Mr. Frisch's statements are not made on personal knowledge, only that they are

"true and correct to the best of [Mr. Frisch's] knowledge." Frisch Decl. ¶ 1, ECF No.14.

*See Kamen,* 791 F.2d at 1010 - 11; *Milberg LLP*, 2020 WL 3833829, at *3

### C.    Plaintiff Has Alleged Sufficient Facts To State Viable Claims

It is well settled that a complaint that contains sufficient factual matter to state a

facially plausible claim cannot be dismissed pursuant to Rule 12(b)(6). *Ashcroft,* 556 U.S.

at 678). "[W]hen the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged", the claim is

plausible. *Id*. To make this determination a court "merely assess[es] the legal feasibility

of the complaint [and does] not … assay the weight of the evidence which might be

offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir.

2010). A claim under the ADA requires a plaintiff to establish "that (1) he or she is

disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a

place of public accommodation; and (3) that the defendants discriminated against the

24

plaintiff within the meaning of the ADA. *Roberts*, 542 F.3d at 368. Discrimination under

the ADA takes two forms that are relevant here. The first is Defendants' failure to

perform alterations to a place of public accommodation so that "to the maximum extent

feasible, the altered portions of the facility are readily accessible to and usable by

individuals with disabilities, including individuals who use wheelchairs." *Id*. (citing 42

U.S.C. § 12182(b)(2)(A)(iv)). The second is Defendants' failure to remove architectural

barriers where doing so is "readily achievable" *Id*. at 369 (citing 42 U.S.C. §

12182(b)(2)(A)(iv)). The ADA Standards establish what constitutes "full and equal

enjoyment" of public accommodations. *Chapman*, 631 F.3d at 947.  Both the owner of a

building that houses a public accommodation and the tenant who owns or operates the

public accommodation may be held liable for ADA violations. 28 C.F.R. § 36.201(b).

A plaintiff asserting ADA claims based on architectural barriers is not required to

establish a prima facie case at the pleading stage. *See Girotto v. LXC Inc.*, 2020 WL

3318275, *6-7 (S.D.N.Y. June 18, 2020). Similarly, in the context of civil rights claims,

courts have made clear that a plaintiff need not plead facts sufficient to establish a prima

facie case in order to survive a motion to dismiss. *E.E.O.C. v. Port Auth. of NY and NJ*,

768 F. 3d 247, 254 (2d Cir. 2014) ("[A] discrimination complaint need not allege facts

establishing each element of a prima facie case of discrimination to survive a motion to

dismiss"). Nor is a plaintiff required to plead "evidence" in the complaint. *Wynder v.

McMahon*, 360 F.3d 73, 77 (2d Cir. 2004) (Fed. R. Civ. P. 8 does not require "legal

theories, specific authority, or detailed evidence").

As set forth in the Statement of Facts, Plaintiff's Complaint clearly alleges that

Plaintiff is an individual with disabilities who suffers from medical conditions that inhibit

walking and restrict body range and movement, and that he uses a wheelchair to ambulate. It also clearly alleges that the Defendants own, lease to, operate and/or control both The Frankie Shop and the 100 Stanton building in which it is located. The Complaint further identifies architectural barriers at The Frankie Shop's public entrance that violate the ADA Standards and details how those violations deny Plaintiff full and equal enjoyment of The Frankie Shop. These are not legal conclusions. They are detailed factual allegations that accepted as true, [] state a claim to relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678. The specificity of these allegations readily permits this Court to "draw the reasonable inference" that Defendants discriminated against Plaintiff in violation of the ADA and are therefore liable. Accordingly, Plaintiff has pled a plausible and factually supported claim of discrimination to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and dismissal is not warranted.

> **D.    Triable Issues Of Fact Remain Regarding Plaintiff's State and Local Causes of Action Because They Require An Independent And More Liberal Construction Than The ADA Analysis**

Questions of fact exist concerning the Defendants' violations of the accessibility obligations imposed by the NYSHRL, NYSCRL and NYCHRL. The Second Circuit Court of Appeals has consistently held that disability discrimination claims arising under the NYCHRL are not governed by the same legal standards as federal ADA claims. Defendants do not seek to dismiss Plaintiff's state and local law claims based on Rule 12(b)(6). Nevertheless, Plaintiff notes that "courts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing [the NYCHRL's] provisions broadly in favor of discrimination plaintiffs to the extent that such a construction is reasonably possible." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013); *Loeffler v. Staten Island Univ. Hosp.*, 582

F.3d 268, 278 (2d Cir. 2009). Similarly, Plaintiff's NYSHRL claim remains as this law was amended to be construed in the same manner as the NYCHRL. *See e.g. McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 68 (S.D.N.Y. 2020) (noting that NYSHRL was amended in 2019 to be construed liberally like the NYCHRL). Dismissal of any state and local claims is not warranted

## POINT III

### IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

If the Court finds that Plaintiff's Complaint or his opposition to the Motion to Dismiss contains deficiencies, we respectfully request that Plaintiff be allowed to amend the pleadings because dismissal would be an extraordinary remedy to this action and set a dangerous precedent for disabled individuals harmed by denials of their right under the ADA to full and equal access at places of public accommodation. Pursuant to Fed. R. Civ. P. 15(a)(2), the "court should freely give leave [to amend] a complaint when justice requires." Leave to amend is governed by a "permissive standard," which is consistent with the Second Circuit's "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation and internal quotation marks omitted). There would be no unfair prejudice toward Defendants or undue delay by allowing Plaintiff to serve an amended complaint.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss in its entirety.

Dated: August 22, 2025

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:_____/s_____
    Adam S. Hanski, Esq.
    Attorneys for Plaintiff
    4 International Drive, Suite 110
    Rye Brook, NY 10573
    Telephone: (212) 248-7400
    ash@disabilityrightsny.com

## <u>CERTIFICATE OF WORD COUNT</u>

I, Adam S. Hanski, an attorney duly admitted to practice before this Court, hereby certify that the foregoing Memorandum of law

(i)     complies with the word-count limitations contained in Rule 7.1(c) of the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") and Rule II.B.2 of the Honorable Margaret M. Garnett's Individual Rules and Practices ("Individual Rules");

(ii)    was prepared using Microsoft Word, which calculated the word count as 8,098 words, excluding the parts of the document that are exempted by Rule 7.1(c) of the Local Rules and Rule II.B.2 of Judge Garnett's Individual Rules, and

Dated: August 22, 2025

By: _/s/ Adam S. Hanski_
Adam S. Hanski, Esq.