UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR.,<br>Plaintiff,<br>v.<br>FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC,<br>Defendants. | Civil Action No.<br>1:25-cv-02633-MMG |

**MEMORANDUM OF LAW OF DEFENDANT FLEMINGTON ESTATES LLC REPLY**

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**
*Attorneys for Defendant, Flemington Estates LLC*

Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com

## PRELIMINARY STATEMENT

## LEGAL ARGUMENT

### a. The Court may take Judicial Notice of other cases on a motion to dismiss

The Plaintiff takes issue with facts recited in the declaration of the undersigned. The vast majority of the facts contained in the declaration are present in the Electronic Docket maintained by the Court, as indicated therein. These facts are therefore subject to being admissible as judicially noticed facts. Pursuant to Fed. R. Evid. 201(b)(2) the facts that are included in the Court's docket clearly "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rules Evid. R. 201. Furthermore, such facts may be utilized at any point in the proceeding. F. Rules Evid. R. 201(d). Courts in this Circuit have relied on such judicial notice on motions to dismiss. *See Kravitz v. Tavlarios,* No. 20-2579-cv, 2021 U.S. App. LEXIS 34224, at *9 (2d Cir. Nov. 18, 2021).

### b. Rule 12(b)(1) motions for lack of standing may rely on extrinsic evidence

"District courts have broad discretion to consider relevant and competent evidence on a motion to dismiss for lack of subject matter jurisdiction that raises factual issues." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) citing 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.30 (3d ed. 2021). There is no doubt that the motions to dismiss raise factual issues related to standing. The Plaintiff does not have any basis to challenge the facts recited in the Frisch Declaration, only that it should not be considered. This would error, as the Court is simply not free to disregard evidence that clearly contradicts the allegations of the Amended Complaint. "However, where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999) citing *Filetech S.A. v. France*

*Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998).

**c. Plaintiff wrongly asserts that the Frisch Declaration is not made on Personal Knowledge**

The Frisch Declaration is based on the knowledge of the undersigned, based on my personal involvement with the prior action. Everything in that Declaration was within my personal knowledge. Any assertion to the contrary is not based on the language of the Declaration, but rather of Plaintiff's counsel's desire for it to be so. There is no requirement of magic words in the declaration to establish how the knowledge of the declarant was obtained. It is readily apparent from the declaration that the undersigned was counsel for Flemington Estates LLC in the prior action and that I have personal knowledge of the details of that action. While the Declaration could have made clear that the facts recited were directly within my personal knowledge, this should not be fatal to something that is both self-evidently true from the ECF docket of that case, and clearly implied within the declaration.

**d. State law claims**

Upon dismissal of the Federal claims, the Court should decline to exercise supplemental jurisdiction over the state law claims. "Plaintiff's assertions may implicate claims under state law. Under 28 U.S.C. § 1367(c)(3), a federal district court is authorized to decline to exercise supplemental jurisdiction of state law claims once it has dismissed all of the federal claims of which it had original jurisdiction." *Smickle v. Croce*, No. 23-CV-3439 (LTS), 2023 U.S. Dist. LEXIS 106878, at *3-4 (S.D.N.Y. June 20, 2023) citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("Generally, when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

**e. Frankie Shop Arguments are Adopted by Reference**

The weakness of the Plaintiff's arguments in opposition to the video evidence and arguments regarding standing are fully addressed in Co-Defendant Frankie Shop LLC's papers, and such arguments are adopted herein by reference.

## CONCLUSION

For all of the above-mentioned reasons and those set forth in the initial motion to dismiss, Landlord Defendant respectfully request that the Court grant its motion to dismiss the Complaint.

Dated: Hackensack, New Jersey
August 28, 2025

                                              **THE LAW OFFICE OF AVRAM E. FRISCH LLC**
                                              *Attorneys for Defendant Flemington Estates, LLC*

By: _____
      Avram E. Frisch, Esq.
      1 University Plaza, Suite 119
      Hackensack, NJ 07601
      201-289-5352
      frischa@avifrischlaw.com