UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR., <br><br> Plaintiff, <br><br> v. <br><br> FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC, <br><br> Defendants. | Civil Action No. <br> 1:25-cv-02633-MMG |

**MEMORANDUM OF LAW OF DEFENDANT FRANKIE SHOP, LLC REPLY**

**DENTONS US LLP**
*Attorneys for Defendant, Frankie Shop, LLC*
Jonathan Hong
1221 Avenue of the Americas
New York, NY 10020-1089
212-398-8798
Jonathan.hong@dentons.com

**PRELIMINARY STATEMENT**

Defendant's submit this reply in support of their Motion to Dismiss the First Amended Complaint. As mentioned below, the allegations by plaintiffs suffer from insurmountable problems which compel dismissal. Specifically, plaintiff has failed to satisfy the requirements for standing under the ADA. Plaintiff has failed to plead standing as they have not adequately alleged an intent to return with the requisite level of specificity. Frankie Shop also incorporates the prior and upcoming motions to dismiss of co-defendant Flemington Estates LLC.

**ARGUMENT**

I.  **Plaintiff Incorrectly Asserts That The Video Evidence Cannot Be Considered On A Motion To Dismiss.**

Courts are permitted to consider evidence on the record when the evidence is integral to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Courts in this district have held that video footage can be considered integral to the complaint when specific interactions give rise to the claims. *Barkai v. Mendez*, 629 F. Supp. 3d 166, 176 (S.D.N.Y. 2022). Furthermore, the Second Circuit has held that "where a party offers extrinsic evidence that contradicts the material allegations of the complaint,…… that it would be error for the district court to disregard that extrinsic evidence". *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022).

The video evidence submitted in support of the motion to dismiss clearly contradicts the material allegations of the complaint. The video shows the "store's door, adjoining sidewalk, street, and opposite sidewalk." *Hong Decl.* in Support of Frankie Shop at ¶ 8. This directly contradicts plaintiff's allegation that plaintiff visited the store on February 10, 2025. Compl. ¶

2

63. Following *Harty* 28 F.4th at 442, the court should permit the video evidence as it directly contradicts the material allegations in the complaint. There is no dispute, that the video footage is integral to the complaint as it directly depicts specific interactions that give rise to the claims. Specifically, plaintiff alleges that they visited the store on February 10, 2025 where they encountered the alleged accessibility barriers. Compl. ¶ 63. Therefore, as in *Barkai* 629 F. Supp. 3d at 176, plaintiff's allegations that the video footage cannot be considered is without merit.

Plaintiff argues that the video footage is without proper authentication and without personal knowledge. Assuming arguendo that these allegations had merit, if requested by the court, defendant is willing and able to provide a supplemental declaration from our client or participate in an evidentiary hearing on these issues.

## II.   Plaintiff Should Not Be Permitted To Plead Additional Facts In A Declaration That Were Not Plead In The Complaint.

Plaintiff has submitted an additional declaration with their response that includes a number of facts that were not originally pled in their complaint. Range Decl. Plaintiff has improperly submitted these facts to bolster their inadequately pled complaint. Courts in the second circuit have refused to consider information detailed in a declaration in response to a Rule 12(b)(6) motion. *Louisiana Mgmt. Co., LLC v. City of Saratoga Springs*, New York, No. 1:24-CV-1017 (AMN/DJS), 2025 WL 915753, at *3 (N.D.N.Y. Mar. 26, 2025). In *Louisiana Mgmt. Co., LLC*, plaintiff acknowledged a discrepancy between the level of factual detail provided in the complaint and declaration. *Id*. The court held that since the declaration was not integral to the complaint, the court could not consider its contents. *Id*.

Plaintiff is attempting to bolster their inadequate complaint by pleading additional facts in a declaration. These facts were not included in their original or amended complaint and should not be considered by this court. As in *Louisiana Mgmt. Co., LLC*, there is a clear discrepancy between the facts plead in the complaint and the facts included in the declaration. This discrepancy should lead the court to disregard its contents.

