USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/31/2026____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KING RANGE, JR.,

                                    Plaintiff,

                -against-                                          25-CV-02633 (MMG)

FLEMINGTON ESTATES LLC, et al.,                         **OPINION & ORDER**

                                    Defendants.

MARGARET M. GARNETT, United States District Judge:

King Range, Jr. ("Plaintiff") brings this action against Flemington Estates LLC and

Frankie Shop, LLC (together, "Defendants"), asserting claims for violations of Title III of the

Americans With Disabilities Act ("ADA") and analogous provisions of the New York State

Human Rights Law and New York City Human Rights Law.  Before the Court are Defendants'

motions to dismiss the Amended Complaint for lack of standing and failure to state a claim.[1]

For the reasons that follow, the motions are DENIED.

## BACKGROUND

### I.     RELEVANT FACTS[2]

Plaintiff is a resident of New York City.  Am. Compl. at 5.  Because of a congenital

condition that inhibits his ability to walk, Plaintiff uses a wheelchair for mobility.  *Id.*

Defendants maintain a clothing store called The Frankie Shop (the "Store"), located at 100

---

[1] Defendants' arguments as to lack of standing and failure to state a claim appear to be directed only at Plaintiff's ADA claim.  Defendants separately argue that the Court should decline to exercise supplemental jurisdiction over the state law claims.  *See* Dkt. No. 33 at 3.  Because the Court does not dismiss the ADA claim, it will exercise supplemental jurisdiction over the state law claims.

[2] This Opinion draws its facts from Plaintiff's First Amended Complaint, Dkt. No. 21 ("Am. Compl."), the well-pleaded allegations of which are accepted as true for purposes of this Opinion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

1

Stanton Street on the Lower East Side in Manhattan. *Id.* at 1. Flemington Estates LLC

("Landlord Defendant") owns the premises at 100 Stanton Street. *Id.* at 5. Frankie Shop, LLC

("Tenant Defendant") leases the premises and operates the Store. *Id.*

Plaintiff alleges that he "enjoys clothing and fashion generally and likes discovering new

styles, designers and brands." *Id.* at 14. He "has desired to enter [the Store] and shop for

clothing multiple times in the last few years, including during May, 2024 and on February 10,

2025." *Id.* However, he could not do so because of "architectural access barriers, inclusive of a

step, that Defendants maintain at the public entrance" to the Store. *Id.* Plaintiff alleges he saw

the step from the sidewalk and "did not engage in the futile gesture of trying to physically

surmount the step that bars him from entering." *Id.* at 15. Plaintiff remains interested in the

merchandise at the Store and "wants the opportunity to experience shopping there in real life."

*Id.* at 17. He alleges that he continues to be deterred from patronizing the Store due to the

architectural access barrier, and Defendants refuse to remove it. *Id.* at 8.

## II.    PROCEDURAL HISTORY

Plaintiff initiated this action on March 31, 2025. Dkt. No. 1. Landlord Defendant moved

to dismiss the Complaint on June 18, 2025, Dkt. No. 13, and Tenant Defendant followed suit two

days later, Dkt. No. 16. Defendants' motions were substantially similar, raising the same

arguments regarding Plaintiff's purported lack of standing and failure to state a claim. *See

generally* Dkt. Nos. 15, 18. As permitted by the Court's Individual Rules, Plaintiff filed the

Amended Complaint on July 11, 2025, in lieu of opposing the motions. Dkt. No. 21.

Defendants thereafter filed renewed motions to dismiss incorporating the arguments from their

original motions. Dkt. Nos. 22, 26. The renewed motions are now fully briefed and before the

Court for decision.

## DISCUSSION

Defendants seek dismissal of the Complaint for lack of standing to sue. They argue that Plaintiff fails to allege an injury-in-fact because he cannot demonstrate that he ever attempted to visit the Store or that he intends to return. Alternatively, they seek dismissal for failure to state a claim, arguing that Plaintiff does not adequately allege facts that the removal of any barrier was readily achievable. Neither argument provides a basis for dismissal at this stage of the litigation.

