Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352 | frischa@avifrischlaw.com
Attorney for Defendant, Flemington Estates LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KING RANGE, JR.,

Plaintiff,

v.

FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC,

Defendants.

------------------------------------------------------------x

Case No. 1:25-cv-02633-MMG

**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANT FLEMINGTON ESTATES LLC**

Defendant Flemington Estates LLC (**"Landlord Defendant"**), by and through its counsel, The Law Office of Avram E. Frisch LLC, hereby answers the First Amended Complaint of Plaintiff King Range, Jr. (**"Plaintiff"**) as follows. Any allegation not expressly admitted herein is denied.

### INTRODUCTION

1.      Denied. Landlord Defendant denies that it has discriminated against Plaintiff or any other individual with a disability.

2.      Landlord Defendant admits that it owns the property at 100 Stanton Street, New York, NY and that a step exists at the entrance of the ground floor retail space. Landlord Defendant denies that the premises are "wheelchair inaccessible" within the meaning of the ADA or that any

violation of law has occurred, and further denies all characterizations of the premises as discriminatory.

3.    Denied.

4.    Denied.

5.    Landlord Defendant admits that a step is depicted in the photograph referenced in Paragraph 5. Landlord Defendant denies all legal characterizations and conclusions contained in this Paragraph.

6.    Denied.

7.    Landlord Defendant admits that a step exists at the public entrance to the ground floor retail space at 100 Stanton Street. Landlord Defendant lacks knowledge or information sufficient to form a belief as to the precise measurement of the step and therefore denies the alleged height of "approximately 5 inches." Landlord Defendant denies all remaining allegations and legal characterizations of this Paragraph.

8.    Denied.

9.    Denied.

10.    Denied. Landlord Defendant denies that any additional architectural access barriers exist beyond those already identified in the Complaint, and denies that any such barriers violate applicable law.

11.    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations of this Paragraph.

12.    Denied. Landlord Defendant denies any discriminatory intent, belief, or policy.

13.    Denied.

14.    Denied.

15.    Denied.

16.    This Paragraph contains legal conclusions and characterizations of case law to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations and legal characterizations of this Paragraph.

17.    Denied. Plaintiff is not entitled to any injunctive relief against Landlord Defendant.

18.    Denied. Plaintiff is not entitled to any declaratory, injunctive, or equitable relief against Landlord Defendant.

19.    Denied. Plaintiff is not entitled to any monetary damages, statutory civil penalties, attorneys' fees, costs, or expenses against Landlord Defendant.

## JURISDICTION AND VENUE

1.    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant does not contest subject matter jurisdiction at this time but denies all substantive allegations.

2.    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant does not contest venue but denies all substantive allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**The Parties**

3.    Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence, and therefore denies the same.

4.    Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical conditions, and therefore denies the same.

5.      Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's use of a wheelchair, and therefore denies the same.

6.      Admitted that Flemington Estates LLC does business in New York, including at 100 Stanton Street in New York County.

7.      Admitted that Landlord Defendant owns the property at 100 Stanton Street (and 102-104 Stanton Street) in the Borough of Manhattan pursuant to a deed dated October 27, 1995.

8.      Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tenant Defendant's business operations in New York County, and therefore denies the same.

9.      Admitted that a written lease agreement exists between Landlord Defendant and a predecessor in interest to Tenant Defendant, and that the lease provides for use of the Demised Premises as a clothing store. Landlord Defendant denies all remaining characterizations and legal conclusions in this Paragraph.

10.     Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tenant Defendant's ownership and operation of The Frankie Shop, and therefore denies the same.

11.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations of this Paragraph.

12.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations of this Paragraph, and specifically denies that it "operates" The Frankie Shop.

13.     Denied.

14.    Denied.

15.    Denied.

**The Frankie Shop**

16.    Admitted that Landlord Defendant leased space on the ground floor of 100 Stanton Street (known as Store #2) to Tenant Defendant's predecessor in interest pursuant to a written lease agreement on or about December 1, 2008 (the "Original Premises").

