UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR., <br><br> Plaintiff, <br><br> v. <br><br> FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC, <br><br> Defendants. | CASE NO: 1:25-cv-02633-MMG <br><br> **DEFENDANT FRANKIE SHOP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Frankie Shop, LLC ("Defendant"), by and through counsel, hereby submit the following answers and affirmative defenses to Plaintiff King Range Jr.'s ("Plaintiff") Complaint. Defendant denies any and all allegations that are not specifically admitted herein.

1.      Defendant denies the allegations in Paragraph 1.

2.      Defendant admits only that the subject premises is located on the ground floor of 100 Stanton Street, New York, New York. Defendant denies each and every remaining allegation contained in Paragraph 2.

3.      Defendant denies the allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4.

5.      Defendant states that Paragraph 5 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.      Defendant denies the allegations in Paragraph 6.

7.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7; therefore, Defendant denies the same.

8.      Defendant denies the allegations in Paragraph 8.

1

9.　　Defendant denies the allegations in Paragraph 9.

10.　　Defendant denies the allegations in Paragraph 10.

11.　　Paragraph 11 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.　　Paragraph 12 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.　　Defendant denies the allegations in Paragraph 13.

14.　　Paragraph 14 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15.　　Defendant states that Paragraph 15 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

16.　　Defendant states that Paragraph 16 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.　　Defendant denies the allegations in Paragraph 17.

18.　　Paragraph 18 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19.　　Paragraph 19 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

## JURISDICTION AND VENUE

1.    Paragraph 20 is a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies that this Court has original and supplemental jurisdiction over Plaintiff's claims[1].

2.    Paragraph 2 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies that venue properly lies in the Southern District of New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

*The Parties*

3.    Defendant states that Paragraph 3 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3; therefore, Defendant denies the same.

4.    Defendant states that Paragraph 4 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4; therefore, Defendant denies the same.

5.    Defendant states that Paragraph 5 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5; therefore, Defendant denies the same.

---

[1]   Plaintiff's amended complaint restarts paragraph numbering in this Paragraph, rather than continuing to Paragraph 20.

6. Defendant states that Paragraph 6 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant admits that 100 Stanton Street in New York County is the address of one of their store locations.

7. Defendant states that Paragraph 7 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7; therefore, Defendant denies the same.

8. Defendant admits that Defendant Frankie Shop, LLC does business in New York, including at 100 Stanton Street in New York County.

9. Defendant admits that it has a written lease agreement with Defendant landlord which provides for the use and occupancy of the leased space as a clothing store.

10. Defendant admits that it owns and operates The Frankie Shop in the space it leases from Landlord Defendant at 100 Stanton Street.

11. Paragraph 11 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12. Paragraph 12 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13. Paragraph 13 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Paragraph 14 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. Paragraph 15 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 15.

*The Frankie Shop*

16.     Defendant states that Paragraph 16 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form belief as to the truth of the allegations contained in Paragraph 16; therefore Defendant denies the same.

17.     Defendant states that Paragraph 17 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form belief as to the truth of the allegations contained in Paragraph 17; therefore Defendant denies the same.

18.     Defendant lacks knowledge and information sufficient to form belief as to the truth of the allegations contained in Paragraph 18; therefore Defendant denies the same.

19.     Defendant admits that in or around the 2023 calendar year, it leased additional space on the ground floor of 100 Stanton Street from Landlord Defendant.

20.     Defendant admits only that it combined the Original Premises and Expansion Premises into one retail space. Defendant denies each and every remaining allegation contained in Paragraph 20, including the characterization that the premises were remodeled and renovated.

21.     Defendant admits only that that The Frankie Shop is located in the retail space which was created by combining two separate spaces, the Original Premises and Expansion Premises. Defendant denies each and every allegation contained in Paragraph 21, including the characterization that the premises were renovated.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

*100 Stanton Street*

24.    Defendant admits that 100 Stanton Street is located on the northern side of Stanton Street on the land parcel at the northwestern corner of Stanton Street and Ludlow Street.

25.    Defendant states that Paragraph 25 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25; therefore, Defendant denies the same.

26.    Defendant states that Paragraph 26 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26; therefore, Defendant denies the same.

27.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27; therefore, Defendant denies the same.

28.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28; therefore, Defendant denies the same.

29.    Defendant states that paragraph 29 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31; therefore, Defendant denies the same.

31.    Defendant states that paragraph 31 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

*Defendants Offer Unequal Access to The Frankie Shop*

32.    Defendant denies the allegations in Paragraph 32.

33.    Defendant denies the allegations in Paragraph 33.

34.    Defendant denies the allegations in Paragraph 34.

35.    Defendant admits only that it has a 6" x 6" square sign on one of the storefront windows in the entrance. Defendant denies each and every remaining allegation contained in Paragraph 35.

