UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR., <br><br>       Plaintiff, <br><br>    v. <br><br> FLEMINGTON ESTATES LLC and FRANKIE SHOP, LLC, <br><br>       Defendants. | CASE NO: 1:25-cv-02633-MMG <br><br> **DEFENDANT FRANKIE SHOP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT FLEMINGTON ESTATES LLC'S CROSS CLAIMS** |

Defendant Frankie Shop, LLC ("Defendant"), by and through counsel, hereby submit the following answers and affirmative defenses to Co-Defendant Flemington Estates LLC's ("Landlord Defendant") cross claims. Defendant denies any and all allegations that are not specifically admitted herein.

**Parties**

1.  Defendant states that Paragraph 1 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.  Defendant admits only that it is the tenant and operator of a retail clothing store known as The Frankie Shop on the ground floor of 100 Stanton Street, New York, New York pursuant to a lease agreement, and leased expansion premises in or around 2023. Defendant denies each and every remaining allegation contained in Paragraph 2.

**The Lease and Tenant's Obligations**

3.  Defendant admits only that, pursuant to the Lease, it assumed certain obligations relating to compliance with the Americans with Disabilities Act. Defendant denies each and every

1

remaining allegation contained in Paragraph 3, especially to the extent it mischaracterizes or seeks to impose obligations beyond the express terms of the Lease.

4.      Defendant admits only that it combined the Original Premises and Expansion Premises into one retail store. Defendant denies each and every remaining allegation contained in Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5.

6.      Defendant denies the allegations in Paragraph 6.

**Contractual Indemnification**

7.      Paragraph 7 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7.

8.      Defendant denies the allegations in Paragraph 8.

**Common Law Indemnification and Contribution**

9.      Paragraph 9 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10.     Paragraph 10 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Paragraph 11 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.     Paragraph 12 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

## **<u>PRAYER FOR RELIEF</u>**

No response is required to Landlord Defendant's demand for relief. To the extent a response is deemed required, Defendant denies that Landlord Defendant is entitled to any such relief.

## JURY DEMAND

No response is required to Landlord Defendant's demand for jury trial. To the extent a response is deemed required, Defendant demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

By listing the affirmative defenses below, Defendant does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under applicable law. As the facts of this action develop, Defendant reserves the right to re-evaluate, restate, or delete any of the enumerated below defenses and/or to assert additional defenses and do not waive their right to assert additional defenses.  Considering the above, the following affirmative defenses are asserted:

1.      Defendant at all times acted in good faith and in compliance with the law.

2.      The Crossclaims fail to state a claim upon which relief can be granted.

3.      Landlord Defendant's claims for contractual indemnification are barred because the Lease does not contain an indemnification provision applicable to the claims asserted by Plaintiff in this action, or, to the extent such a provision exists, it does not cover the circumstances alleged herein.

4.      Landlord Defendant's claims for common law indemnification are barred because Landlord Defendant as the owner of the building at 100 Stanton Street, bears the obligation to make 100 Stanton Street accessible, including but not limited to the entrance step.

5.      The Crossclaims are barred, in whole or in part, because Landlord Defendant as the owner of the building at 100 Stanton Street, bears obligations under Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law to ensure that places of public accommodation on its property are accessible to individuals with disabilities.

3

6.      Landlord Defendant's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

7.      Landlord Defendant's claims are barred because Landlord Defendant failed to maintain, repair, or modify the entrance step, which are within Landlord Defendant's exclusive ownership and control as the property owner.

8.      Landlord Defendant's claims are barred because the entrance step predated the start of Defendant's lease at 100 Stanton Street.

9.      To the extent Landlord Defendant seeks contribution, any recovery should be apportioned in accordance with the relative fault of the parties, taking into account Landlord Defendant's obligation as property owner and its failure to address the entrance step and exterior conditions of the building.

10.     Landlord Defendant has failed to plead or establish entitlement to any award of attorneys' fees or costs.

11.     Defendant is not responsible for any design, construction, repairs, alterations, additions, improvements, and/or renovations made in the subject premises.

12.     To the extent any alterations were made triggering the requirements of 28 C.F.R. §36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

13.     Landlord Defendant's claims are barred, in whole or in part, because its allegations rest upon a misinterpretation and mischaracterization of the terms, conditions, and obligations set forth in the lease agreement between the Defendants.

14.     Landlord defendant's claims are barred to the extent that federal, state, or local laws, including but not limited to, zoning and landmark ordinances, prohibit the physical

4

modifications sought, or permitting authorities will not issue the permits required to make the modifications.

15.    Defendant currently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses would be appropriate.

## PRAYER FOR RELIEF ON CROSSCLAIM

WHEREFORE, having fully answered the Crossclaim of Defendant Flemington Estates LLC, Defendant Frankie Shop, LLC respectfully requests that the Crossclaim be dismissed in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred in defending against the Crossclaim, and for such other and further relief as the Court deems just and proper.

Dated: May 13, 2026

Respectfully submitted,

*/s/ Amy Largacha Cedeno*
Amy Largacha Cedeno
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 398-4863
Amy.largachacedeno@dentons.com
*Counsel for Defendant The Frankie Shop*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2026, a true and accurate copy of the

foregoing document was filed utilizing this Court's CM/ECF system, which serves notice upon

the following counsel for Plaintiff and Defendant Flemington Estates LLC:

Adam Hanski, Esq.
85 Delancey Street
New York, NY 10002
(212) 248-7400
email: ash@disabilityrightsny.com

Avram E. Frisch
1 University Plaza, Suite 119
Hackensack, NJ 07601
(201) 289-5352
email: frischa@avifrischlaw.com

*/s/ Amy Largacha Cedeno*
*Counsel for Defendant Frankie Shop, LLC*

6