# HANSKI PARTNERS LLC
4 INTERNATIONAL DR, STE 110
RYE BROOK, NY 10573

July 6, 2026

The Honorable Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Plaintiff's Opposition to Defendants' Request for a Premotion Conference*
        *King Range, Jr. v. Flemington Estates LLC, et al., Case No. 1:25-cv-2633 (MMG)*

Dear Judge Garnett:

Hanski Partners represents Plaintiff King Range, Jr. in the above-referenced action. We submit Plaintiff's opposition to Defendant Flemington Estates LLC's ("Landlord") June 30, 2026 letter request for a pre-motion conference ("Pre-Motion Ltr.") concerning its anticipated motion to dismiss and to stay discovery.

Firstly, Defendant Landlord's requests are premature as they are premised on a speculative future event: Defendant Landlord's claim that its tenant, defendant, Frankie Shop, LLC ("Tenant"), will terminate its lease for the retail space in Defendant Landlord's building "within the next three months". Pre-Motion Ltr. at 1, Dkt. No. 53. Secondly, Defendant Landlord's requests are based on an incorrect understanding of this Court's subject matter jurisdiction. Contrary to Defendant Landlord's argument, the Court continues to retain subject matter jurisdiction for claims against a landlord under Americans with Disabilities Act (ADA) after a tenant vacates a retail space.

## I. Defendant's Pre-Motion Request is Premature

Defendant Landlord seeks to ask this Court to dismiss Plaintiff's claims as moot based on a possible future event: Defendant Tenant's future lease termination. But the basis for a motion to dismiss must be verifiable events that have actually occurred, not some speculative future event. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (noting that "[a] case becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (internal quotation marks omitted)). Defendant Landlord demonstrates that the issues in this case remain live as Defendant Tenant currently operates and remains open for business. Pre-Motion Ltr. at 1, Dkt. No. 53 (stating that "[t]his morning [June 30, 2026], my client was informed by co-Defendant Frankie Shop, LLC (the 'Tenant') that it will cease operations at the subject premises and terminate its lease within the next three months"). Because Defendant Tenant continues to operate at the premises, any possible grounds for Defendant Landlord's motion do not exist. *See Already, LLC*, 568 U.S. 85 at 91.

## II. Defendant Landlord's Motion to Dismiss Would Be Futile

Even if the Defendant Tenant had already vacated the premises, Defendant Landlord's motion to dismiss would fail. As the cases Defendant Landlord cite in its letter demonstrate, a court retains subject matter jurisdiction as to the landlord when a tenant vacates a space. *See Cox v. Green Room WV, LLC*, 2024 WL 5056180, at *3 (S.D.N.Y. Dec. 10, 2024) (dismissing an ADA claim against the vacating tenant but not against the landlord "[b]ecause there is no evidence that [the landlord] has sold, vacated, or abandoned the Premises, Plaintiff's Title III ADA claim against [the landlord] survives the instant motion"); *Vuppala v. Wonderland Convenience Corp.*, 2024 WL 4557457, at *3 (S.D.N.Y. Oct. 22, 2024*)* (dismissing the plaintiff's ADA claim against the vacating tenant but retaining jurisdiction over the property owner); *Dunbar v. Empire Szechuan Noodle House Inc.*, 2020 WL 2132339, at *4 (S.D.N.Y. May 5, 2020) (holding that "[t]he landlord is always liable for ADA compliance" and refusing to dismiss the ADA claim against the landlord after the tenant for the space was evicted); *Antolini v. Kanter*, 2020 WL 13833747, at *4 (S.D.N.Y. Sept. 28, 2020) (holding that although a restaurant tenant vacated and closed, the plaintiff's ADA claim was not moot against the landlord as the landlord "remain[s] in control of the property, and ha[s] not represented that they will not in the future lease the space to a place of public accommodation.").

Defendant Landlord's reliance on *Thomas v. Grunberg 77 LLC*, 2017 WL 3225989 (S.D.N.Y. July 5, 2017), the one case that held to the contrary, is misplaced. The *Thomas* case is inapposite because the parties there explicitly agreed that the closure of the restaurant mooted the federal claims. In fact *Dunbar* explicitly distinguished *Thomas* on this very basis. *Dunbar*, 2020 WL 2132339, at *4. *See also Antolini*, 2020 WL 13833747, at *4 (noting that in *Thomas* the plaintiff's claims against the landlord were not analyzed).

## III. There is No Good Cause to Stay Discovery

Defendant fails to justify a stay of discovery. Pursuant to Federal Rule of Civil Procedure 26(c) a district court may stay discovery for "good cause". Fed. R. Civ. P. 26(c). To "evaluat[e] a motion to stay discovery, '[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the motion forming the basis of the request for stay.'" *Simpson-Quin v. Montejano*, 2024 WL 3347040, at *1 (S.D.N.Y. July 9, 2024) (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)).

Defendant Landlord does not address any of the factors that a court should consider on a request to stay discovery. Instead, the stay request is grounded on Defendant Landlord's desire to dismiss Plaintiff's claims based on a speculative future event, and Defendant Landlord's misreading of this Court's subject matter jurisdiction should the speculative event occur. Defendant Landlord therefore provides no "good cause" to stay discovery.

**IV. Conclusion**

Plaintiff respectfully request that the Court deny Landlord Defendant's request for a pre-motion conference and refuse its request to stay discovery.

Respectfully submitted,

/s/ Adam Hanski
Adam S. Hanski