September 21, 2026

**VIA ECF**

Honorable Margaret M. Garnett
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re:** ***King Range, Jr. v. Flemington Estates LLC and Frankie Shop, LLC***
**Case No. 1:25-cv-02633-MMG**
**Letter Regarding Permanent Closure of The Frankie Shop and Mootness of ADA Claim Against Frankie Shop, LLC**

Dear Judge Garnett:

We represent Defendant Frankie Shop, LLC ("Frankie Shop") in the above-referenced action. We write to inform the Court that The Frankie Shop previously located at 100 Stanton Street, New York, New York 10002 has permanently closed. During the status conference on July 10, 2026, the Court invited the parties to submit a letter updating it on the closure.

As set forth below, the closure moots Plaintiff's sole federal claim against Frankie Shop, and the Court should decline supplemental jurisdiction over the remaining state and local claims.

Prior to filing this letter, undersigned counsel conferred with Plaintiff's counsel, Adam S. Hanski, Esq. of Hanski Partners LLC, regarding the permanent closure of The Frankie Shop and the resulting mootness of Plaintiff's claims against Frankie Shop. We requested that the Parties voluntarily dismiss all claims against Frankie Shop, LLC. Co-Defendant, Flemington Estates LLC, agreed to this request. However, Plaintiff declined the request. Accordingly, we submit this letter motion.

## BACKGROUND

Plaintiff King Range, Jr. ("Plaintiff") asserts a Title III claim under the Americans with Disabilities Act ("ADA") and related claims under the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the New York Civil Rights Law ("CRL"), arising from the alleged inaccessibility of The Frankie Shop at 100 Stanton Street, New York, New York 10002 (the "Premises"). *See* First Amended Complaint ("Compl."), Dkt. No. 21.

Flemington Estates LLC ("Landlord Defendant") owns the property, and Frankie Shop, LLC leased and operated the store. Compl. ¶¶ 7–10 (page 5).

**Frankie Shop permanently ceased operations and vacated the Premises on August 31, 2026.** Its lease terminates on September 30, 2026, and it has no intention of reopening at this location.

*See* Declaration of Gaelle Drevet, founder of Frankie Shop, LLC attached hereto as Exhibit A; *see also* Exhibit B (photograph of interior of the vacated premises); *see also* Exhibit C (photograph of the exterior of the vacated premises).

## THE ADA CLAIM IS MOOT AND MUST BE DISMISSED

Plaintiff's sole federal claim—the First Cause of Action—arises under Title III of the ADA and seeks only injunctive relief. A private Title III plaintiff may obtain only injunctive relief, not damages. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004); *see also Brief v. Albert Einstein Coll. of Med.*, 423 Fed. App'x 88, 90 (2d Cir. 2011).

The Frankie Shop has permanently closed and vacated the Premises. There is no store left to enjoin, no barrier left to remove, and no relief this Court can grant. The ADA claim is therefore moot, and mootness strips this Court of subject-matter jurisdiction. This Court has already dismissed an ADA claim on materially identical facts. *Cox v. Green Room WV, LLC*, 2024 U.S. Dist. LEXIS 223460, at *8–9 (S.D.N.Y. Dec. 10, 2024, No. 23-CV-01259 [MMG]) (Garnett, J.) (dismissing Title III ADA claim as moot and declining supplemental jurisdiction over state and local claims where tenant permanently closed and vacated retail premises). Other courts in this District have uniformly done the same. *Antolini v. Kanter*, 2020 U.S. Dist. LEXIS 182734, at *11 (S.D.N.Y. Sept. 28, 2020, No. 19-CV-10567 [PGG] [RWL]) (dismissing ADA claim against restaurant tenant as moot and declining supplemental jurisdiction over state and local claims where tenant permanently closed and vacated premises). The result here should be no different. Under Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss the First Cause of Action with prejudice.

Furthermore, there is no likelihood of any future injury. The Frankie Shop has permanently closed at the subject location and there is no prospect that it will re-open as its lease will terminate on September 30, 2026. *See* Ex. A.

In light of the foregoing, The Frankie Shop respectfully requests that the Court decline supplemental jurisdiction over the remaining state and city claims. *See* 28 U.S.C. § 1367(c)(3). The Second Circuit has made clear that state claims should generally be dismissed when the federal claims are dismissed before trial. *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006); *Dolce v. Connetquot Cent. Sch. Dist*., 2026 U.S. App. LEXIS 26560, at *20 (2d Cir. Aug. 31, 2026, No. 25-1197). *Cox* and *Antolini* followed that course, declining supplemental jurisdiction after dismissing the ADA claims as moot. *Cox*, 2024 U.S. Dist. LEXIS 223460, at *10; *Antolini*, 2020 U.S. Dist. LEXIS 182734, at *12. Frankie Shop respectfully submits that the same result is warranted here.

## CONCLUSION

For the foregoing reasons, Defendant Frankie Shop, LLC respectfully requests that the Court: (1) dismiss the First Cause of Action (Title III of the ADA) against Frankie Shop, LLC with prejudice as moot for lack of subject-matter jurisdiction; and (2) decline to exercise supplemental jurisdiction over the Second (NYSHRL), Third (NYCHRL), and Fourth (CRL) Causes of Action against Frankie Shop, LLC and dismiss those claims without prejudice to refiling in state court.

Respectfully submitted,

**DENTONS US LLP**

By:

*/s/ Amy Largacha Cedeno*
Amy Largacha Cedeno, Esq.
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 398-4863
Email: amy.largachacedeno@dentons.com

*Attorneys for Defendant*
*Frankie Shop, LLC*

**Enclosures**

**cc:** Adam S. Hanski, Esq. (w/encl.) (Via ECF)
Hanski Partners LLC

Avram Eliezer Frisch, Esq. (w/encl.) (Via ECF)
The Law Office of Avram E. Frisch