HANSKI PARTNERS LLC
4 INTERNATIONAL DR, STE 110
RYE BROOK, NY 10573

October 6, 2026

The Honorable Margaret M. Garnett
United States District Judge, S.D.N.Y.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

*Re: Plaintiff's Response to Defendant Frankie Shop, LLC's Letter*
*Range, Jr. v. Flemington Estates LLC et al; Civil Case No: 1:25-cv-02633*

Dear Judge Garnett:

Hanski Partners represents King Range, Jr, the plaintiff in the above-entitled action. We submit Plaintiff's response to the September 21, 2026 letter filed by Defendant Frankie Shop, LLC ("Frankie Shop"). Frankie Shop's Sept. 21 Letter, Dkt. No. 59.

The two defendants in this action are Flemington Estates, LLC ("Flemington"), the owner of the building located at 100 Stanton Street, New York, NY ("100 Stanton") and Frankie Shop, which leased a retail space at 100 Stanton Street and operated a retail store in the space. In his First Amended Complaint, Plaintiff asserted claims against Flemington and Frankie Shop (together "Defendants") under Title III of the Americans with Disabilities Act ("Title III"). First Am. Compl. at 3, ¶ 11, Dkt. No. 21. Plaintiff also asserted claims against Defendants under the New York Civil Rights Law ("CRL"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *Id.* Plaintiff's Title III claim is his sole federal claim.

It is well settled that "[a] private individual may only obtain injunctive relief for violations of a right granted under [Title] III" of the ADA. *Id.* at *2 (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004)). Accordingly, Plaintiff's claims under Title III were limited to injunctive relief. Plaintiff's claims under the NYSHRL and the NYCHRL, included a request for damages, and Plaintiff's claims under the CRL included a request for civil penalties. Plaintiff also requested that the Court award him attorneys' fees, costs, and expenses under the ADA, NYSHRL, and NYCHRL.

On September 21, 2026, Frankie Shop represented to the Court that it permanently closed its retail store at 100 Stanton Street, has no intent to reopen the store, and that its lease at 100 Stanton terminates on September 30, 2026. Drevet Decl. ¶¶ 3–5, Dkt. No. 59-1; Frankie Shop's Sept. 21 Letter at 1–2, Dkt. No. 59. Given Frankie Shop's representation, it appears that Frankie Shop "cannot reasonably be expected to commit the same alleged violation[s]" at 100 Stanton

Street. *See Cox v. Green Room WV, LLC*, No. 23-CV-01259 (MMG), 2024 WL 5056180, at *3 (S.D.N.Y. Dec. 10, 2024) (quoting *Antolini v. Kanter*, No. 19-cv-10567 (PGG) (RWL), 2020 WL 13833747, at *3 (S.D.N.Y. Sept. 28, 2020)).

In *Cox*, this Court found that there was no longer a live controversy with respect to a plaintiff's Title III claim against a retail tenant that permanently closed its store. *Id. at *3.* Because relief under Title III was no longer possible against the retail tenant, this Court held that the plaintiff's Title III claim against the retail tenant was "moot, thus depriving the Court of subject matter jurisdiction." *Id.* (collecting cases). Although the *Cox* plaintiff's Title III claim continued against the property owner defendant, and the property owner defendant had cross claims against the retail tenant, this Court declined to exercise supplemental jurisdiction over the plaintiff's NYSHRL and NYCHRL claims against the retail tenant/operator. *Id. at *3–4.*

Plaintiff does not dispute that Frankie Shop's permanent closure of its retail store at 100 Stanton moots his Title III claims against Frankie Shop. *See id.* at *3. However, Plaintiff respectfully asserts that this Court should continue to exercise supplemental jurisdiction over Plaintiff's state and local law claims against Frankie Shop.

A district court's discretion to decline supplemental jurisdiction is triggered under 28 U.S.C. § 1367(c)(3), when it "has dismissed all claims over which it has original jurisdiction." This Court continues to have original jurisdiction over Plaintiff's Title III claims and supplemental jurisdiction over Plaintiff's state and local law claims against Flemington Estates. 28 U.S.C. § 1367(a). As to Frankie Shop, the claims over which the Court had original jurisdiction, Plaintiff's Title III claims, are moot. However, these claims, and Plaintiff's state and local law claims, remain active as to Flemington.

Additionally, Plaintiff's claims against Flemington encompass the facts underlying his claims against Frankie Shop. As Plaintiff alleged in his First Amended Complaint, Frankie Shop, together with Flemington, participated in the acts and omissions that gave rise to Plaintiff's claims against both Frankie Shop and Flemington Estates. First Am. Compl. at 7, 10, ¶¶ 20, 46–47, Dkt. No. 21.

If this Court declines to exercise supplemental jurisdiction over Plaintiff's state and local law claims against Frankie Shop, Plaintiff will be forced to litigate claims concerning these facts in two separate forums. Retaining supplemental jurisdiction as to Plaintiff's state and local law claims against Frankie Shop will prevent duplicative litigation and preserve judicial resources. Judicial economy, convenience, fairness, and comity therefore favor this Court exercising supplemental jurisdiction as to Plaintiff's claims against Frankie Shop.

Additional considerations also favor this Court's exercise of supplemental jurisdiction as to Plaintiff's claims against Frankie Shop. On September 23, 2026, Plaintiff's architectural accessibility expert conducted an inspection of the retail space previously occupied by Frankie Shop, with a focus on the permanent ramp now installed at the public entrance to the space. Plaintiff awaits his expert's findings as to whether the space is now accessible as required. (As noted in the parties' October 5, 2026 letter, Plaintiff expects to receive his expert's written

findings by October 23, 2026, and will then serve the report upon Flemington and Frankie Shop. Dkt. No. 61. Consent Letter Mot. 1, Dkt. No. 61.)

Given the permanent ramp installed at the entrance to the retail space, and the accessibility remediation previously performed by Defendants, this case can likely be resolved against both Frankie Shop and Flemington. Plaintiff therefore respectfully asks the Court to refer the parties to this District's mediation program along with his request that the Court exercise supplemental jurisdiction. The exercise of supplemental jurisdiction together with a mediation referral would benefit all parties: Plaintiff, Flemington, and Frankie Shop. If the issues in this action can be resolved, continued litigation, whether in this Court or in New York Supreme Court, will be avoided. Therefore, judicial economy, convenience, and fairness favor this Court's continued exercise of supplemental jurisdiction as to Plaintiff's claims against Frankie Shop.

For the reasons set forth above, Plaintiff respectfully asks this Court to exercise supplemental jurisdiction over Plaintiff's state and local law claims against Frankie Shop.

Plaintiff thanks the Court for its time and attention to this matter.

Respectfully,

/s/Adam S. Hanski
Adam S. Hanski