October 9, 2026

**VIA ECF**

Honorable Margaret M. Garnett
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**Re: *King Range, Jr. v. Flemington Estates LLC and Frankie Shop, LLC***
**Case No. 1:25-cv-02633-MMG**
**Reply in Further Support of Frankie Shop, LLC's Letter Motion (Dkt. No. 59)**

Dear Judge Garnett:

We represent Defendant Frankie Shop, LLC ("Frankie Shop") and respectfully submit this letter in reply to Plaintiff's October 7, 2026 letter (Dkt. No. 63) ("Pl. Ltr.") and in response to the letter of Defendant Flemington Estates LLC ("Flemington"), which was emailed to Chambers on October 6, 2026 ("Flemington Ltr.").

## I. Plaintiff and Co-Defendant Concede That the Title III Claim Against Frankie Shop Is Moot

Plaintiff "does not dispute that Frankie Shop's permanent closure of its retail store at 100 Stanton moots his Title III claims against Frankie Shop." Pl. Ltr. at 2. Flemington agrees: Frankie Shop "has vacated the premises, its lease terminated on September 30, 2026," and there is not "anything left to enjoin." Flemington Ltr. at 1–2. Because all parties agree that the Title III claim against Frankie Shop is moot, Frankie Shop respectfully requests that the Court dismiss the First Cause of Action against it for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## II. Plaintiff Provides No Basis to Retain the State and City Claims Against Frankie Shop

Plaintiff offers no authority for retaining supplemental jurisdiction over his state and city claims against Frankie Shop. To the contrary, the only case he cites, *Cox*, forecloses his position. *See* Pl. Ltr. at 2.

In *Cox*, this Court dismissed as moot a Title III claim against a retail tenant that had permanently closed and vacated the premises, and it declined to exercise supplemental jurisdiction over the state and local claims against that tenant. *Cox v. Green Room WV, LLC*, 2024 U.S. Dist. LEXIS 223460, at *9–11 (S.D.N.Y. Dec. 10, 2024, No. 23-CV-01259 [MMG]) (Garnett, J.). As this Court explained, "[u]pon dismissal of the only federal claim against the Tenant Defendants, the Court should decline to exercise supplemental jurisdiction over the state and local law claims against the Tenant Defendants as well." *Id*. at *10 (quoting *Antolini v. Kanter*, 2020 U.S. Dist. LEXIS 182734, at *12 (S.D.N.Y. Sept. 28, 2020, No. 19-CV-10567 [PGG] [RWL]), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 128950 (S.D.N.Y. July 25, 2023)). The Court reached that result

even though the Title III claim against the property owner survived and the owner's indemnification crossclaim against the tenant remained pending. *Id*. at *11–13. Similarly, in *Antolini*, the court declined supplemental jurisdiction over the state and city claims against the tenant even though the claims against the landlord, and the crossclaims between landlord and tenant, remained pending. *Antolini*, 2020 U.S. Dist. LEXIS 182734, at *4, *12–13. Plaintiff acknowledges these facts, Pl. Ltr. at 2, yet offers no reason why this case should come out differently. His assertion that the claims against both defendants share common facts, *id*. at 2, does not distinguish *Cox* or *Antolini*, where the landlord and tenant likewise faced claims arising from the same storefront. If anything, this case is more straightforward, because Flemington has offered to dismiss its crossclaim against Frankie Shop without prejudice. Flemington Ltr. at 2–3.

Accordingly, Frankie Shop respectfully requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's state and city claims against it.

**III. Judicial Economy, Convenience, Fairness, and Comity Favor Declining Jurisdiction**

Plaintiff argues that judicial economy, convenience, fairness, and comity favor retaining supplemental jurisdiction over his state and local law claims against Frankie Shop because doing so would avoid duplicative litigation and conserve judicial resources. Pl. Ltr. at 2. The governing rule points the other way. Where, as here, "all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Antolini*, 2020 U.S. Dist. LEXIS 182734, at *11–12 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). *Antolini* struck that balance in favor of dismissal of the state and city claims even though the federal claims against the landlord, and the crossclaims between the landlord and the tenant, remained pending in federal court. *Id*. at *4, *12–13. The same result follows here: no federal claim remains against Frankie Shop, and Flemington's continued presence in this Court does not tip the balance toward retaining the state and city claims against it.

Nor does the stage of this litigation tip the balance of judicial economy, convenience, fairness, and comity in Plaintiff's favor. Courts in this Circuit find that those factors favor declining supplemental jurisdiction even in far more advanced cases. *See Compo v. River Real Estate Dev., LLC*, 2020 U.S. Dist. LEXIS 195964, at *22–25 (N.D.N.Y. Oct. 22, 2020, No. 8:18-cv-614 (BKS/DJS)) (after Title III claim was mooted, declining supplemental jurisdiction over NYSHRL and negligence claims despite more than two years of litigation and completed discovery, because the case was not "on the eve of trial" and the federal record could be used in state court). This case is at a far earlier stage: discovery has been stayed, and no depositions have been taken, so no meaningful judicial economy would be lost by dismissal. Comity points the same way, as the remaining claims against Frankie Shop arise solely under the NYSHRL, NYCHRL, and Civil Rights Law and present questions "best left to the courts of the State of New York." *Id*. at *25 (citation omitted). Convenience and fairness likewise favor dismissal, as Flemington has offered to dismiss its crossclaim against Frankie Shop without prejudice, leaving no claim between the defendants that would require Frankie Shop to remain in this Court. Flemington Ltr. at 2–3.

Plaintiff's September 23, 2026 expert inspection does not alter the balance either. That inspection examined the permanent ramp that Flemington installed after Frankie Shop vacated the premises.

Flemington Ltr. at 1. Whatever the expert concludes, the inspection concerns Flemington's premises, not any conduct of Frankie Shop, and so does nothing to advance judicial economy, convenience, or fairness as to the state and city damages claims against a former tenant against whom no injunctive relief is available.

**IV. Frankie Shop Opposes Mediation Referral**

Because Plaintiff cannot obtain Title III relief against Frankie Shop, the only claims left to "mediate" as to Frankie Shop are Plaintiff's state and local law claims under the NYSHRL, NYCHRL, and Civil Rights Law. Those claims do not justify keeping Frankie Shop before this Court, much less referring it to this Court's mediation program. Frankie Shop therefore declines referral to the mediation program.

**V. Conclusion**

For these reasons, and those set forth in its letter motion, Frankie Shop respectfully requests that the Court (1) dismiss the First Cause of Action against Frankie Shop without prejudice for lack of subject-matter jurisdiction; (2) decline to exercise supplemental jurisdiction over the Second, Third, and Fourth Causes of Action against Frankie Shop and dismiss them without prejudice; and (3) deny Plaintiff's request for a mediation referral as to Frankie Shop. We thank the Court for its attention to this matter.

Respectfully submitted,

**DENTONS US LLP**

By:

*<u>/s/ Amy Largacha Cedeno</u>*
Amy Largacha Cedeno, Esq.
1221 Avenue of the Americas
New York, New York 10020-1089
Telephone: (212) 398-4863
Email: amy.largachacedeno@dentons.com

*Attorneys for Defendant*
*Frankie Shop, LLC*

**Enclosures**

**cc:** Adam S. Hanski, Esq. (w/encl.) (Via ECF)
Hanski Partners LLC

Avram Eliezer Frisch, Esq. (w/encl.) (Via ECF)
The Law Office of Avram E. Frisch