THE LAW OFFICE OF
AVRAM E. FRISCH LLC

**New Jersey Office**
1 University Plaza
Suite 119
Hackensack, NJ 07601

**New York Office**
150 Broadway
Suite 900
New York, NY 10038

**Avram E. Frisch Esq. – Admitted in NY and NJ. Mail to NJ address.**

October 6, 2026

Hon. Margaret M Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007

**Via Email to Chambers and ECF**

Re: King Range v. Flemington Estates et al. 1:25-cv-02633-MMG

Dear Judge Garnett:

This firm represents Defendant Flemington Estates LLC ("Flemington"), the owner of 100 Stanton Street. Pursuant to the Court's October 2, 2026 Order (Dkt. No. 60), Flemington submits this letter in response to Frankie Shop, LLC's September 21, 2026 letter (Dkt. No. 59) and to Plaintiff's response, which Plaintiff's counsel transmitted to Chambers by email this evening because the ECF system was unavailable. For the same reason, Flemington is submitting this letter by email and will file it on ECF once the system is restored.

Flemington supports Frankie Shop's request. But Plaintiff's letter rests on a premise that is no longer true. Plaintiff argues that the Court should retain the state and city claims against Frankie Shop because his Title III claim "remain[s] active as to Flemington." Pl. Ltr. at 2. It does not. The permanent ramp now installed at the entrance has mooted Plaintiff's Title III claim in its entirety, as to both defendants, and with it the only basis for federal jurisdiction in this action.

**The Permanent Ramp Moots the Title III Claim**

Every barrier alleged in the First Amended Complaint concerns the public entrance: the approximately five-inch step at the door, the lack of level maneuvering clearance at the door, and the absence of signage directing patrons to an accessible entrance. First Am. Compl. ¶¶ 5–9, 56–58, Dkt. No. 21. Plaintiff has represented that his expert's inspection of the interior was not intended to identify interior barriers. Flemington has now eliminated the step. A permanent, poured-concrete landing and ramp with railings was constructed at the entrance under a New York City Department of Buildings permit (Job No. M01443706), and the Department issued a Letter of Completion for that work on September 17, 2026. Plaintiff's expert inspected the ramp on September 23, 2026, and Plaintiff acknowledges "the permanent ramp now installed at the public entrance to the space." Pl. Ltr. at 2.

A private plaintiff may obtain only injunctive relief under Title III. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). A Title III claim therefore becomes

201.289.5352 · 866.883.9690 · frischa@avifrischlaw.com · www.avifrischlaw.com

moot when the defendant remedies the alleged barrier while the case is pending, so long as "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451–53 (E.D.N.Y. 2015) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)) (dismissing Title III claim as moot after defendant physically remedied the barrier). Courts in this District distinguish between a promise to build a ramp, which does not moot a claim, and a completed physical modification, which does. *Compare Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 202 (S.D.N.Y. 2016) (entrance claim not moot where ramp was only planned, with "no timeline for the completion of this project"), *with id.* at 203 (claim moot as to a physically modified sales counter because the change "likely required some expense" and "there would be no apparent benefit to returning it to its prior state").

This case falls on the moot side of that line. The ramp has been designed, permitted, poured, and signed off by the Department of Buildings. It is not a policy that can be reversed the next day. There is no reasonable expectation that Flemington will demolish a ramp it paid to design, permit, and build in order to restore a step. And any suggestion that the barrier might somehow return is "purely speculative and conjectural." *Bacon*, 91 F. Supp. 3d at 452.

Nor is there anything left to enjoin. Frankie Shop has vacated the premises, its lease terminated on September 30, 2026, and the space is vacant. There is no prospective tenant. No public accommodation is operating at the premises, and whoever eventually occupies the space will enter through the ramp that is already there. Plaintiff's claim for attorneys' fees cannot keep the controversy alive. *Id.* at 453–54.

Flemington has requested a copy of Plaintiff's expert report, which the Court has directed Plaintiff to serve by November 3, 2026 (Dkt. No. 62), so that all parties can confirm that the ramp is proper. If the report identifies any item that genuinely requires adjustment, Flemington will address it promptly. What the report cannot do is revive a claim for injunctive relief against a barrier that no longer exists. Plaintiff's counsel all but concedes the point when he tells the Court that, given the ramp, "this case can likely be resolved." Pl. Ltr. at 3.

**<u>The Court Should Decline Supplemental Jurisdiction</u>**

Plaintiff's only argument for retaining the state and city claims against Frankie Shop is that the Title III claim against Flemington keeps this action in federal court. Pl. Ltr. at 2. Once that claim is dismissed as moot, every federal claim will have been eliminated before trial, and this will be "the usual case" in which "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This case is at an early stage. Discovery has been stayed except as to Plaintiff's expert report (Dkt. No. 56), and no depositions have been taken. Plaintiff's concern about litigating in "two separate forums" disappears if all of his remaining state and city claims, which seek only damages and civil penalties, proceed in state court. Flemington remains willing to have its crossclaim against Frankie Shop (Dkt. No. 44) dismissed without prejudice so that it, too, can be pursued in state court if necessary.

Flemington therefore respectfully requests that the Court grant Frankie Shop's request and permit Flemington, promptly after Plaintiff serves his expert report, to move under Rule 12(b)(1) to dismiss the Title III claim against it as moot and to ask the Court to decline supplemental jurisdiction over the remaining claims.

**Flemington Objects to a Mediation Referral**

Flemington objects to Plaintiff's request for a referral to the District's mediation program. Mediation would be a waste of the parties' and the Court's resources. The only relief Title III makes available, removal of the entrance barrier, has already been accomplished, and the space is vacant. What remains for Plaintiff to "mediate" is his claim for attorneys' fees and his state-law damages claims. Those claims provide no basis for federal jurisdiction, and they are no reason to keep the parties in this Court or to add the expense of a mediation. Plaintiff's expert report is due November 3, and the conference is scheduled for November 6. If the report raises any genuine issue with the ramp, counsel can address it directly and report to the Court at the conference.

We thank the Court for its attention to this matter.

Very truly yours,

Avram E. Frisch

cc: Adam S. Hanski, Esq., Counsel for Plaintiff (via email and ECF)
Amy Largacha Cedeno, Esq., Counsel for Defendant Frankie Shop, LLC (via email and ECF)