THE LAW OFFICE OF
AVRAM E. FRISCH LLC

New Jersey Office
1 University Plaza
Suite 119
Hackensack, NJ 07601

New York Office
150 Broadway
Suite 900
New York, NY 10038

Avram E. Frisch Esq. – Admitted in NY and NJ. Mail to NJ address.

November 4, 2026

Hon. Margaret M Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, New York, NY 10007

**Via ECF**

Re: King Range v. Flemington Estates et al. 1:25-cv-02633-MMG

Dear Judge Garnett:

This firm represents Defendant Flemington Estates LLC ("Flemington"), the owner of 100 Stanton Street. I write to update the Court on the entrance ramp at the premises and to renew Flemington's request for leave to move under Rule 12(b)(1) to dismiss Plaintiff's Title III claim as moot and to ask the Court to decline supplemental jurisdiction over the remaining state and city claims. See Dkt. No. 65 at 3.

**The Deficiencies Identified by Plaintiff's Expert Have Been Corrected**

As Flemington previously advised the Court, a permanent, poured-concrete landing and ramp with railings was constructed at the public entrance under a New York City Department of Buildings permit (Job No. M01443706), and the Department issued a Letter of Completion for that work on September 17, 2026. Dkt. No. 65 at 1. On October 27, 2026, Plaintiff served the report of his accessibility expert, KMA, LLC, which is based on an inspection conducted on September 23, 2026. Because the premises were vacant, KMA's audit was limited to the exterior route and the public entrance. Every item KMA identified concerns the new ramp and the entry door: the slope of the bottom landing, the running and cross slopes of the ramp, the depth of the top landing, the handrails, the height of the edge protection, and the height of the door threshold. KMA did not identify any barrier other than those at the entrance.

Flemington did exactly what it told the Court it would do. It had its contractor correct each of the items in KMA's report. On November 2, 2026, Flemington's accessibility consultant, Steven Winter Associates, Inc. ("SWA"), inspected the corrected ramp, and SWA has confirmed in writing that the ramp is in full compliance with Sections 405.2 through 405.7 of the 2010 ADA Standards for Accessible Design, which govern running slope, cross slope, surface, clear width, rise, and landings. Plaintiff is welcome to reinspect the ramp at his convenience. Even if Plaintiff were to believe there was a deficiency, it would be another minor one that will be promptly corrected.

**The Title III Claim Is Moot**

A private plaintiff may obtain only injunctive relief under Title III. *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). A Title III claim therefore becomes moot when "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451–53 (E.D.N.Y. 2015) (quoting *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010)). A completed physical modification that "likely required some expense," and that there would be "no apparent benefit to returning . . . to its prior state," satisfies that standard. *De la Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 203 (S.D.N.Y. 2016).

Both conditions are met. The only barrier alleged in the First Amended Complaint was the step at the entrance, and the absence of a ramp was the only correctable deficiency at the premises. First Am. Compl. ¶¶ 5–9, 56–58, Dkt. No. 21. That step is gone, replaced by a permanent, permitted concrete ramp, and the items Plaintiff's own expert raised about the ramp have now been corrected as well. There is no reasonable expectation that Flemington will tear out a ramp it has designed, permitted, built, and then rebuilt to Plaintiff's expert's specifications, in order to restore a step.

Nor is there anything left for the Court to enjoin. Frankie Shop vacated the premises and its lease terminated on September 30, 2026. Dkt. No. 59. The space remains vacant. Flemington has not located a replacement tenant, and no prospective tenant is in negotiation or even in the offing. No public accommodation operates at the premises, and any future occupant will be served by the ramp that is already there. Plaintiff's claim for attorneys' fees cannot keep the Title III claim alive. *Bacon*, 91 F. Supp. 3d at 453–54. Once that claim is dismissed, no federal claim will remain, and this will be "the usual case" in which the remaining state and city claims should be left to the state courts. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

**Flemington's Request**

Flemington therefore respectfully requests that the Court (1) grant Flemington leave to move under Rule 12(b)(1) to dismiss the Title III claim as moot and to ask the Court to decline supplemental jurisdiction over the remaining claims; (2) set a briefing schedule under which Flemington's motion is due; and (3) stay the remaining fact discovery, including the November 6, 2026 deadline, while the motion is pending. A stay will spare the parties the expense of discovery on a claim for injunctive relief that no longer presents a live controversy.

We thank the Court for its attention to this matter.

Very truly yours,

Avram E. Frisch

Avram E. Frisch

cc: Adam S. Hanski, Esq., Counsel for Plaintiff (via email and ECF)
Amy Largacha Cedeno, Esq., Counsel for Defendant Frankie Shop, LLC (via email and ECF)