Plaintiff's use of extrinsic evidence is also distinguishable from defendant's submission of video evidence. As in *Harty* 28 F.4th at 442, extrinsic evidence should be considered when it contradicts the allegations in the complaint. Here, plaintiff is attempting to utilize the declaration to supplement or enhance the allegations in the complaint. This was the exact rationale that the court rejected in *Harty* where the 2nd Circuit upheld a district court decision not to consider an ADA tester's affidavit. *Id*. Plaintiff should not be permitted to enhance their complaint by submitting facts in a declaration that were not included in the original complaint.

Plaintiff is attempting to bypass their pleading allegations by including additional facts in a declaration. For the reasons above, the court should not consider the facts alleged in the declaration.

> **III.    The Amended Complaint Failed To Adequately Plead An Intent To Return To The Premises.**

**A. Plaintiff Failed to Plead that an Intent to Return was Reasonable to Infer Based on the Frequency of Plaintiff's Visits and the Proximity of Defendant's Business to Plaintiff's Home.**

Per *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022), plaintiff has failed to plead that "it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." In their response, plaintiff cites to caselaw that is distinguishable from this case. Plaintiff cites to *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) to support plaintiffs intent to return. However, the facts in *Kreisler* distinguish the strict requirements for an intent to return. The facts in *Kreisler*, are significantly different than this case. In *Kreisler*, the plaintiff passed by the diner 3-4 times a week and attested to living with "several blocks of the diner". *Id*. at 186. Here, plaintiff alleges two visits in a fourteen month period and never identified their address in relation to the store. The plaintiff in *Kreisler* passed by the premises more times in one week than plaintiff in this case did in 14 months. Based on this vast differentiation, plaintiff's past frequency in visits cannot be considered to support an intent to return.

Plaintiff's lack of specificity in identifying their address should also weigh against an intent to return. Without pleading their address in the complaint, plaintiff has provided no way to assess the proximity of defendant's business to plaintiff's home. After failing to plead adequate facts, plaintiff now tries to include additional facts in the Range Decl. Assuming arguendo that this can be considered, plaintiff still fails to identify their address and instead states they are within 30 minutes from the premises. Range Decl. ¶ 4. These facts are more similar to *Frimpong v. Punjab Wine & Liquor LLC*, No. 22 CIV. 4406 (BMC) (VMS), 2024 WL 5718804, at *3 (E.D.N.Y. Mar. 15, 2024). In *Frimpong*, the court found that plaintiff's failure to explain why they would travel 30 miles to visit the premises was insufficient to support their intent to return. *Id*. Here, plaintiff has failed to adequately explain why their client would travel over 30 minutes to visit

5

defendant's premises. Per *Frimpong*, the plaintiff's alleged proximity from defendant's business should weigh against a finding of intent to return.

The lack of specificity in Plaintiff's amended complaint should weigh against any finding of an intent to return. Courts have held "that a lack of specificity with regard to past patronage, or an interest in patronage, weighs against an inference that Plaintiff plausibly possesses an intent to return to the Property in the imminent future but for the alleged violations." *Feltzin v. Stone Equities, LLC*, No. CV166457SJFAKT, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018), report and recommendation adopted, No. 16CV6457SJFAKT, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018). Plaintiff has failed to provide specific dates or any adequate information relating to their visits. Instead, plaintiff provides a date that is disproven by video footage, and broadly states they visited during a month in May 2024. Without providing a specific date, plaintiff's lack of specificity should weight against a finding that they had a plausible intent to return.

**B. Plaintiff Failed to Provide Sufficient Specificity Regarding Their Plans to Return to the Premises.**

Plaintiff's amended complaint has failed to provide any specificity detailing their intent to return. Intent to return must be comprised of more than just "some day' intentions — without any description of concrete plans, or indeed even any specification of when the some day will be — do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564, 112 S. Ct. 2130, 2138, 119 L. Ed. 2d 351 (1992). Courts have directly held that plans to return to the [P]roperty once the barriers to access are corrected.... is tantamount to an intent to return "some day". *Feltzin v. Stone Equities*, LLC, 2018 WL 1115135, at *11.