## I.      LEGAL STANDARDS

### A. Motions to Dismiss Under Rule 12(b)(1) for Lack of Constitutional Standing

A district court must dismiss a claim under Rule 12(b)(1) when the court "'lacks the statutory or constitutional power to adjudicate it,' such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015).[3]

Article III of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const. Art. III. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). Standing consists of three elements: "(1) an injury in fact (*i.e.*, a concrete and particularized invasion of a legally protected interest); (2) causation (*i.e.*, a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (*i.e.*, it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." *Id.* at 273–74. "The party invoking

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

The procedural posture of the case determines the applicable burden, as standing must be established "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 at 561. "Thus, at the pleading stage, standing allegations need not be crafted with precise detail, nor must the plaintiff prove his allegations of injury." *Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003). To survive a motion to dismiss for lack of standing, a plaintiff must "allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

**B. Motions to Dismiss Under Rule 12(b)(6) for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court must assume all well-pled facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012); *see also A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993) ("[A]ll allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party."). However, the Court need not accept conclusory assertions. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021).

## II.    PLAINTIFF HAS ESTABLISHED STANDING

A private plaintiff may seek only injunctive relief under Title III of the ADA.  *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004).  A plaintiff seeking injunctive relief must establish "that the identified injury in fact presents a real and immediate threat of repeated injury."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013).  In ADA Title III cases, "a plaintiff seeking injunctive relief has suffered an injury in fact when: (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location."  *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler*, 731 F.3d at 187–88).

Plaintiff satisfies all three factors at the pleading stage.  As to the first factor, establishing a past injury under the ADA is a "low threshold."  *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) ("We have repeatedly described [the injury-in-fact] requirement as 'a low threshold'").  A plaintiff need not attempt to enter the premises—deterrence alone constitutes an injury.  *Kreisler*, 731 F.3d at 188 ("[T]he fact that the wheelchair-inaccessible entrance deterred [plaintiff] from accessing the Diner established a concrete and particularized injury.").  Here, Plaintiff alleges that he suffered a past injury when the access barrier maintained by Defendants deterred him from entering the Store and denied him "the opportunity to participate in or benefit from [Defendants'] services and accommodations because of his disability."  Am. Compl. at 18.  In response, counsel for Tenant Defendant submitted a declaration stating he "personally reviewed over eight hours of the Store's video footage from February 10, 2025," and that at no point "was Plaintiff or anyone in a wheelchair seen at, or

anywhere near, the Store." Dkt. No. 17 ¶¶ 5–7. Although "[c]ourts may consider evidence outside the pleadings when deciding a fact-based motion seeking dismissal on standing grounds," *Noel v. Pepsico, Inc.*, No. 24-CV-07516 (CS), 2026 WL 558118, at *6 (S.D.N.Y. Feb. 27, 2026), Plaintiff contends counsel's statements regarding the video, as well as the video itself, are inadmissible and, in any event, fail to contradict the Amended Complaint. Dkt. No. 31 at 12–15. Regardless of any extrinsic evidence proving or disproving Plaintiff's February 2025 visit, Plaintiff establishes a past injury because he alleges he was deterred from attempting to enter the Store on other occasions, including in May 2024. *See* Am. Compl. at 14. Moreover, Plaintiff need only show that he was deterred from attempting access and there is no *per se* requirement as a matter of law that Plaintiff come within a prescribed distance of the store's entrance so as to be captured on its video surveillance system. Plaintiff's allegations suffice to satisfy the first factor at the pleading stage, even if the Court considers Defendants' proffered evidence.