17.    Admitted that the lease provides for use of the Original Premises as a retail clothing store.

18.    Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the assignment of the lease from Tenant Defendant's predecessor to Tenant Defendant in 2015, and therefore denies the same.

19.    Landlord Defendant admits that it entered into a lease agreement with Tenant Defendant for additional space on the ground floor of 100 Stanton Street (known as Store #3) in or around 2023 (the "Expansion Premises"). Landlord Defendant denies all legal characterizations and conclusions contained in this Paragraph.

20.    Denied. Landlord Defendant denies that *it* remodeled or renovated the Original Premises or Expansion Premises. To the extent any renovation, remodeling, or physical alteration of the Demised Premises occurred, such work was performed by Tenant Defendant in its capacity as the occupant and operator in exclusive possession and control of the Demised Premises, not by Landlord Defendant. Any such work performed by Tenant Defendant does not constitute an "alteration" attributable to Landlord Defendant for purposes of Title III of the ADA or its implementing regulations. Landlord Defendant denies all remaining allegations and legal characterizations of this Paragraph.

21.     Landlord Defendant admits that The Frankie Shop is a retail store operating in space leased by Tenant Defendant on the ground floor of 100 Stanton Street that encompasses both the Original Premises and the Expansion Premises. Landlord Defendant denies all legal characterizations in this Paragraph, and specifically denies that Defendants jointly "created" the combined retail space.

22.     Denied. Landlord Defendant denies that "numerous architectural access barriers" exist that prevent access to the premises within the meaning of applicable law.

23.     Denied. Landlord Defendant denies that the conditions at the public entrance constitute actionable "barriers" within the meaning of applicable law.

**100 Stanton Street**

24.     Landlord Defendant admits the general description of the location of 100 Stanton Street and denies any remaining characterizations or legal conclusions in this Paragraph.

25.     Landlord Defendant lacks knowledge or information sufficient to form a belief as to the precise measurements of the building's frontage along Stanton Street and Ludlow Street as alleged, and therefore denies the same.

26.     Landlord Defendant lacks knowledge or information sufficient to form a belief as to the precise measurement of the public sidewalk width as alleged, and therefore denies the same.

27.     Landlord Defendant admits that a step exists at the entrance to the ground floor retail space at 100 Stanton Street. Landlord Defendant lacks knowledge or information sufficient to form a belief as to the precise height of the step and therefore denies the alleged measurement of "approximately 5 inches." Landlord Defendant denies all remaining allegations and legal characterizations of this Paragraph.

28.     Denied. Landlord Defendant denies that sufficient space exists on the public sidewalk adjoining 100 Stanton Street to install a permanent ramp compliant with applicable ADA

accessibility standards, New York City Department of Buildings requirements, and applicable sidewalk encumbrance regulations.

29.     Denied. Landlord Defendant denies that it has failed to pursue any required or necessary permit applications, and denies all characterizations regarding the installation of a permanent ramp. Installation of a permanent ramp is not technically feasible, structurally practicable, or readily achievable given the physical constraints of the building, the applicable regulatory requirements of the New York City Department of Buildings, and applicable zoning and sidewalk regulations.

30.     Denied. Landlord Defendant denies that sufficient space exists on the public sidewalk adjoining 100 Stanton Street to install a platform lift compliant with applicable accessibility standards and regulatory requirements.

31.     Denied. Landlord Defendant denies that it has failed to pursue any required or necessary permit applications, and denies all characterizations regarding the installation of a platform lift. Installation of a platform lift is not technically feasible, structurally practicable, or readily achievable given the physical constraints of the building and applicable regulatory requirements.

**Defendants Offer Unequal Access to The Frankie Shop**

32.     Denied.

33.     Denied.

34.     Denied. Landlord Defendant lacks knowledge or information sufficient to form a belief as to whether Tenant Defendant demands that Plaintiff request assistance from the sidewalk, as the daily operations of The Frankie Shop are conducted exclusively by Tenant Defendant. Landlord Defendant denies all remaining allegations and characterizations in this Paragraph.