36.    Defendant admits that the sign states "please ring bell for assistance."

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Paragraph 41 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

*Defendants Performed Alterations to The Frankie Shop*

42.    Defendant denies the allegations in Paragraph 42.

43.    Defendant states that Paragraph 43 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43; therefore, Defendant denies the same.

44.    Defendant only admits that the website states that The Frankie Shop has "been renovated to revamp & extend the space." Defendant denies each and every remaining allegation contained in Paragraph 44.

45.     Defendant admits that The Frankie Shop did not use and occupy space at 100 Stanton Street until around the 2015 calendar year, which occurred after January 26, 1992.

46.     Defendant admits only that it performed renovations to the storefront and areas within The Frankie Shop located at 100 Stanton Street. Defendant denies each and every remaining allegation contained in Paragraph 46.

47.     Defendant admits only that it combined the Original Premises and Expansion Premises, two separately demised retail spaces, into The Frankie Shop space, and it made changes to their storefronts. Defendant denies each and every remaining allegation contained in Paragraph 47.

48.     Paragraph 48 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49.     Paragraph 49 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50.     Paragraph 50 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51.     Paragraph 51 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52.     Paragraph 52 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53; therefore, Defendant denies the same.

54.     Paragraph 54 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55.     Paragraph 55 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

*The Architectural access barriers*

56.     Defendant states that paragraph 56 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

I.      Paragraph I is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph I.

II.     Paragraph II is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph II.

III.    Paragraph III is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph III.

IV.     Paragraph IV is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph IV.

V.      Paragraph V is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph V.

VI.     Paragraph VI is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph VI.

57.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57; therefore, Defendant denies the same.

58.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58; therefore, Defendant denies the same.

9

59. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59; therefore, Defendant denies the same.

60. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60; therefore, Defendant denies the same.

61. Defendant states that paragraph 61 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

*Plaintiff's Prior and Ongoing Desire to Visit The Frankie Shop*

62. Defendant states that Paragraph 62 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63. Defendant states that Paragraph 63 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64; therefore, Defendant denies the same.

65. Defendant admits that the public entrance to the Frankie Shop is open and obvious to those who go to The Frankie Shop, as well as to those who pass by the store on its adjoining public sidewalk.

66. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66; therefore, Defendant denies the same.

67. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67; therefore, Defendant denies the same.

68. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68; therefore, Defendant denies the same.

69. Paragraph 69 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70; therefore, Defendant denies the same.

71. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71; therefore, Defendant denies the same.

72. Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. Paragraph 74 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

75. Defendant admits that it showcases the apparel it sells at The Frankie Shop in multiple windows along Stanton Street.

76. Defendant admits that it has windows that are visible to persons outside the store, including to those on the public sidewalks on the north side and south side of Stanton Street between Orchard Street and Ludlow Street.

77. Defendant admits that it utilizes display windows at the subject premises but denies the remaining allegations contained in paragraph 77, including any characterization of Defendant's intent or purpose in doing so.

78. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78; therefore, Defendant denies the same.

11

79.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79; therefore, Defendant denies the same.

80.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80; therefore, Defendant denies the same.

81.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81; therefore, Defendant denies the same.

82.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82; therefore, Defendant denies the same.

83.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83; therefore, Defendant denies the same.

84.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84; therefore, Defendant denies the same.

85.     Defendant states that Paragraph 85 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85.

86.     Defendant states that Paragraph 86 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87.     Defendant states that Paragraph 87 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88; therefore, Defendant denies the same.

89.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89; therefore, Defendant denies the same.

90.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90; therefore, Defendant denies the same.

91.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91; therefore, Defendant denies the same.

92.    Defendant denies the allegations in Paragraph 92.

93.    Defendant denies the allegations in Paragraph 93.

94.    Paragraph 94 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94.

*Defendants' Discriminatory Practices*

95.    Defendant denies the allegations in Paragraph 95.

96.    Defendant denies the allegations in Paragraph 96.

97.    Defendant denies the allegations in Paragraph 97.

98.    Defendant denies the allegations in Paragraph 98.

99.    Defendant denies the allegations in Paragraph 99.

100.    Paragraph 100 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101.    Paragraph 101 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101.

## FIRST CAUSE OF ACTION

### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

13

102.    Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 102.

103.    Defendant states that Paragraph 103 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103; therefore, Defendant denies the same.

104.    Defendant states that Paragraph 104 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 104.

105.    Defendant states that Paragraph 105 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 105.

106.    Paragraph 106 is a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107.    Defendant denies the allegations in Paragraph 107.

108.    Paragraph 108 is a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

*Discrimination in Violation of 42 U.S.C § 12183(a)(2)*

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant states that Paragraph 111 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 111.