Plaintiff failed to address defendant's argument that they have not provided sufficient details relating to their intent to return. Plaintiff only states that they intend to return once the property becomes accessible. Compl. ¶ 94. This is unlike cases where courts have found that plaintiff's specific plans to return were sufficient. *See Feltzin v. 183 S. Wellwood Ave. Corp.*, No. 16CV5387ADSGRB, 2017 WL 6994213, at *4 (E.D.N.Y. Oct. 25, 2017)(Intent to return sufficient when plaintiff planned to visit the property approximately 90 days after being notified that it had been made handicap accessible). Plaintiff's lack of specificity is the exact kind of "some day" intentions that the Supreme Court has ruled is not sufficient for standing.

### C. Plaintiff Failed to Plead Any Sufficient Connection With the Lower East Side or Defendant's Business.

Plaintiff's amended complaint has failed to "describe any particular and ongoing interest or association with the neighborhood to support the allegation that she would return to the neighborhood, let alone the subject facilities". *Frimpong v. Punjab Wine & Liquor LLC*, No. 22 CIV. 4406 (BMC) (VMS), 2024 WL 5718804, at *3 (E.D.N.Y. Mar. 15, 2024). As in *Frimpong*, generally stating that you enjoy a neighborhood is not sufficient to satisfy the specificity requirements for standing. *Id*. at 3. In an attempt to distinguish *Frimpong*, plaintiff mischaracterizes the court's findings and the facts of the case. Specifically, the court listed a number of facts that plaintiff could have pled to describe their ongoing interest or association with the neighborhood. Some examples include, whether plaintiff had any friends in the area, whether plaintiff had an interest in cultural landmarks in the neighborhood, or whether plaintiff had a particular interest in the kind of Tandori food sold at the premises. *Id*. Plaintiff's amended complaint included none of these facts. Instead, plaintiff merely states that they "enjoy going to the lower east side". This kind of boilerplate assertion is insufficient to plead an intent to return.

7

Instead, plaintiff attempts to bolster their inadequate association with the Lower East side by stating their "ongoing interest in Frankie Shop's non-fungible apparel…". Specifically, plaintiff cites to ¶ 78-91 of the amended complaint to support this claim. However, a review of the complaint shows no mention of any interest in "Frankie Shop's non-fungible apparel". Instead, plaintiff's complaint broadly asserts that plaintiff "likes" and is "attracted to" Frankie Shop Clothing. Compl. ¶ 89. Courts have found that ADA plaintiffs could not establish standing where they fail to allege "what [was] distinctive about" defendant's business. *Gannon v. JBJ Holdings*, LLC, No. 22-cv-1674, 2022 WL 6698222, at *3 (S.D.N.Y. Oct. 11, 2022). Plaintiff's vague allegations of their interest provide no insight into what is distinctive about defendant's business and why they looking to return. By failing to specify any particular and ongoing interest or association with the neighborhood or any specific interest in defendant's business plaintiff has failed to adequately plead an intent to return to the premises.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, the Court should dismiss the claims against Frankie Shop, LLC and Flemington Estates LLC in the First Amended Complaint, in their entirety, with prejudice.

Dated: New York, NY
August 29, 2025

/s/ Jonathan Hong
**DENTONS US LLP**
Jonathan S. Hong
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 398-8797
Jonathan.hong@dentons.com
Counsel for Defendant Frankie Shop LLC

## **CERTIFICATION OF WORD COUNT**

It is hereby certified that the word count of this memorandum of law complies with word limits of Local Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Rule 7.1(c) is 2,014 words.

*/s/ Jonathan S. Hong*
Jonathan S. Hong