For the second factor, "[c]ourts have inferred that discriminatory treatment will continue without court intervention if the architectural barriers at issue are unremedied entry steps." *Valdez v. Singlee Lau, Inc.*, No. 24-CV-09150 (AS), 2025 WL 3074254, at *3 (S.D.N.Y. Nov. 4, 2025). Plaintiff alleges that he encountered the unremedied architectural barrier at the Store on multiple visits, which is sufficient at this stage.[4] *See id.*; *Lopez v. Mizmor 91 LLC*, No. 24-CV-02635 (JHR) (RWL), 2025 WL 3096495, at *3 (S.D.N.Y. July 29, 2025), *report and*

---

[4] Defendants note that shortly before this case began, they had entered into a settlement agreement with another ADA plaintiff that provided for modifications to the Store to make it more accessible. *See* Dkt. No. 18 at 6–7. The Court does not take that fact, standing alone, to deprive Plaintiff of standing at this stage. To the extent Defendants can "demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," the Court's decision does not preclude Defendants from arguing at the appropriate time that Plaintiff's ADA claim has become moot. *Sutton v. 626 Emmut Props., Ltd.*, No. 18-CV-00090 (JPO), 2019 WL 3531564, at *3 (S.D.N.Y. Aug. 2, 2019) (noting that Title III claims "can become moot if a defendant remedies the access barrier at issue during the pendency of the litigation").

*recommendation adopted*, 2025 WL 2828190 (S.D.N.Y. Oct. 6, 2025) ("It is certainly possible that since that last visit—over two years ago—any barriers have been remediated; but the Court cannot make that assumption on this motion.")

Finally, as to the third factor, "[i]ntent to return is a highly fact-sensitive inquiry that incorporates a range of factors such as the frequency of the plaintiff's past visits and the proximity of the defendant's services, programs, or activities to the plaintiff's home along with any other factor relevant to the calculation including the plaintiff's occupation or demonstrated travel habits." *Ortiz v. Westchester Med. Ctr. Health Care Corp.*, No. 15-CV-05432 (NSR), 2016 WL 6901314, at *5 (S.D.N.Y. Nov. 18, 2016). "[T]he central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75. The Second Circuit's decisions in *Kreisler* and *Calcano* illustrate this "case-by-case standard." *Valdez*, 2025 WL 3074254, at *4. "In *Kreisler*, the Second Circuit held that a wheelchair user who could not access the defendant's diner due to an entry step plausibly pled an intent to return." *Id.* at *3. "The plaintiff asserted that he was a frequent customer of other neighborhood diners, passed by the diner three to four times per week, lived within several blocks of the diner, and intended to frequent the diner if he was able to access it." *Id*. "Meanwhile, in *Calcano*, the Second Circuit concluded that a group of visually-impaired plaintiffs suing various retail stores for failing to sell Braille-accessible gift cards failed to plausibly plead an intent to return" because they "did not assert specific and individualized facts—instead making assertions that lacked '*any* detail'" and amounted to "naked assertions of intent to return." *Id.* (quoting *Calcano*, 36 F.4th at 77–78).

7

Here, Plaintiff does more than make naked assertions of his intent to return to the Store. He alleges a general interest in fashion and a specific interest in the clothing at the Store, which have repeatedly drawn him to attempt to shop there. Am. Compl. ¶¶ 57, 62–66, 85–89. He is attracted to the Store's merchandise and intends to shop there after the Store becomes accessible. *Id.* ¶ 94. Additionally, he resides in New York City and visits the Store's neighborhood "three or more times a year." *Id.* ¶¶ 3, 86.[5] Considering the totality of the circumstances, Plaintiff has established an intent to return to the Store. *See Range v. Grand Greene LLC*, No. 24-CV-02500 (JLR), 2025 WL 1144700, at *5 (S.D.N.Y. Apr. 17, 2025) (finding intent to return where "Range, a resident of New York City, alleges that he likes clothing and fashion generally; that he visits SoHo at least six times a year to shop; that he has attempted to enter Fjällräven four times in the past (and provides specific dates); and that, based on what he has seen in Fjällräven's display windows and on its website, he is specifically interested in Fjällräven's clothing and style.").