**35-41.** Denied. Landlord Defendant lacks knowledge or information sufficient to form a belief as to whether any sign is posted at the entrance to The Frankie Shop or the content of any such sign, as Tenant Defendant exclusively operates and manages the premises and any signage therein. To the extent any such sign exists, it is the exclusive responsibility of Tenant Defendant as the operator of the premises. Landlord Defendant denies all characterizations, legal conclusions, and allegations of discrimination set forth in Paragraphs 35 through 41.

**Defendants Performed Alterations to The Frankie Shop**

**42.** Denied. Landlord Defendant denies that it made any physical changes to The Frankie Shop or adjoining areas of 100 Stanton Street after January 23, 1992 that constituted an "alteration" within the meaning of 42 U.S.C. § 12183 or 28 C.F.R. § 36.402, i.e., changes that affected or could have affected the usability of the facility. Any changes made by Landlord Defendant, if any, constituted routine maintenance that does not trigger ADA alterations requirements. Landlord Defendant denies all remaining allegations of this Paragraph.

**43.** Denied. Landlord Defendant denies that physical changes to the exterior of 100 Stanton Street made by Landlord Defendant, if any, constitute actionable "alterations" within the meaning of applicable law.

**44.** Denied. The alleged statement on Tenant Defendant's website, if accurately quoted, is Tenant Defendant's own promotional language and constitutes, at most, Tenant Defendant's own promotional characterization of work performed by Tenant Defendant in its capacity as the occupant and operator of the Demised Premises. It does not constitute an admission by Landlord Defendant of ADA-triggering alterations, and it does not constitute an alteration attributable to Landlord Defendant within the meaning of 42 U.S.C. § 12183 or 28 C.F.R. § 36.402. Landlord Defendant denies all remaining allegations and legal characterizations in this Paragraph.

45.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations of this Paragraph.

46.     Denied. Landlord Defendant denies that it performed any physical renovation of The Frankie Shop's storefront, public entrance, or interior areas. To the extent any such work occurred, it was performed by Tenant Defendant in its capacity as the occupant and operator in exclusive possession and control of the Demised Premises. Landlord Defendant denies all remaining allegations of this Paragraph.

47.     Denied. Landlord Defendant denies that it performed or directed any physical combination of the Original Premises and Expansion Premises, or any renovation or remodeling of those interior spaces. To the extent any such work occurred, it was performed exclusively by Tenant Defendant. Any such work by Tenant Defendant does not constitute an "alteration" triggering ADA path of travel obligations attributable to Landlord Defendant. Landlord Defendant denies all remaining allegations of this Paragraph.

48.     Denied. Landlord Defendant denies that the services, features, elements, and spaces of the premises are required to be readily accessible under the 1991 Standards or 2010 Standards as asserted, and denies all legal characterizations in this Paragraph.

49.     Denied. Landlord Defendant denies that it failed to design, construct, or alter The Frankie Shop in violation of applicable building codes or accessibility standards.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

**55.** Denied.

**The Architectural Access Barriers**

**56.** Landlord Defendant denies each sub-part of Paragraph 56 (I through VI), and denies that the conditions described constitute actionable barriers to access within the meaning of applicable law. Landlord Defendant specifically denies that any required modifications are technically feasible, structurally practicable, or readily achievable, and denies that it has failed to comply with any applicable accessibility requirement.

**57.** Landlord Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's visits to the premises and therefore denies the same.

**58.** Denied.

**59.** Denied. Landlord Defendant denies that Plaintiff is entitled to a full inspection of the premises.

**60.** Denied. Landlord Defendant denies that Plaintiff is entitled to a court-ordered inspection or any other form of discovery through this Paragraph.

**61.** Denied. Landlord Defendant denies that Plaintiff is entitled to amend his Complaint to add violations not set forth in the initial or amended pleading.

**Plaintiff's Prior and Ongoing Desire to Visit The Frankie Shop**

**62-94.** Landlord Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 62 through 94 regarding Plaintiff's visits, personal interests, online activity, observations of the building and its displays, and desires, and therefore denies the same. Landlord Defendant denies any discrimination or violation of applicable law.