14

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115; therefore, Defendant denies the same.

116.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116; therefore, Defendant denies the same.

117.    Defendant denies the allegations in Paragraph 117.

118.    Defendant denies the allegations in Paragraph 118.

119.    Defendant denies the allegations in Paragraph 119.

120.    Defendant denies the allegations in Paragraph 120.

121.    Defendant denies the allegations in Paragraph 121.

### *Discrimination in Violation of 42 U.S.C § 12181*

122.    Defendant denies the allegations in Paragraph 122.

123.    Defendant states that Paragraph 123 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 123.

124.    Paragraph 124 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 124.

125.    Paragraph 125 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 125.

126.    Defendant states that Paragraph 126 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 126.

127.    Defendant states that Paragraph 127 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 127.

*Defendants' Discriminatory Use of a Portable Ramp*

128.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128; therefore, Defendant denies the same.

129.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129; therefore, Defendant denies the same.

130.    Defendant states that Paragraph 130 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131.    Defendant states that Paragraph 131 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 126.

132.    Paragraph 132 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 132.

133.    Paragraph 133 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 133.

134.    Paragraph 134 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 134.

135.    Paragraph 135 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 135.

136.    Paragraph 136 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 136.

137.    Paragraph 137 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 137.

138.    Paragraph 138 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 138.

139.    Defendant denies the allegations in Paragraph 139.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

140.    Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 140.

141.    Defendant states that Paragraph 141 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141; therefore, Defendant denies the same.

142.    Defendant states that Paragraph 142 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142; therefore, Defendant denies the same.

143.    Defendant states that Paragraph 143 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks

17

knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143; therefore, Defendant denies the same.

144.    Defendant states that Paragraph 144 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144; therefore, Defendant denies the same.

145.    Defendant denies the allegations in Paragraph 145.

146.    Defendant denies the allegations in Paragraph 146.

147.    Defendant denies the allegations in Paragraph 147.

148.    Defendant denies the allegations in Paragraph 148.

149.    Paragraph 149 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 149.

150.    Paragraph 150 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 150.

151.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151; therefore, Defendant denies the same.

152.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152; therefore, Defendant denies the same.

### THIRD CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

153.    Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 153.

154.    Defendant states that Paragraph 154 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154; therefore, Defendant denies the same.

155.    Defendant states that Paragraph 155 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155; therefore, Defendant denies the same.

156.    Defendant states that Paragraph 156 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156; therefore, Defendant denies the same.

157.    Paragraph 157 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    Paragraph 158 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158.

159.    Paragraph 159 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 159.

160.    Defendant denies the allegations in Paragraph 160.

161.    Defendant denies the allegations in Paragraph 161.

162.    Defendant denies the allegations in Paragraph 162.

163.    Defendant denies the allegations in Paragraph 163.

164.    Defendant states that Paragraph 164 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164; therefore, Defendant denies the same.

165.    Defendant states that Paragraph 165 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164; therefore, Defendant denies the same.

166.    Defendant denies the allegations in Paragraph 166.

167.    Paragraph 167 is a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 167.

168.    Defendant denies the allegations in Paragraph 168.

169.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168; therefore, Defendant denies the same.

170.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170; therefore, Defendant denies the same.

171.    Defendant denies the allegations in Paragraph 171.

172.    Defendant denies the allegations in Paragraph 172.

173.    Defendant denies the allegations in Paragraph 173.

174.    Defendant denies the allegations in Paragraph 174.

175.    Defendant denies the allegations in Paragraph 175.

176.    Defendant denies the allegations in Paragraph 176.

177.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177; therefore, Defendant denies the same.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

178.    Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 178.

179.    Paragraph 179 is a legal conclusion for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 179.

180.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180; therefore, Defendant denies the same.

181.    Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181; therefore, Defendant denies the same.

## INJUNCTIVE RELIEF

182.    Defendant denies the allegations in Paragraph 182.

183.    Defendant denies the allegations in Paragraph 183.

184.    Defendant denies the allegations in Paragraph 184.

## JURY DEMAND

No response is required to Plaintiff's demand for a jury trial.

## PRAYER FOR RELIEF

No response is required to Plaintiff's demand for relief. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

21

By listing the affirmative defenses below, Defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law. As the facts of this action develop, Defendant reserves the right to re-evaluate, restate, or delete any of the enumerated below defenses and/or to assert additional defenses and do not waive their right to assert additional defenses.  Considering the above, the following affirmative defenses are asserted:

1.      Defendant at all times acted in good faith and in compliance with the law.

2.      The allegations contained in Plaintiff's Amended Complaint fail to state a claim upon which relief can be granted.

3.      The allegations contained in Plaintiff's Amended Complaint fail to state a claim because the claims are improperly pled.