Accordingly, Plaintiff establishes standing at this stage.

## III.     PLAINTIFF STATES AN ADA CLAIM

To state an ADA discrimination claim, a plaintiff must allege "(1) that [he] is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and

---

[5] Unlike in some other ADA cases where the fungibility of a product or service makes it implausible that the plaintiff intends to travel outside their neighborhood to patronize the defendant's business, *see, e.g.*, *Gannon v. JBJ Holdings LLC*, No. 22-CV-01674 (LJL), 2022 WL 6698222, at *3 (S.D.N.Y. Oct. 11, 2022) ("There are many donut shops on the island. Plaintiff does not allege what is distinctive about Defendants' donut shop."), boutique fashion items are generally unique, and shoppers commonly travel to make purchases. *Cf. Valdez*, 2025 WL 3074254, at *4 ("[Plaintiff] states that while she lives 35 minutes away from the restaurant, she visits the Upper West Side at least once a month . . . [and] claims she is fond of and has cravings for La Nueva Victoria's 'Boneless Fried Chicken Crackling' and 'French Fries.'").

8

equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).  Defendants do not dispute the first two elements, and only summarily argue that Plaintiff's allegations do not satisfy the third element.

For the third element, discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).  Plaintiff plausibly alleges that it was readily achievable for Defendants to install a permanent ramp and that Defendants have failed to do so. Am. Compl. ¶¶ 122–27.  Defendants counter that "Plaintiff has not apparently done any work to determine whether a ramp can be fit into the space, the cost of such a ramp, and whether the City of New York would permit a ramp to jut into a public sidewalk."  Dkt. No. 15 at 6.  Defendants demand too much of Plaintiff at the pleading stage.  Courts in this Circuit have held that a plaintiff may plead the third element by alleging that installing a permanent ramp is readily achievable, without stating more detailed facts affirmatively demonstrating how such remediation is readily achievable.  *See Valdez*, 2025 WL 3074254, at *5 & n.2 (citing *Lee v. Sutton Garage*, *LLC*, No. 15-CV-05460 (KBF), 2017 WL 11898266, at *5 (S.D.N.Y. Oct. 19, 2017)); *Rouse v. Jay St Fresh 9 Cents Pizza Inc.*, No. 23-CV-06548 (FB) (MMH), 2025 WL 815944, at *5 (E.D.N.Y. Mar. 14, 2025), *report and recommendation adopted*, 2026 WL 475952 (E.D.N.Y. Feb. 19, 2026) ("Plaintiff also alleges that 'the removal of the physical barriers is readily achievable and can be carried out without much difficulty or expense.'  Accordingly, Plaintiff has adequately alleged that he has been discriminated against within the meaning of the ADA.").

**IV.    DEFENDANTS' ADDITIONAL ARGUMENTS PROVIDE NO GROUNDS FOR DISMISSAL**

Defendants additionally protest the nature of ADA litigation in general and the tactics employed by so-called serial plaintiffs and their counsel. They point to the fact that a different plaintiff recently brought a similar action against them for the same alleged access barrier, and they contend that permitting successive actions for the same claims violates their due process rights. Dkt. No. 15 at 6–7. Relatedly, they argue that Plaintiff in this case is in privity with the plaintiff in the prior case and should be bound to the results of the prior litigation. *Id.* at 7–8. Defendants have provided no relevant support for their positions and no basis on which to dismiss the Amended Complaint on account of these complaints, which are nearly all policy issues that are not the Court's concern. Plaintiff here brings his own claims based on his own alleged injuries that have not been remedied. Defendants have pointed to no legal authority that precludes Plaintiff from filing this suit, or from proceeding beyond the pleading stage.

**CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss are DENIED. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 22 & 26.

Dated: March 31, 2026
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

10