**Defendants' Discriminatory Practices**

**95-101.** Denied. Landlord Defendant denies all allegations of discrimination, unlawful practices, and violation of applicable law set forth in Paragraphs 95 through 101.

<u>**FIRST CAUSE OF ACTION**</u>

**(Violations of the Americans with Disabilities Act)**

102.   Landlord Defendant repeats and realleges its responses to all prior paragraphs as if fully set forth herein.

103.   This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged medical conditions and denies all legal characterizations.

104-105.   This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations of this Paragraph and denies that 28 C.F.R. § 36.201(b) operates to impose liability in this case as asserted.

106-109.   Denied. Landlord Defendant denies all allegations of discrimination, disparate treatment, disparate impact, non-compliance, and any violation of the ADA or its implementing regulations set forth in Paragraphs 106 through 109.

**Discrimination in Violation of 42 U.S.C. § 12183(a)(2)**

110.   Denied. Landlord Defendant denies that it altered The Frankie Shop in any manner that affects or could affect the usability of the facility or any part thereof within the meaning of 42 U.S.C. § 12183(a)(2) and 28 C.F.R. §§ 36.402 and 36.406.

111.   Denied. Landlord Defendant denies that it performed any construction work to combine the Original Premises and Expansion Premises or any work on the storefronts or public entrances of either space. Any such work was performed exclusively by Tenant Defendant and does not constitute an alteration attributable to Landlord Defendant.

112.   Denied. Landlord Defendant denies that it failed to perform any alterations in compliance with applicable accessibility standards, and denies all remaining allegations and legal characterizations of this Paragraph.

**113-121.**    Denied. Landlord Defendant denies all allegations that it performed alterations to The Frankie Shop that affected or could have affected the usability of areas of primary function, denies that any path of travel obligations were triggered under 28 C.F.R. § 36.403, and denies all remaining allegations and legal characterizations set forth in Paragraphs 113 through 121.

**Discrimination in Violation of 42 U.S.C. § 12182**
    **122-127.**    Denied. Landlord Defendant denies all allegations of discrimination, non-compliance, and any violation of 42 U.S.C. § 12182 and its implementing regulations set forth in Paragraphs 122 through 127. Landlord Defendant denies that the removal of any alleged architectural barrier is "readily achievable" as defined by 42 U.S.C. § 12182(b)(2)(A)(iv) and 28 C.F.R. § 36.304, and denies that the installation of a permanent ramp is feasible given the physical constraints of the building, sidewalk dimensions, and applicable regulatory requirements of the New York City Department of Buildings.

**Defendants' Discriminatory Use of a Portable Ramp**
    **128-129.**    Denied. Landlord Defendant denies that there is sufficient space on the public sidewalks adjoining 100 Stanton Street to install a permanent ramp or wheelchair lift compliant with applicable ADA accessibility standards, New York City Department of Buildings requirements, and applicable sidewalk encumbrance regulations. Installation of either a permanent ramp or platform lift is not technically feasible, structurally practicable, or readily achievable given the physical constraints of the building, the configuration of the sidewalk, and applicable regulatory requirements.

    **130-131.**    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Landlord Defendant denies the allegations and legal characterizations of Paragraphs 130 and 131. Landlord Defendant denies that the use of a portable

ramp, to the extent one is used, constitutes a violation of the ADA in the circumstances of this case.

**132-133.** Denied. Landlord Defendant denies that installing a permanent ramp or wheelchair lift was or remains readily achievable, and denies that the use of a portable ramp or the failure to install a permanent ramp or lift constitutes discrimination in violation of the ADA. Landlord Defendant denies all remaining allegations and legal characterizations of Paragraphs 132 and 133.

**134-139.** Denied. Landlord Defendant denies all allegations of discrimination, non-compliance, pattern and practice of discrimination, and any violation of the ADA or its implementing regulations set forth in Paragraphs 134 through 139.