4.      The allegations contained in Plaintiff's Amended Complaint fail because Plaintiff cannot establish that he was excluded from participation in Defendant's goods, services, facilities, or accommodations because of his disability.

5.      The allegations contained in Plaintiff's Amended Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

6.      Plaintiff's claims are barred, in whole or in part, because any award to Plaintiff in this action would constitute unjust enrichment.

7.      Plaintiff's claims are barred, in whole of in part, by their failure to satisfy the statutory and/or administrative prerequisites for bringing the present action.

8.      Plaintiff's Amended Complaint should be dismissed for lack of Article III standing.

9.      The allegations contained in Plaintiff's Amended Complaint fail because current law does not require Defendant to implement the policies and procedures demanded by Plaintiff.

10.     Plaintiff lacks standing to seek relief under the ADA with respect to conditions that do not affect her disability.

11.     The allegations contained in Plaintiff's Amended Complaint fail under the ADA because Plaintiff did not request a reasonable modification that was necessary to accommodate Plaintiff's disability.

12.     The allegations contained in Plaintiff's Amended Complaint fail to state a claim for declaratory judgment because such relief will not terminate the controversy giving rise to the proceeding.

13.     Plaintiff lacks standing to seek injunctive relieve because he is under no threat of imminent harm.

14.     The allegations contained in Plaintiff's Amended Complaint fail to demonstrate that Plaintiff sought and Defendant failed to provide appropriate auxiliary aids and services.

15.     To the extent Plaintiff's claims for damages rely on acts of third part(ies) and/or Defendant's agents imputed to Defendant, the limitations inherent in general agency principles and corporate separateness prohibit recovery.

16.     No act or omission of Defendant was malicious, willful, wanton, reckless or with a conscious disregard for the rights of others.

17.     No act or omission of Defendant constituted willful or intentional discrimination.

18.     No act or omission of Defendant constituted a violation of the New York State Executive Law or the Administrative Code of the City of New York.

19.     Plaintiff has failed to plead or establish entitlement to any award of attorneys' fees or costs.

23

20.     The alleged barriers referenced in Plaintiff's Amended Complaint are not required to be removed and structural work is not required to be performed, because the removal of such barriers are not readily achievable, easily accomplishable, and able to be carried out without much difficulty or excessive expenses.

21.     The allegations in Plaintiff's Amended Complaint fail because Defendant is not legally responsible for property that is not within their possession, custody or control.

22.     Defendant is not responsible for any design, construction, repairs, alterations, additions, improvements, and/or renovations made in the Premises.

23.     Defendant provides equivalent facilitations and/or appropriate means for patrons with disabilities to enjoy Defendant's goods, facilities, or services.

24.     To the extent any alterations were made triggering the requirements of 28 C.F.R. §36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

25.     Plaintiff's claims are barred to the extent that federal, state, or local laws, including but not limited to, zoning and landmark ordinances, prohibit the physical modifications sought, or permitting authorities will not issue the permits required to make the modifications.

26.     Plaintiff has failed to take reasonable steps to mitigate, alter or otherwise reduce his alleged damages, including attorneys' fees and costs, and any damages and/or fees and costs awarded to Plaintiff should be reduced accordingly.

27.     The allegations contained in Plaintiff's Amended Complaint inappropriately demand multiple recoveries for the same harm.

28.     Because the allegations contained in Plaintiff's Amended Complaint lack merit, Defendant should recover all costs and attorneys' fees incurred herein.

24

29.    At all times relevant to the Amended Complaint, Defendant has acted on good faith interpretations of and reliance upon disabled access laws and provisions, precluding any recovery by Plaintiff.

30.    Any alleged exterior conditions that deviate from the applicable accessibility standards, if any, are due to structural impracticability.

31.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

32.    Defendant currently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserve the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses would be appropriate.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant respectfully requests that Plaintiff's claims be dismissed, for their reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Dated: April 28, 2026

Respectfully submitted,

*/s/ Amy Largacha Cedeno*
Amy Largacha Cedeno
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 398-4863
Amy.largachacedeno@dentons.com
*Counsel for Defendant The Frankie Shop*

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April 2026, a true and accurate copy of the foregoing

document was filed utilizing this Court's CM/ECF system, which serves notice upon the following

counsel for Plaintiff and Defendant Flemington Estates LLC:

Adam Hanski, Esq.
85 Delancey Street
New York, NY 10002
(212) 248-7400
email: ash@disabilityrightsny.com

Avram E. Frisch
1 University Plaza, Suite 119
Hackensack, NJ 07601
(201) 289-5352
email: frischa@avifrischlaw.com

*/s/ Amy Largacha Cedeno*
*Counsel for Defendant Frankie Shop, LLC*

26