## SECOND CAUSE OF ACTION

### (Violations of the New York State Human Rights Law)

**140.** Landlord Defendant repeats and realleges its responses to all prior paragraphs as if fully set forth herein.

**141-152.** Denied. Landlord Defendant denies all allegations of discrimination, non-compliance, and any violation of the New York State Human Rights Law set forth in Paragraphs 141 through 152, including all allegations regarding disparate treatment, undue hardship, emotional distress, and damages.

## THIRD CAUSE OF ACTION

### (Violations of the New York City Human Rights Law)

**153.** Landlord Defendant repeats and realleges its responses to all prior paragraphs as if fully set forth herein.

**154-177.**        Denied. Landlord Defendant denies all allegations of discrimination, non-compliance, and any violation of the New York City Human Rights Law set forth in Paragraphs 154 through 175, including all allegations regarding disparate treatment, disparate impact, aiding and abetting, punitive damages, and emotional distress. Landlord Defendant specifically denies that Administrative Code §§ 19-152 and 7-210 create a separate basis for ADA liability or impose any additional obligations beyond those already addressed in this Answer. Landlord Defendant denies that it unlawfully benefited from the alleged accessibility conditions at the Demised Premises.

## FOURTH CAUSE OF ACTION

### (Violations of the New York State Civil Rights Law)

178.   Landlord Defendant repeats and realleges its responses to all prior paragraphs as if fully set forth herein.

179-181.   Denied. Landlord Defendant denies all remaining allegations, legal conclusions, and requests for relief set forth in the Fourth Cause of Action, including all allegations regarding violations of the New York State Civil Rights Law, N.Y. Civ. Rights Law §§ 40-c and 40-d, statutory civil penalties, and any other relief sought thereunder.

## INJUNCTIVE RELIEF

182. Landlord Defendant denies the allegations of this Paragraph.

183. This Paragraph contains legal conclusions to which no response is required, and to the extent a response is required the allegations are denied.

184. This Paragraph contains legal conclusions to which no response is required, and to the extent a response is required the allegations are denied.

## GENERAL DENIAL

Except as expressly admitted herein, Landlord Defendant denies each and every allegation set forth in the First Amended Complaint, including all allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

As separate and additional affirmative defenses to the First Amended Complaint, Landlord Defendant alleges as follows:

**First Affirmative Defense**

Plaintiff's claims are barred for lack of standing. Plaintiff is a serial ADA plaintiff who has filed numerous near-identical lawsuits across the Southern District of New York and does not have a genuine intent or desire to patronize The Frankie Shop as a member of the public. Plaintiff lacks the personal, concrete, and particularized injury required for Article III standing.

**Second Affirmative Defense**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to join indispensable parties whose joinder is required under Federal Rule of Civil Procedure 19.

**Third Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff has engaged in a pattern of serial ADA litigation designed primarily to generate attorney's fees rather than to vindicate genuine accessibility interests.

**Fourth Affirmative Defense**

Plaintiff lacks standing to seek relief with respect to conditions at the premises that do not affect his particular disability or that he did not personally encounter on a specific visit.

**Fifth Affirmative Defense**

Plaintiff lacks standing to seek injunctive relief because he is under no genuine, imminent threat of harm. Plaintiff's professed desire to visit The Frankie Shop is not bona fide, and any claimed injury is speculative and insufficient to support equitable relief.

**Sixth Affirmative Defense**

Plaintiff's claims under the NYSHRL, NYCHRL, and New York Civil Rights Law are barred in whole or in part by the applicable statute of limitations.

**Seventh Affirmative Defense**

Landlord Defendant did not design or construct the subject property in its current configuration after January 26, 1992, and therefore cannot be held liable for any alleged failure to comply with new construction accessibility standards under 42 U.S.C. § 12183(a)(1).

**Eighth Affirmative Defense**

Any and all alterations, if any, that were made to the premises after January 26, 1992 were made so that, to the maximum extent feasible, the altered portions of the premises are readily accessible to and usable by individuals with disabilities. To the extent any such altered portion is not fully accessible, it was not technically or structurally feasible to make it so, within the meaning of 42 U.S.C. § 12183(a)(2) and 28 C.F.R. § 36.402.

**Ninth Affirmative Defense**

The removal of the alleged architectural barrier — specifically, the step at the entrance to 100 Stanton Street — is not technically feasible or is structurally impracticable due to the physical configuration of the building, its structural elements, applicable local zoning and building codes, and the limitations imposed by the existing building envelope. The installation of a permanent ramp, platform lift, or other access feature is infeasible given the constraints of the sidewalk, the building structure, and applicable regulatory requirements, including New York City Department of Buildings restrictions and applicable sidewalk regulations. Accordingly, full compliance with the accessibility requirements for the alleged barrier is not required under 28 C.F.R. § 36.401(c) and related provisions.

**Tenth Affirmative Defense**

The removal of the alleged access barriers is not "readily achievable" — i.e., it cannot be accomplished without significant difficulty or expense — within the meaning of 42 U.S.C. §

12182(b)(2)(A)(iv) and 28 C.F.R. §§ 36.304 and 36.306. Landlord Defendant has considered all relevant factors, including the nature and cost of the action, the overall financial resources of the facility, and the type of operation, and has concluded that barrier removal is not readily achievable.

**Eleventh Affirmative Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Twelfth Affirmative Defense**

The premises provide equivalent facilitation and/or alternative means that afford persons with disabilities equal opportunity to access the goods, facilities, and services offered at The Frankie Shop.

**Thirteenth Affirmative Defense**

To the extent any alteration triggering path of travel obligations under 28 C.F.R. § 36.403 has occurred, the costs of making the path of travel accessible are disproportionate to the cost of the underlying alteration, as defined by 28 C.F.R. § 36.403(f).

**Fourteenth Affirmative Defense**

To the extent any deviation from ADA accessibility guidelines exists, such deviations are de minimis and within recognized construction tolerances, and do not constitute actionable violations of the ADA or applicable regulations.

**Fifteenth Affirmative Defense**

To the extent Plaintiff was not provided with full and equal accommodations, advantages, facilities, or privileges, it was because Plaintiff failed to provide Landlord Defendant with sufficient notice and a reasonable opportunity to make any necessary modifications.

**Sixteenth Affirmative Defense**

Plaintiff cannot recover for any alleged violations he did not personally encounter on a particular occasion and which did not deter any genuine desire for access.

**Seventeenth Affirmative Defense**

Plaintiff's claims are barred to the extent that federal, state, or local laws, including New York City zoning regulations, landmark preservation ordinances, and Department of Buildings

requirements, prohibit or restrict the physical modifications sought in the First Amended Complaint.

**Eighteenth Affirmative Defense**

Plaintiff's claims are barred to the extent that the accommodations sought would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations offered, or would result in an undue burden on Landlord Defendant.

**Nineteenth Affirmative Defense**

Plaintiff has failed to take any reasonable steps to mitigate, alter, or otherwise reduce his alleged damages, including any claimed attorney's fees, expenses, and costs. Any damages awarded to Plaintiff should therefore be reduced accordingly.

**Twentieth Affirmative Defense**

Plaintiff has not suffered any actual damages as a result of any acts or omissions of Landlord Defendant, and Plaintiff is therefore barred from asserting any claim for relief against Landlord Defendant.

**Twenty-First Affirmative Defense**

To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**Twenty-Second Affirmative Defense**

To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

**Twenty-Third Affirmative Defense**

Plaintiff's claims fail to the extent they seek to impose upon Landlord Defendant obligations for which Landlord Defendant is not legally responsible, including obligations that belong solely to Tenant Defendant as the operator and occupant of the Demised Premises.

Specifically, any alterations, renovations, or remodeling of the Demised Premises — including the combination of the Original Premises and Expansion Premises — were performed by Tenant Defendant and are attributable exclusively to Tenant Defendant, not to Landlord Defendant.

**Twenty-Fourth Affirmative Defense**

Plaintiff's claims fail to the extent implementation of the requested physical alterations would pose a direct threat to the health or safety of others, including structural risks associated with the modification of the building entrance.

**Twenty-Fifth Affirmative Defense**

Plaintiff's claims for injunctive and declaratory relief are moot, and this Court lacks subject matter jurisdiction over those claims. The ADA does not provide for monetary damages by private plaintiffs, and to the extent any conditions at the premises have been, are being, or will be remediated, or to the extent the operations of Tenant Defendant at the Demised Premises have materially changed, Plaintiff's claims for equitable relief are moot. Moreover, because Plaintiff is a serial litigant with no genuine intention to patronize The Frankie Shop, there is no real and immediate threat of future injury that could be redressed by injunctive relief. Under Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res., 532 U.S. 598 (2001), Plaintiff is not entitled to attorney's fees for moot claims.

**Twenty-Sixth Affirmative Defense**

Plaintiff's claims predicated upon the ADA's alterations-based requirements — including the path of travel obligations under 28 C.F.R. § 36.403 — are barred because no "alteration" within the meaning of 42 U.S.C. § 12183 and 28 C.F.R. § 36.402 was performed by Landlord Defendant at the premises after January 26, 1992, that affected or could have affected the usability of the facility or any part thereof. The step at the entrance to the premises predates the ADA's effective date, and any work performed on the building by Landlord Defendant since that date constituted routine maintenance, ordinary repairs, or cosmetic modifications that do not constitute

"alterations" triggering accessible path of travel requirements. Any renovations or physical changes to the Demised Premises, including the combination of the Original Premises and Expansion Premises, were performed by Tenant Defendant in its capacity as occupant and operator, not by Landlord Defendant. Accordingly, the alteration-based accessibility obligations asserted by Plaintiff were never triggered with respect to Landlord Defendant, and Plaintiff cannot hold Landlord Defendant liable for alleged violations of standards applicable only to post-1992 alterations.

**Twenty-Seventh Affirmative Defense**

Pursuant to the lease agreement between Landlord Defendant and Tenant Defendant, the obligation to comply with all applicable laws and regulations — including accessibility laws — with respect to the Demised Premises and the operation of the business conducted therein was assigned to and assumed by Tenant Defendant. Accordingly, to the extent any accessibility modifications are required within or affecting the Demised Premises, such obligations rest with Tenant Defendant, not with Landlord Defendant, and Plaintiff's claims against Landlord Defendant must be dismissed or reduced accordingly.

## CROSSCLAIM OF DEFENDANT FLEMINGTON ESTATES LLC

## AGAINST CO-DEFENDANT FRANKIE SHOP, LLC

### FOR INDEMNIFICATION AND CONTRIBUTION

Defendant Flemington Estates LLC ("Landlord Defendant"), by and through its undersigned counsel, asserts the following crossclaim against co-defendant Frankie Shop, LLC ("Tenant Defendant"):

**Parties**

1.    Flemington Estates LLC is the owner of the property located at 100 Stanton Street, New York, NY (the "Premises").

2.      Frankie Shop, LLC is the tenant and operator of a retail clothing store known as The Frankie Shop at the Demised Premises on the ground floor of 100 Stanton Street, pursuant to lease agreements by which (i) the Original Premises were let to Tenant Defendant's predecessor in interest on or about December 1, 2008 and later assumed by Tenant Defendant, and (ii) the Expansion Premises were leased to Tenant Defendant in or around 2023.

**The Lease and Tenant's Obligations**

3.      Pursuant to the Lease, Tenant Defendant assumed the obligation to operate its business at the Demised Premises in compliance with all applicable laws, statutes, ordinances, rules, and regulations, including, without limitation, Title III of the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law, and all applicable building codes governing accessibility.

4.      Pursuant to the Lease, Tenant Defendant assumed exclusive control and possession of the Demised Premises and is responsible for all alterations, improvements, and modifications within or affecting the Demised Premises, including any modifications required to bring the Demised Premises into compliance with applicable accessibility laws. Tenant Defendant performed or directed all renovations and remodeling of the Demised Premises, including the physical combination of the Original Premises and Expansion Premises.

5.      Pursuant to the Lease, Tenant Defendant agreed, expressly or by implication, to indemnify and hold harmless Landlord Defendant from and against any and all claims, losses, damages, costs, and expenses, including attorney's fees, arising from or relating to Tenant Defendant's use and occupancy of the Demised Premises or Tenant Defendant's failure to comply with applicable laws and regulations.

6.      Plaintiff's allegations in the First Amended Complaint relate to conditions within and immediately appurtenant to the Demised Premises occupied and controlled by Tenant

Defendant, including the entrance, step, signage, and interior areas of the retail space used exclusively by Tenant Defendant's business. The First Amended Complaint's allegations regarding renovation of the premises, the combination of the Original and Expansion Premises, and the placement of signage at the entrance further establish Tenant Defendant's exclusive control over conditions at the Demised Premises.

**Contractual Indemnification**

7.     To the extent Landlord Defendant is found liable to Plaintiff for any damages, attorney's fees, costs, or other relief sought in this action — which liability Landlord Defendant expressly denies — such liability arises from the acts, omissions, and failures of Tenant Defendant to comply with its obligations under the Lease and applicable law with respect to the Demised Premises in Tenant Defendant's exclusive possession and control, including Tenant Defendant's renovation of the premises and failure to make the renovated space accessible.

8.     Landlord Defendant is entitled to full contractual indemnification from Tenant Defendant for all amounts that Landlord Defendant may be required to pay to Plaintiff by reason of any judgment, settlement, order, or other disposition of this action, together with all attorney's fees, costs, and expenses incurred in defending this action, pursuant to the terms of the Lease.

**Common Law Indemnification and Contribution**

9.     Any injuries, damages, or losses allegedly sustained by Plaintiff, to the extent they occurred at all, were caused in whole or in material part by the negligence, acts, omissions, and failures of Tenant Defendant, which exclusively operates, controls, and manages the business at the Demised Premises, performed renovations to the Demised Premises without bringing the entrance into compliance with applicable accessibility requirements, erected signage at the entrance that Plaintiff alleges evidences discrimination, and is responsible for ensuring accessibility to its customers.

10.     Landlord Defendant, as the non-possessory property owner that does not operate or control the retail business at the Demised Premises, bears, at most, secondary or passive liability for any accessibility conditions within the Demised Premises. Tenant Defendant, as the occupant and operator in exclusive active control of the space who performed the renovations complained of and erected any relevant signage, bears primary liability for any such conditions under common law principles of active-passive negligence.

11.     If Landlord Defendant is found liable to Plaintiff in any amount — which liability Landlord Defendant expressly denies — Landlord Defendant is entitled to common law indemnification from Tenant Defendant for the full amount of such liability, in that any actionable conduct was that of Tenant Defendant as the active, possessory party in control of the Demised Premises.

12.     In the alternative, if it is determined that more than one defendant is liable to Plaintiff, Landlord Defendant is entitled to contribution from Tenant Defendant pursuant to applicable common law principles and CPLR Article 14, and to a judgment over and against Tenant Defendant for Tenant Defendant's proportionate share of any sums found payable to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Landlord Defendant Flemington Estates LLC respectfully requests that this Court:

A.     Dismiss the First Amended Complaint with prejudice as against Landlord Defendant;

B.     Enter judgment in favor of Landlord Defendant on all causes of action;

C.      In the alternative, grant judgment over and against Tenant Defendant Frankie Shop, LLC for full contractual and common law indemnification and/or contribution for any sums found payable to Plaintiff;

D.      Award Landlord Defendant its costs and expenses in defending this action, including reasonable attorney's fees to the extent permitted by law; and

E.      Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Landlord Defendant Flemington Estates LLC hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**

/s/ Avram E. Frisch
Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
Tel: 201-289-5352
Fax: 866-883-9690
frischa@avifrischlaw.com
Attorney for Defendant, Flemington Estates LLC

Hackensack, New Jersey
Dated: April 22, 2026